Robert J. Shapiro, Esq.
Jonathan S. Shapiro, Esq.
The Shapiro Firm, LLP
500 Fifth Avenue, 14th Floor
New York, NY  10110
212-391-6464

Joseph H. Meltzer, Esq.
Gerald D. Wells, III, Esq.
Robert J. Gray, Esq.
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
610-667-7706

*Counsel for Plaintiff*



## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELISSA ENG-HATCHER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT NEXTEL CORPORATION; SPRINT/UNITED MANAGEMENT COMPANY; and DOES 1 through 10, inclusive,<br><br>Defendantss. | CASE NO. 07-CV-7350 (BSJ)<br><br>**AMENDED CLASS / COLLECTIVE ACTION COMPLAINT**<br><br>JURY TRIAL REQUESTED |

Melissa Eng-Hatcher ("Plaintiff"), on behalf of herself and all others similarly situated, alleges as follows:

### INTRODUCTION

1.      Plaintiff brings this action on behalf of herself, and all other employees similarly situated ("Sales Representatives"), to recover unpaid wages and overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the

"Act") and pursuant to New York Labor Law and New York State Labor Department's Codes, Rules and Regulations ("NYCRR") (collectively the "NY Labor Laws").

       2.     This is a nationwide collective action on behalf of all current and former "Sales Representatives," defined as: individuals who sold and/or marketed wireless telephone services, wireless telephones, telephone accessories and other telecommunication products (collectively "Wireless Products"), sold by Defendants (defined herein), including but not limited to employees with any one of the following job titles: (i) Assistant Manager, (ii) Sales Representative, (iii) Retail Consultant, (iv) Retail Sales Consultant, (v) Customer Service Representative, (vi) Account Executive and/or (vii) Sales Support, who are, or were, employed by Sprint Nextel Corporation ("Sprint Nextel"), Sprint/United Management Company ("Sprint/United") (together, "Sprint"), or any other parent, subsidiary, related, predecessor or successor companies (collectively, the "Company"), to recover unpaid wages and overtime compensation pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA" or the "Act").

       3.     Further, Plaintiff brings this action as a state-wide class action on behalf of all current and former Sales Representatives within the State of New York to recover all unpaid wages and overtime compensation pursuant to the NY Labor Laws.

       4.     Plaintiff is unaware of the names and capacities of those Defendants sued as DOES 1 through 10, but will seek leave to amend this complaint once their identities become known to Plaintiff. Upon information and belief, Plaintiff alleges that at all relevant times each Defendants, including the DOE Defendants 1 through 10, was the officer, director, employee, agent, representative, alter ego, or co-conspirator of each of the other Defendants, and in engaging in the conduct alleged herein was in the course and scope of and in furtherance of such

relationship. Unless otherwise specified, Plaintiff will refer to all Defendants, including the Company, collectively as "Defendants" and each allegation pertains to each Defendants.

**SUMMARY OF CLAIMS**

5.     Plaintiff brings this suit on behalf of a Class of similarly situated persons composed of:

> a.     All current and former Sales Representatives of Defendants, excluding those residing in the State of California, who elect to opt-in to this action pursuant to FLSA, 29 U.S.C. § 216(b) ("Nationwide Collective Class"); and

> b.     All current and former Sales Representatives of Defendants in the State of New York at any time within six years prior to the filing of this action, up to and including the time this case is certified as a class action, and were engaged in the business of selling Wireless Products ("NY Class").

6.     The Nationwide Collective Class and the NY Class are hereafter collectively referred to as the "Classes."

7.     Plaintiff alleges on behalf of herself and the members of the Nationwide Collective Class that they are: (i) entitled to unpaid wages from Defendants for hours worked in which they did not receive mandated minimum wages, as required by law; (ii) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law; and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

8.     Plaintiff further alleges on behalf of the NY Class that Defendants violated the NY Labor Laws by, *inter alia*: (i) failing to provide the mandated minimum wage for all hours worked; (ii) failing to pay them overtime at the rate of one and one-half times the employee's

3

regular rate for all hours worked in excess of forty (40) hours in any given workweek; and (iii) impermissibly deducting monies from their compensation.

9.    As a result of Defendants' violation of the FLSA and NY Labor Laws, Plaintiff and members of the Classes were illegally under-compensated for their work.

## FACTUAL ALLEGATIONS

10.    Plaintiff and the other similarly situated members of the Classes are/were employees of Defendants, engaged in the sale of Wireless Products, who were not paid for all the hours they worked, including the payment of premium overtime pay as required by law for hours worked above and beyond forty (40) for a work week.

11.    The crux of federal and New York state employment and labor laws is one simple proposition – employees are entitled to be paid for all hours worked.

12.    Indeed, unless proven to be exempt from the protection of overtime laws, all employees are entitled to premium overtime pay for work in excess of 40 hours per week.

13.    The duties of Sales Representatives are set forth in uniform, company-wide policies and procedures promulgated by Defendants.

14.    Pursuant to the Defendants' uniform employment policies, Sales Representatives were required to record their hours worked through a computer system at their retail location. Sales Representatives log into the system each time they begin a workday, begin and return from a rest or lunch break, and when they end their day.    The data entered by the Sales Representatives is processed by Defendants to calculate the pay of the Sales Representatives.

15.    Upon information and belief and pursuant to Defendants' employment policies, managers of the retail locations have access to the data entered by the Sales Representatives, and

can manipulate the recorded hours entered by the Sales Representatives before the data is processed by Defendants and the pay of the Sales Representatives is calculated.

16.     Upon information and belief, Sales Representatives, including Plaintiff and the members of the Classes, were required to perform work for the benefit of Defendants while they were "Off the Clock."  This practice entailed members of the Class performing work either before their official time-keeping record began, or after their official time-keeping period ended ("Off the Clock").  Sales Representatives are/were not credited for the time spent performing services Off the Clock.

17.     Further, Plaintiff and the members of the Classes were encouraged by Defendants to regularly promote Defendants' Wireless Products and solicit new accounts outside Defendants' retail stores.  Upon information and belief, Sales Representatives were not properly credited and compensated with their hourly rate for all the hours worked promoting and soliciting Defendants' Wireless Products.

18.     The direct result of Defendants' employment policies and procedures is that the members of the Classes were not compensated for all the hours they worked.

19.     Additionally, as a result of Defendants' Off the Clock practice, Plaintiff and members of the Classes were not credited for all their actual hours worked.  The effect of this is that the actual hours worked by Plaintiff and members of the Classes were above forty during some workweeks, thereby making them eligible for premium overtime compensation.  However, due to Defendants' Off the Clock practice, the recorded hours of Plaintiff and members of the Classes did not reflect these overtime hours.

20.     Moreover, Plaintiff and the members of the Classes were not provided with all mandatory meal breaks uninterrupted as required by the NY Labor Laws.  Due to the nature of

their responsibilities Sales Representatives are/were often limited to taking their lunch break within their retail location, and were interrupted by customer responsibilities.

21.     Further, upon information and belief, if Plaintiff and the members of the Classes were unable to take their full meal break uninterrupted, Defendants still automatically deducted time for the lunch break from the time records of the Sales Representative for that day.

22.     Although the FLSA and NY Labor Laws provide for certain exemptions to the mandates of paying overtime compensation, no exemption applies in the instant matter.

23.     First and foremost, Plaintiff and members of the Classes are not administratively exempt because, among other things, their primary duty is the sale of Wireless Products. Individuals whose principal duty is sales do not fall within the ambient of the administrative exemption.

24.     Plaintiff and the Classes do not qualify for the professional exemption under the FLSA and NY Labor Laws because Sales Representatives are not employed in a *bona fide* professional capacity, requiring an advanced degree in a field of science or learning.

25.     Further, Sales Representatives also do not qualify for the executive exemption, in that they are not responsible for managing the affairs of the Company.

26.     Moreover, as Sales Representatives are primarily paid on an hourly basis, the commissioned sales exemption does not apply.

27.     Finally, because they worked in Defendants' retail locations and were not customarily and regularly engaged away from Defendants' place of business, Sales Representatives do not qualify for any outside sales exemption.

28.     As such, Sales Representatives, including Plaintiff and members of the Classes are not exempt from the requirement of premium overtime pay.

29.    In violation of the FLSA and New York Labor Laws, Plaintiff and the members of the Classes are/were not paid for all the hours worked in a given workweek, and are/were not paid overtime compensation at a rate not less than one and one-half times their regular rate of pay for each hour worked beyond 40 hours in a work week.

30.    Plaintiff alleges on behalf of the members of the Classes that Defendants' failure to pay wages for all hours worked and premium overtime compensation for all hours worked in excess of forty per work week was knowing and willful.  Accordingly, Plaintiff and the members of the Classes are entitled to recover all wages due for hours worked, including overtime, for which the appropriate compensation was not paid.

31.    Evidence reflecting the precise number of overtime hours worked by Plaintiff and every other member of the Classes, as well as the applicable compensation rates, is in the possession of Defendants.  If these records are unavailable, members of the Classes may establish the hours they worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

32.    In further violation of the NY Labor Laws, Plaintiff and members of the NY Class were subject to chargebacks to their wages if a customer to whom they sold a Wireless Product subsequently cancelled their phone plan or returned a Wireless Product, even though the cancellation was through no fault of the Sales Representative.

33.    Each of the foregoing acts is in contravention of applicable employment laws.

## JURISDICTION AND VENUE

34.    This Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331.

35.     This Court has original jurisdiction over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).   This is a putative class action whereby: (i) the proposed Rule 23 class consists of over 100 or more members; (ii) at least some of the members of the proposed class, including Plaintiff, have a different citizenship from Defendants; and (iii) the claims of the proposed Rule 23 class exceed $5,000,000.00 in the aggregate.

36.     Further, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

37.     In addition, this Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

38.     Venue is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and the Defendants are subject to personal jurisdiction in this district.

## PARTIES

39.     Melissa-Eng Hatcher ("Plaintiff") is a resident of New York employed by Defendants as a Sales Representative in this district during the statutory period covered by this Complaint, who Defendants failed to compensate for all hours worked, including hours above and beyond forty hours during a work week.

40.     For purposes of the Nationwide Collective Class, Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b)[1].

41.     Defendant Sprint is a corporation organized and existing under the laws of the State of Kansas which is registered to do business in the State of New York.  Sprint Nextel was

---

[1] *See*, Docket Entry No. 1, filed on August 17, 2007, and attached to the original Complaint.

formed in 2005 resulting from a merger transaction between Sprint Corporation, Inc. and Nextel Communications, Inc. Upon information and belief, Defendant Sprint/United is a subsidiary of Sprint Nextel.

42. Defendants do business as a national provider of wireless telephone services and products with stores located nationwide. At all relevant times during the statutory period covered by this Complaint, Defendants have maintained stores within the State of New York and this district. Defendants employ, upon information and belief, hundreds of Sales Representatives in New York at any one time during the relevant class period, and Plaintiff believes the Nationwide Collective Class is far larger.

## COLLECTIVE / CLASS ACTION ALLEGATIONS

43. Plaintiff brings this action on behalf of the Nationwide Collective Class as a collective action pursuant to the Fair Labor Standards Act, § 216(b) and on behalf of the NY Class as a state class action, for claims under the NY Labor Laws pursuant to the Federal Rules of Civil Procedure 23.

44. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b). The claims under the NY Labor Laws may be pursued by all similarly-situated persons who choose not to opt-out of the NY Class, pursuant to the Federal Rules of Civil Procedure 23.

### Allegations Applicable To All Classes

45. The members of each of the foregoing defined classes are so numerous that joinder of all members is impracticable. While the exact number of the members of the Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are, at minimum, hundreds of individuals in each class.

46. Plaintiff will fairly and adequately protect the interests of the Classes and has retained counsel that is experienced and competent in class action and employment litigation. Plaintiff has no interests that are contrary to, or in conflict with, the members of the Classes.

47. A class action/collective action suit, such as the instant one, is superior to other available means for the fair and efficient adjudication of this lawsuit. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for the members of the Classes to individually seek redress for the wrongs done to them.

48. A class/collective action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, the members of the Classes likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of FLSA § 207, and NY Labor Laws.

49. Furthermore, even if every member of the Classes could afford individual litigation against the Company, it would be unduly burdensome to the judicial system. Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual members of the Classes and provide for judicial consistency.

50. There is a well-defined community of interest in the questions of law and fact affecting the Classes as a whole. The questions of law and fact common to the Classes predominate over any questions affecting solely individual members of the action. Among the common questions of law and fact are:

      a. Whether the Defendants employed the members of the Classes within the meaning of the applicable statutes, including the FLSA and NY Labor Laws;

b.      Whether Defendants failed to pay Plaintiff and members of the Classes all compensation due to them, including premium overtime compensation for each hour worked in excess of forty for a work week;

c.      Whether Plaintiff and members of the Classes were expected to and/or mandated to regularly work hours Off the Clock;

d.      Whether Plaintiff and the members of the Classes were credited for all actual hours worked;

e.      Whether Defendants failed to pay Plaintiff and members of the Classes for all hours worked;

f.      Whether Defendants violated any other statutory provisions regarding compensation due to Plaintiff and members of the Classes; and

g.      Whether Plaintiff and the members of the Classes have sustained damages and, if so, what is the proper measure of damages.

51.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

**Allegations Specific To the Collective Action Class**

52.    Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute the FLSA claims as a collective action on behalf of:

> All persons, excluding those residing in the State of California, who: (i) are/were employed as Sales Representatives with the Company; (ii) who are/were not paid for all the hours worked in a given workweek; (iii) are/were not paid overtime compensation at a rate not less than one and one-half times their regular rate for each hour worked beyond forty (40) hours during a work week; and (iv) who chose to opt-in to this action (the "National Collective Class").

53.    Notice of the pendency and any resolution of this action can be provided to National Collective Class by mail, print, and/or internet publication.

**Allegations Specific to the Class Action Class**

54.    Plaintiff brings this action as a class action pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure on behalf of herself and the following persons similarly situated (the "NY Class"):

> All persons within the State of New York who: (i) are/were employed as Sales Representatives with the Company; (ii) are/were not paid for all the hours worked in a given workweek; and (iii) are/were not paid premium overtime compensation at a rate not less than one and one-half times their regular rate for all hours worked beyond the forty (40) hour work week (the "Class Action Members").

55.    In addition to the common issues of fact described below, members of the NY Class have numerous common issues of fact, including whether Defendants: (i) failed to compensate adequately the members of the NY Class for overtime hours worked as required by New York Labor Law Article 19 §§ 650 *et seq.* and N. Y.C.R.R. § 142 -2.2; (ii) failed to compensate adequately the members of the NY Class for all hours worked as required by Article 19 §652; (iii) improperly deducted amounts from their wages in violation of Article 6 § 193; and (iv) damaged members of the NY Class, and if so, the extent of the damages.

## COUNT ONE

56.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

57.    At all relevant times, Defendants have been and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

58.    At all relevant times, Defendants employed, and/or continue to employ, Plaintiff and each member of the Nationwide Collective Class within the meaning of the FLSA.

59.    As stated above, Defendants have a policy and practice of refusing to pay overtime compensation to Plaintiff and the Nationwide Collective Class in an amount equal to one and one half times their regular rate of pay for each hour worked in excess of forty hours per week.

60.    Defendants' failure to pay Plaintiff and all other members of the Nationwide Collective Class for all hours worked in a given workweek, and failure to pay overtime compensation at a rate not less than one and one-half times the rate at which they are employed for work performed beyond the 40 hour workweek, is a violation of the Fair Labor Standards Act of 1938, in particular 29 U.S.C. §§ 206, 207.

61.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

62.    Due to the Defendants' FLSA violations, Plaintiff, on behalf of the members of the Nationwide Collective Class, is entitled to recover from Defendants, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

63.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

64.    As stated above, Plaintiff and members of the Classes were required to perform work on behalf of Defendants while Off the Clock.

65.    Consequently, Plaintiff and members of the Nationwide Collective Class did not receive compensation for the amount of time they spent working Off the Clock at a rate at least equal to the federal minimum wage.

66.    Pursuant to Section 16(c) of the Act, Plaintiff and the members of the Nationwide Collective Class are entitled to liquidated damages equal in amount to the unpaid compensation for the hours worked in which they did not receive compensation equal to the federal minimum wage in an amount to be proven at trial, together with interest, costs, and reasonable attorneys' fees.

## COUNT THREE

67.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

68.    New York Labor Law Article 19 § 652 states that an employer shall pay to each employee a minimum wage for each hour worked, unless the employee falls under an enumerated exemption.

69.    As stated above, Plaintiff and members of the Classes were required to perform work on behalf of Defendants while Off the Clock.

70.    Plaintiff and the members of the NY Class were not compensated at a rate at least equal to the New York minimum wage for all hours worked.

71.    Pursuant to New York Labor Law, Plaintiff and members of the NY Class are entitled to recover their wages, plus interest, attorney's fees, and costs, in amounts to be proven at trial.

**COUNT FOUR**

72.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

73.    Pursuant to Defendants' employment policies Plaintiff and the members of the NY Class were not credited for all hours worked.

74.    Plaintiff and the members of the NY Class worked hours in excess of forty per week for which they did not receive premium compensation.

75.    12 N.Y.C.R.R. Section 142-2.2 and New York Labor Law Article 19 § 650 *et seq.* state that an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty per week unless the employee falls under one of the enumerated exemptions.

76.    Pursuant to New York Labor Law Article 19 § 663 , Plaintiff and members of the NY Class are entitled to recover their overtime wages, plus interest, attorney's fees, and costs, in amounts to be proven at trial.

**COUNT FIVE**

77.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

78.    New York Labor Law Article 6 § 193, as well as applicable case law, state that an employer may not deduct from or reduce an employee's wages for the purpose of shifting the employer's ordinary cost of doing business to that employee.

79.    Specifically, Section 193 states that, "No employer shall make any charge against wages...unless such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of this section."

80.    Defendants' Chargeback policy is not a permissible deduction pursuant to NY Labor Law.

81.    Defendants have subjected members of the NY Class to illegal deductions from wages, which deductions were not for the benefit of the NY Class, nor authorized by the NY Labor Laws.

82.    Plaintiff and the members of the Class are entitled to recovery of such amounts, plus interest, attorney's fees, and costs, in amounts to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

A.    A Declaration that Defendants have violated the FLSA and other applicable employment laws;

B.    An Order designating the Nationwide Collective Class as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

C.    An Order designating the NY Class as a New York state class action pursuant to the Federal Rule of Civil Procedure 23;

D.    An Order appointing Plaintiff and their counsel to represent the Classes;

E.    Imposition of a Constructive Trust on any amount by which Defendants was unjustly enriched at the expense of the Classes as the result of the actions described above;

F.     An Order enjoining Defendants from any further violations of the FLSA and NY Labor Laws;

G.     For compensatory and punitive damages and all other statutory remedies permitted;

H.     Prejudgment interest;

I.     An Order awarding attorneys' fees and costs;

J.     An Order for equitable restitution of all wages improperly withheld or deducted by Defendants;

K.     For all other relief as the Court deems just.

L.     No penalties, liquidated damages or punitive damages of any kind under New York law are sought in this action and are expressly waived.

### JURY DEMAND

Plaintiff hereby requests a jury trial on all issues so triable.

DATED: October 9, 2007

By: _____
     Robert J. Shapiro
     Jonathan S. Shapiro
     **THE SHAPIRO FIRM, LLP**
     500 Fifth Avenue, 14th Floor
     New York, NY 10110
     Telephone: (212) 391-6464

     **SCHIFFRIN BARROWAY TOPAZ &
     KESSLER, LLP**
     Joseph H. Meltzer
     Gerald D. Wells, III
     Robert J. Gray
     280 King of Prussia Road
     Radnor, PA  19087
     Telephone: (610) 667-7706
     Facsimile: (610) 667-7056

     *Counsel for Plaintiff*