PROSKAUER ROSE
Elise M. Bloom, Esq.
Gregory I. Rasin, Esq.
1585 Broadway
New York, New York  10036
Tel. (212) 969-3000
Fax (212) 969-2900

ROGERS & HARDIN LLP
Hunter R. Hughes, Esq.
J. Timothy Mc Donald, Esq.
Ashley R. Hurst, Esq.
2700 International Tower
Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA  30303
Tel.  (404) 522-4700
Fax.  (404) 525-2224

Attorneys for Defendants
Sprint Nextel Corporation
And Sprint/United Management
Company

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MELISSA ENG-HATCHER, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.  07-CIV-7350(BSJ) |
| v. | ) ) | **ECF Case** |
| SPRINT NEXTEL CORPORATION; and DOES 1 through 10, inclusive, | ) ) ) | **ANSWER OF DEFENDANTS SPRINT NEXTEL CORPORATION AND SPRINT/UNITED** |
| Defendants. | ) ) ) | **MANAGEMENT COMPANY TO THE AMENDED COMPLAINT** |

Defendants Sprint Nextel Corporation and Sprint/United Management Company, by and through their attorneys, hereby answer the Amended Complaint of Plaintiff Melissa Eng-Hatcher ("Plaintiff") in paragraphs numbered to correspond with the paragraphs of the Amended Complaint itself.

## AS TO THE
## INTRODUCTION

1.      Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 1 of the Amended Complaint, including any claim for relief or certification of a class or collective action, but admit that Plaintiff seeks to bring certain claims on her own behalf and on behalf of others.

2.      Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 2 of the Amended Complaint, including any claim for relief or certification of a class or collective action, but admit that Plaintiff seeks to bring certain claims on her own behalf and on behalf of others.

3.      Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 3 of the Amended Complaint, including any claim for relief or certification of a class or collective action, but admit that Plaintiff seeks to bring certain claims on her own behalf and on behalf of others.

4.      Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 4 of the Amended Complaint, including any claim for relief or certification of a class or collective action, but admit that Plaintiff seeks to bring certain claims on her own behalf and on behalf of others.    Additionally, Defendant Sprint Nextel

Corporation denies that it employed any of the potential class members or opt-ins, and further denies that it ever actively operated any of the retail stores Plaintiff refers to in Paragraph 3.

**AS TO THE
SUMMARY OF CLAIMS**

5.      Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 5 (a-b) inclusive of the Amended Complaint, including any claim for relief or certification of a class or collective action, but admit that Plaintiff seeks to bring certain claims on her own behalf and on behalf of others.

6.      Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 6 of the Amended Complaint, including any claim for relief on certification, but admit Plaintiff seeks to refer to the classes she describes herein as "Classes."

7.      Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 7 of the Amended Complaint, including any claim for relief or certification of a class or collective action.

8.      Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 8 of the Amended Complaint, including any claim for relief or certification of a class or collective action.

9.      Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 9 of the Amended Complaint.

**AS TO THE
FACTUAL ALLEGATIONS**

10.      Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 10 of the Amended Complaint.

11.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 11 of the Amended Complaint.

12.    Paragraph 12 states a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants Sprint Nextel Corporation and Sprint/United Management Company admit that various laws provide for the payment of overtime compensation when certain types of employees work more than 40 hours per week, but deny the remainder of the allegations in this paragraph.

13.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 13 of the Amended Complaint.

14.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 14 of the Amended Complaint.

15.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 15 of the Amended Complaint, but aver that certain authorized supervisors can correct erroneous data relating to the amount of hours worked.

16.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 16 of the Amended Complaint.

17.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 17 of the Amended Complaint.

18.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 18 of the Amended Complaint.

19.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 19 of the Amended Complaint.

20.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 20 of the Amended Complaint.

21.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 21 of the Amended Complaint.

22.    Paragraph 22 sets forth legal conclusions to which no answer is required. To the extent an answer is required, Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 22 of the Amended Complaint. The description of persons within the purported classes is sufficiently imprecise that it cannot ascertain if an exemption would apply to one or more members of the purported "Classes."

23.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 23 of the Amended Complaint. The description of persons within the purported classes is sufficiently imprecise that it cannot ascertain if the administrative exemption would apply to one or more members of the purported "Classes."

24.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 24 of the Amended Complaint. The description of persons within the purported classes is sufficiently imprecise that it cannot ascertain if the professional exemption would apply to one or more members of the purported "Classes."

25.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 25 of the Amended Complaint. The description of persons within the purported classes is sufficiently imprecise that it cannot ascertain if the executive exemption would apply to one or more members of the purported "Classes."

26.     Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 26 of the Amended Complaint.  The description of persons within the purported classes is sufficiently imprecise that it cannot ascertain if the commissioned sales exemption would apply to one or more members of the purported "Classes."

27.     Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 27 of the Amended Complaint.  The description of persons within the purported classes is sufficiently imprecise that it cannot ascertain if the outside sales exemption would apply to one or more members of the purported "Classes."

28.     Defendant Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 28 of the Amended Complaint.  The description of persons within the purported classes is sufficiently imprecise that it cannot ascertain if an exemption would apply to one or more members of the purported "Classes."

29.     Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 29 of the Amended Complaint.

30.     Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 30 of the Amended Complaint, including any claim for relief or certification of a class or collective action.

31.     Paragraph 31 states a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 31 of the Amended Complaint.

32.     Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 32 of the Amended Complaint.

33.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 33 of the Amended Complaint.

## AS TO
## JURISDICTION AND VENUE

34.    Defendants Sprint Nextel Corporation and Sprint/United Management Company admit the allegations set forth in Paragraph 34 of the Amended Complaint.

35.    Defendants Sprint Nextel Corporation and Sprint/United Management Company admit the allegations set forth in Paragraph 35 of the Amended Complaint.

36.    Defendants Sprint Nextel Corporation and Sprint/United Management Company admit the allegations set forth in Paragraph 36 of the Amended Complaint based on the facts as they are known to exist to Defendant Sprint Nextel Corporation at the time of the filing of this Answer.

37.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny that a declaratory judgment against it is appropriate in this case, but recognizes that federal law gives this Court power to issue a declaratory judgment in certain circumstances.

38.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 38 of the Amended Complaint, but admit that some of the employees Plaintiff attempted to describe in the purported "Classes" worked and/or work in this District.

## AS TO THE
## PARTIES

39.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 39 of the Amended Complaint, in part because they lack the information necessary to respond, but Sprint/United Management Company admits that

it had previously employed Plaintiff during some of the period of time covered by some of the allegations in the Amended Complaint.

40.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 40 of the Amended Complaint and footnote 1, including any claim for relief or certification of a class or a collective action, but admit that Plaintiff attached a signed consent form as Exhibit A to the original Complaint.

41.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 41 of the Amended Complaint, but aver that Sprint Nextel Corporation is a corporation organized and existing under the laws of the State of Kansas, and was formed in 2005 as a result of the merger of Sprint Corporation, Inc. and Nextel Communications, Inc. and that Sprint/United Management Company is a subsidiary of Sprint Nextel Corporation.

42.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 42 of the Amended Complaint, but aver that Sprint/United Management Company has employed hundreds of employees in New York at various times during the class period alleged in the Complaint and additional employees during the respective period referenced in the Complaint outside of New York and California.

## AS TO THE
## COLLECTIVE / CLASS ACTION ALLEGATIONS

43.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegation set forth in Paragraph 43 of the Amended Complaint, including any claim for relief or certification of a class or collective action, but admits that Plaintiff seeks to bring certain claims on her own behalf and on behalf of others.

44.     Paragraph 44 states a legal conclusion to which no answer is required, to the extent an answer is required, Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegation set forth in Paragraph 44 of the Amended Complaint., including any claim for relief or certification of a class or collective action, but admits that Plaintiff seeks to bring certain claims on her own behalf and on behalf of others.

**As To The Allegations Applicable To All Classes**

45.     Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations in Paragraph 45 of the Amended Complaint.

46.     Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations in Paragraph 46 of the Amended Complaint as they lack the information necessary to respond to this allegation.

47.     Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 47 of the Amended Complaint.

48.     Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 48 of the Amended Complaint.

49.     Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 49 of the Amended Complaint.

50.     Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 50 (a-g) of the Amended Complaint.

51.     Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 51 of the Amended Complaint as they lack the information necessary to respond to this allegation.

**As To The Allegations Specific To the Collective Action Class**

52.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 52 of the Amended Complaint, including any claim for relief or certification of a class or collective action, but admit that Plaintiff seeks to bring certain claims on her own behalf and on behalf of others.

53.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegation set forth in Paragraph 53 of the Amended Complaint, including any claim for relief or certification of a class or collective action, but admit that if the Court conditionally certifies this action, it may provide notice to the employees subject to the FLSA collective action by mail.

**As to The Allegations Specific to the Class Action Class**

54.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegation set forth in Paragraph 54 of the Amended Complaint, including any claim for relief or certification of a class or collective action, but admit that Plaintiff seeks to bring certain claims on her own behalf and on behalf of others.

55.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 55 of the Amended Complaint.

## AS TO
## COUNT ONE

56.    Defendants Sprint Nextel Corporation and Sprint/United Management Company incorporate the responses to the allegations contained in the previous paragraphs of this Answer as if set forth fully herein.

57.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 57 of the Amended Complaint, but aver that for the periods that Defendants understand are covered by the allegations in the Complaint, Defendant Sprint/United Management Company was an employer engaged in interstate commerce pursuant to the Fair Labor Standards Act (29 U.S.C. §§ 206(a) and 207(a)).

58.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 58 of the Amended Complaint.

59.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 59 of the Amended Complaint.

60.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 60 of the Amended Complaint.

61.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 61 of the Amended Complaint.

62.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny denies the allegations set forth in Paragraph 62 of the Amended Complaint.

**AS TO**
**COUNT TWO**

63.    Defendants Sprint Nextel Corporation and Sprint/United Management Company incorporate the responses to the allegations contained in the previous paragraphs of this Answer as if set forth fully herein.

64.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 64 of the Amended Complaint.

65.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 65 of the Amended Complaint.

66.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 66 of the Amended Complaint.

**AS TO
COUNT THREE**

67.    Defendants Sprint Nextel Corporation and Sprint/United Management Company incorporate the responses to the allegations contained in the previous paragraphs of this Answer as if set forth fully herein.

68.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 68 of the Amended Complaint.

69.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 69 of the Amended Complaint.

70.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 70 of the Amended Complaint.

71.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 71 of the Amended Complaint.

**AS TO
COUNT FOUR**

72.    Defendants Sprint Nextel Corporation and Sprint/United Management Company incorporate the responses to the allegations contained in the previous paragraphs of this Answer as if set forth fully herein.

73.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 73 of the Amended Complaint.

74.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 74 of the Amended Complaint.

75.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 75 of the Amended Complaint.

76.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 76 of the Amended Complaint.

**AS TO
COUNT FIVE**

77.    Defendants Sprint Nextel Corporation and Sprint/United Management Company incorporate the responses to the allegations contained in the previous paragraphs of this Answer as if set forth fully herein.

78.    Paragraph 78 states a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 78 of the Amended Complaint.

79.    Paragraph 79 states a legal conclusion to which no answer is required.  To the extent an answer is required, Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 79 of the Amended Complaint.

80.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 80 of the Amended Complaint.

81.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 81 of the Amended Complaint.

82.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny the allegations set forth in Paragraph 82 of the Amended Complaint.

## AS TO THE
## PRAYER FOR RELIEF

83.    Defendants Sprint Nextel Corporation and Sprint/United Management Company deny all of the allegations set forth in the Amended Complaint under letters A through L.  Under the Prayer for Relief, Defendants Sprint Nextel Corporation and Sprint/United Management Company deny that Plaintiff is entitled to relief and requests that the Court enter judgment in favor of Defendants Sprint Nextel Corporation and Sprint/United Management Company deny and award their attorney's fees, costs and all other relief the Court deems just and appropriate.

## AS TO THE
## GENERAL DENIAL

84.    In further answering Plaintiff's Amended Complaint, Defendants Sprint Nextel Corporation and Sprint/United Management Company deny each and every allegation contained therein which has not been specifically admitted.

## AS TO THE
## AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

85.    The Amended Complaint fails to state a claim upon which relief can be granted or for which the damages sought can be awarded.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

86.    None of the persons described in the Amended Complaint are employees of Sprint Nextel Corporation and Plaintiff's counsel has been so notified and Sprint Nextel Corporation is an improper party to this action.

mentioned

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

87.    The Amended Complaint is barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

88.    Plaintiff's claims are barred by the doctrine of laches.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

89.    Plaintiff, by her conduct, has waived any rights she may have had or is estopped to complain of the matters alleged in the Amended Complaint.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

90.    Plaintiff is barred from seeking the relief requested by the doctrine of unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

91.    The conduct of Defendants Sprint Nextel Corporation and Sprint/United Management Company that is alleged to be unlawful was taken as a result of the conduct of Plaintiffs and/or the putative class members, and they are thus estopped to assert any cause of action against Defendants Sprint Nextel Corporation and Sprint/United Management Company.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

92.    Plaintiffs and/or the putative class members have released some or all of their claims, and therefore they are barred from bringing this action.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

93.    Plaintiff has not been damaged in the manner or amount alleged or in any manner or amount.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

15

94.     Plaintiff is not entitled to liquidated damages because of Defendants Sprint Nextel Corporation's and Sprint/United Management Company's good faith belief that their actions did not violate the FLSA and because Sprint Nextel Corporation's and Sprint/United Management Company's conduct was not willful.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

95.     Plaintiff has failed to state facts sufficient to support a claim for compensatory damages, liquidated damages or any equitable relief, including declaratory relief.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

96.     Plaintiff has failed to state a claim for attorneys' fees.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

97.     Plaintiff's class action claims under New York Labor Law are barred by Rule 901(b) of the New York Civil Practice Law and Rules which provides that "[u]nless a statute creating or imposing a penalty, or a minimum measure or recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained in a class action."

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

98.     Plaintiff's class action claims under the New York Labor Law should be dismissed insofar as Plaintiff's waiver of penalties/liquidated damages under the New York Labor Law renders Plaintiff an inadequate class representative.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

99.     Plaintiff's class action claims under the New York Labor Law should be dismissed insofar as such claims are inherently incompatible with Plaintiff's collective action

claims under the FLSA and asserting both state law class action claims and FLSA collective action claims in the same action violates express Congressional intent.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

100.    Neither Plaintiff, the putative class nor the class asserted herein meet the requirements of Fed. R. Civ. P. 23.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

101.    The members of the putative class are not "similarly situated" to each other or to Plaintiff.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

102.    Plaintiff and the putative class cannot satisfy the prerequisites of 29 U.S.C. § 216(b).

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

103.    Defendants Sprint Nextel Corporation and Sprint/United Management Company reserve the right to raise additional affirmative defenses as may be discovered during the course of these proceedings.

WHEREFORE, Defendants Sprint Nextel Corporation and Sprint/United Management Company deny that Plaintiff is entitled to any damages or relief, including, but not limited to, the damages asserted and relief sought in the Complaint and Defendants Sprint Nextel Corporation and Sprint/United Management company request that the Court enter judgment in their favor along with attorneys' fees and costs of this action and any other relief the Court deems appropriate.

DATED:  October 31, 2007

PROSKAUER ROSE LLP


By:    /s/ Elise M. Bloom
       ELISE M. BLOOM
       ebloom@proskauer.com
       GREGORY I. RASIN
       grasin@proskauer.com
       1585 Broadway
       New York, New York  10036
       Telephone: (212) 969-3000
       Facsimile:  (212) 969-2900

       HUNTER R. HUGHES
       hrh@rh-law.com
       J. TIMOTHY Mc DONALD
       jtm@rh-law.com
       ASHLEY R. HURST
       arh@rh-law.com
       ROGERS & HARDIN LLP
       2700 International Tower
       Peachtree Center
       229 Peachtree Street, N.E.
       Atlanta, GA  30303
       Telephone:  (404) 522-4700
       Facsimile:  (404) 525-2224

       Attorneys for Defendants
       SPRINT NEXTEL CORPORATION
       AND SPRINT/UNITED MANAGEMENT
       COMPANY