PROSKAUER ROSE
Elise M. Bloom, Esq.
Gregory I. Rasin, Esq.
1585 Broadway
New York, New York  10036
Tel. (212) 969-3000
Fax (212) 969-2900

ROGERS & HARDIN LLP
Hunter R. Hughes, Esq.
J. Timothy Mc Donald, Esq.
Ashley R. Hurst, Esq.
2700 International Tower
Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA  30303
Tel.  (404) 522-4700
Fax.  (404) 525-2224

Attorneys for Defendants
Sprint Nextel Corporation
And Sprint/United Management
Company

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MELISSA ENG-HATCHER, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.  07-CIV-7350(BSJ)(KNF) |
| SPRINT NEXTEL CORPORATION; and DOES 1 through 10, inclusive, | ) ) **Defendants' Memorandum of Law in Support of Their Motion for Leave to File an Amended Answer to Assert Counterclaims and Additional Affirmative Defenses** |
| Defendants. | ) |

**I.**
**INTRODUCTION**

In their Answer to Plaintiff's Amended Complaint, Defendants Sprint Nextel Corporation

and Sprint/United Management Company ("SUMC") reserved the right to supplement their

affirmative defenses to conform with facts that Defendants became aware of during the discovery process. Since service of their answer on October 31, 2007, Defendants have learned of additional facts that support specific affirmative defenses and counterclaims against Plaintiff.[1]

Specifically, in preparation for discovery, Defendants have learned that Plaintiff received pay for hours she did not work and for which she should not have received pay during her employment with SUMC. As such, Defendants respectfully move the Court for leave to file an Amended Answer to assert the affirmative defenses and counterclaims of recoupment, setoff and unjust enrichment against Plaintiff.[2]

## II.
## BACKGROUND

On August 17, 2007, Plaintiff filed this action against Defendants asserting a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and a class action under various New York wage and hour laws, N.Y. Lab. Law §§ 1-1200 ("New York Labor Code"). On October 10, 2007, Plaintiff filed an amended complaint. On October 31, 2007, Defendants filed and served their Answer to Plaintiff's Amended Complaint. In their answer, Defendants expressly reserved the right to raise additional defenses as may be discovered during the discovery process. (See Answer, Nineteenth Affirmative Defense, Docket No. 20.)

---

[1] The proposed Amended Answer to Plaintiff's Amended Complaint is attached as Exhibit A to Defendants' Motion for Leave to File an Amended Answer filed contemporaneously with this memorandum.

[2] To date, no other plaintiffs have joined this case. If either the FLSA collective action or the New York class action is certified, Defendants may have counterclaims for setoff, recoupment and unjust enrichment against some of the putative class members. Thus, Defendants also seek to conditionally assert counterclaims for recoupment, setoff and unjust enrichment against any putative collective or class member whose records reveal that they received compensation they did not earn and which they were not entitled to receive. See Jones v. Ford Motor Credit Co., 358 F. 3d 205, 208 (2d Cir. 2004) (noting that conditional counterclaims were asserted against certain class member if class was certified).

At the request of the parties, on December 12, 2007, the Court entered a stay of this action while several California wage and hour cases involving Defendants and Plaintiff's counsel were mediated. On February 1, 2008, the stay expired and on February 29, 2008, the Court entered a discovery schedule relating to collective action and class certification issues.

As part of the fact gathering and discovery process, Defendants began comparing Plaintiff's daily time sheets to her payroll records. This comparison revealed that throughout her employment with SUMC, there were many instances when Plaintiff worked less than 40 hours a week but was paid as though she had worked 40 hours. While SUMC pays employees for a number of un-worked hours like Paid Time Off, holiday pay, jury duty, FMLA and short term disability leave and the like, Plaintiff's time records suggest that she was paid for hours that she did not work and therefore for which she should not have received any pay. Accordingly, SUMC believes it has a claim for recoupment, setoff and unjust enrichment against Plaintiff for certain un-worked hours.

Prior to filing this motion, counsel for Defendants advised Plaintiff's counsel of this motion and requested consent to amend their answer to specify the affirmative defenses and counterclaims of recoupment, setoff and unjust enrichment. (Email dated March 28, 2008, attached hereto as Exhibit A.) Counsel for Plaintiff has not responded to date.

### III.
### ARGUMENT AND CITATIONS OF AUTHORITY

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) ("In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

3

virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"); Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 604 (2d Cir. 2005); Anthony v. City of New York, 339 F.3d 129, 138 n.5 (2d Cir. 2003). None of these reasons are present here and thus the instant motion should be granted.

Defendants have not engaged in any undue delay, nor have they acted in bad faith or out of a motive to delay. Discovery has just commenced in this matter. Indeed, Plaintiff has not yet served any discovery on Defendants.[3] Upon learning of the facts giving rise to these additional defenses and counterclaims, Defendants promptly notified Plaintiff's counsel and filed this motion. Thus, there has been no delay, undue or otherwise.

Likewise, permitting Defendants to amend their answer will not prejudice Plaintiff in any way. As noted above, this case is still in the early discovery phase. Plaintiff has ample time to investigate and develop any defenses or responses she may have to Defendants' counterclaims during the discovery process. Further, Defendants reserved the right to amend their Answer to conform with any additional evidence that came to light during discovery. The discovery of Plaintiff's receipt of unearned compensation is the type of situation contemplated by Defendants' reservation of rights.

In fact, the only prejudice here would be to Defendants if the amendment is not permitted. The counterclaims Defendants seek to assert are compulsory under Rule 13(a) of the Federal Rules of Civil Procedure. Defendants must assert these compulsory counterclaims in this action or waive them. See Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 469 n.1, 94 S. Ct. 2504, 2506 n.1 (1974) ("A counterclaim which is compulsory but is not brought is thereafter barred."); Harris v. Steinem, 571 F. 2d 119, 121 (2d Cir. 1978); Beltran v. Brentwood North

---

[3] Defendants served discovery requests on Plaintiff on February 28, 2008, and March 3, 2008.

Healthcare Ctr., LLC., 426 F. Supp. 2d 827 (M.D. Fla. 2006) (stating that defendant had to assert compulsory counterclaims against its former employee in the FLSA action or waive them).

A counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ." To determine what counterclaims are compulsory, the Second Circuit applies the "logical relationship" test. See Harris, 571 F. 2d at 121-22. Under this test, courts examine "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." Id. at 123; Moore v. As-Com Techs., 2006 U.S. Dist. LEXIS 21006 (M.D. Fla. Apr. 19, 2006) (finding that defendant's employer's counterclaim of fraud against former employee was compulsory in employee's FLSA action).

Here, Plaintiff alleges that Sprint failed to pay her for all hours she allegedly worked. (See Amended Complaint, Paras 7-8, Docket No.8.) Defendants not only deny her claims but SUMC's records reveal that it paid her for hours she did not work and for which she should not have been paid. Thus, the facts relevant to each party's claims are not only logically connected but are essential to determining both claims. Accordingly, fairness and efficiency require them to be heard in this case.[4]

This same analysis would apply to counterclaims against any putative class members if either the FLSA collective or the New York class action is certified. Without reviewing all the time and payroll records for each and every potential class member, Defendants cannot determine at this time which potential plaintiffs they would have these same compulsory counterclaims against. To undertake such a person by person review now would be

---

[4] This Court automatically has jurisdiction over Defendants' compulsory counterclaims. Baker, 417 U.S. at 469 n.1; Harris, 571 F.2d at 121-22.

5

extraordinarily time consuming and expensive and would not be in keeping with the bifurcated discovery process ordered by the Court. Thus, in the event that the Court were to conditionally certify the FLSA collective action, Defendants would assert the compulsory counterclaims of recoupment, setoff and unjust enrichment against those opt-ins whose records reveal that they received compensation from SUMC for hours they did not work and for which they were not entitled to receive. In the event that the New York Labor Code class action is certified, Defendants would assert the same compulsory counterclaims against any class member whose records reveal that they received compensation from SUMC for hours they did not work and for which they were not entitled to receive.

Moreover, Defendants are voluntarily limiting their recovery against Plaintiff for these counterclaims to the extent she recovers under her claims asserted in this action. If she were to recover damages in this action, Defendants' counterclaims for recoupment, setoff and unjust enrichment should be applied to reduce those damages accordingly. However, if Plaintiff does not recover at all on her claims, Defendants would not seek to recover from her on their counterclaims. See e.g., Cole v. Supreme Cabinets, Inc., 2007 U.S. Dist. Lexis 42507, at *10 (M.D. Fla. June 12, 2007) (limiting defendant's recovery of damages under a permissive counterclaim to a setoff only if plaintiff recovered under his claims).

## IV.
## CONCLUSION

For the reasons outlined above, Defendants have established that the proposed Amended Answer and Counterclaims satisfies the liberal pleading standards of Rule 15(a) and the test for compulsory counterclaims under Rule 13(a). Accordingly, Defendants respectfully request that the Court grant their Motion for Leave to File an Amended Answer and Counterclaims, and

direct the Clerk to file the proposed Amended Answer and Counterclaims, attached as Exhibit A to Defendants' Motion for Leave to File an Amended Answer.

DATED:  April 1, 2008.

                          PROSKAUER ROSE LLP


By:     /s/ Elise M. Bloom
      ELISE M. BLOOM
      ebloom@proskauer.com
      GREGORY I. RASIN
      grasin@proskauer.com
      1585 Broadway
      New York, New York  10036
      Telephone: (212) 969-3000
      Facsimile:  (212) 969-2900

      HUNTER R. HUGHES
      hrh@rh-law.com
      J. TIMOTHY Mc DONALD
      jtm@rh-law.com
      ASHLEY R. HURST
      arh@rh-law.com
      ROGERS & HARDIN LLP
      2700 International Tower, Peachtree Center
      229 Peachtree Street, N.E.
      Atlanta, GA  30303
      Telephone:  (404) 522-4700
      Facsimile:  (404) 525-2224

      Attorneys for Defendants
      Sprint Nextel Corporation and
      Sprint/United Management Company