Robert J. Shapiro, Esq.
Jonathan S. Shapiro, Esq.
The Shapiro Firm, LLP
500 Fifth Avenue, 14th Floor
New York, NY  10110
212-391-6464

Joseph H. Meltzer, Esq.
Gerald D. Wells, III, Esq.
Robert J. Gray, Esq.
Robert W. Biela, Esq.
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, PA  19087
610-667-7706

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELISSA ENG-HATCHER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT NEXTEL CORPORATION; SPRINT/UNITED MANAGEMENT COMPANY; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.07-CV-7350 (BSJ)(KNF) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO FILE AN AMENDED ANSWER**

I.  **INTRODUCTION**

On April 1, 2008, in a transparent act of retribution against Plaintiff Melissa Eng-Hatcher ("Plaintiff"), Defendants Sprint Nextel Corporation ("Sprint") and Sprint/United Management Company ("SUMC") collectively, ("Defendants" or "Sprint"), filed a motion with this Court for leave to File and Amended Answer to assert Counterclaims and Additional Affirmative Defenses ("Def. Memo"). Over half a year has passed since Plaintiff first filed her complaint against Defendants on August 20, 2007 to recover unpaid wages and overtime compensation. Incredibly, Defendants now claim that throughout her employment with Defendants, she worked fewer that 40 hours per week but was purportedly paid as though she had worked 40 hours. Def. Memo at 3.

Astonishingly, Defendants claim that they have just recently discovered this "overpayment" and now seek to file counterclaims for recoupment, setoff, and unjust enrichment. Def. Memo at 2. If that were not enough, Defendants have the temerity to threaten to file similar counterclaims against any putative classmember whether included in the Nationwide Collective Class or New York State Class, if such classes are certified, and if Defendants' records reveal that they received compensation for hours they purportedly did not work. Def. Memo at 6.

Defendants' motion should be denied in its entirety due to several factors. First, Defendants' action has all the markings of retaliation, and, if permitted, these unsupported counterclaims will have a chilling effect on putative class members' right to exercise their rights to recover unpaid wages. Second, Defendants' naked allegation that Plaintiff was overpaid is completely bereft of *any* explanation of how such alleged overpayment supposedly occurred. Consequently, Defendants' proposed counterclaims fail to satisfy even the minimal notice

pleading requirements of FED. R. CIV. P. 8. Third, contrary to Defendants' statements, they have failed to satisfy the requirements of FED. R. CIV. P. 15(a) because they have not demonstrated the absence of undue delay, bad faith or dilatory motive. Fourth, Defendants' proposed amendment is futile because their allegations of unjust enrichment fail to satisfy the requirements for that claim.

Finally, Defendants have failed to meet the requirements for compulsory counterclaims under FED. R. CIV. P. 13(f) because they provide no satisfactory explanation that oversight, inadvertence or excusable neglect warrants their motion to assert counterclaims. Indeed, as with their stark allegations of unjust enrichment with no supporting facts whatsoever, Defendants' likewise fail to provide a single detail as to why these alleged overpayments were not detected much earlier in this litigation, much less why they were not identified during the course of Plaintiff's employment.

As such the, Court should not indulge Defendants in their gamesmanship which will only delay the proceedings, unnecessarily add to the costs and harass and intimidate those current and former employees whose rights have already been violated by Defendants' failure to provide full and proper compensation.

## II.   ARGUMENT

### A.   DEFENDANTS' PROPOSED COUNTERCLAIMS FAIL TO SATISFY THE REQUIREMENTS OF RULE 15(a)

Rule 15(a) specifies that leave to amend shall be freely given when justice so requires. *Gilliam v. Addicts Rehabilitation Center Fund*, No. 05-CV-3452, 2006 WL 1049352, at *1 (S.D.N.Y. April 19, 2006). However, notwithstanding the liberality of the general rule, it is within the discretion of the Court whether to grant leave to amend. *John Hancock Mutual Life Insurance Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994). A motion to amend may

properly be denied for good reason such as undue delay, bad faith and futility of amendment. *Fei v. West LB AG*, No. 07-CV-8785, 2008 WL 594768, at *1 (S.D.N.Y. March 5, 2008). All of these grounds for denial are present in the matter at bar. As such this Court should properly deny Defendants' Motion to Amend.

### 1. Undue Delay and Bad Faith

Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action. *Southern New England Tel. Co. v. Global NAPS, Inc.*, No. 04-CV-2075, 2007 WL 521162, at *4 (D. Conn. Feb. 14, 2007). Indeed, the "longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Id* (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).

Plaintiff filed her initial complaint against Defendants on August 20, 2007 alleging, *inter alia*, that she and others similarly situated were not paid for all hours worked pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Laws. Plaintiff subsequently filed an amended complaint on October 9, 2007. The operative complaint, however, remained unchanged by the amendment.[1] Consequently, Defendants were aware of the allegations for approximately seven months before they decided to file counterclaims. Nonetheless, Defendants' Answer to the Amended Complaint, filed on October 31, 2007, did not give any indication of an intent to file counterclaims, which are now included in their Memo. It is reasonable to assume that, exercising even minimal due diligence, Defendants would have

---

[1] Plaintiff's Amended Complaint alleged no new allegations nor named any additional plaintiff. The Amended Complaint simply added Sprint/United Management Company as a Defendant. This change was pursuant to discussions with Defense Counsel who advised Plaintiff's Counsel that Sprint/United Management was a proper Defendant.

investigated the claims alleged against them prior to answering the Complaint. Instead, Defendants delayed until April 1, 2008 to asset counterclaims against Plaintiff by filing their request for leave to file an Amended Answer. Defendants' Motion is bereft of any explanation or justification whatsoever for this delay. They simply indicate '[t]hat since service of their answer on October 31, 2007, Defendants have learned of additional facts that support specific affirmative defenses and counterclaims against Plaintiff." Def. Memo at 2. Defendants state that they "began comparing Plaintiff's daily time sheet to payroll records as part of the fact gathering and discovery process and concluded that Plaintiff in many instances worked less than 40 hours in a week but was paid as though she had worked 40 hours."[2] Def. Memo at 3. Not only do Defendants fail to explain why it took them so long to investigate and detect this alleged overpayment, but they also fail completely to explain how this supposed "overpayment" took place.

Defendants indicate that the counterclaims they seek to asset are compulsory under FED. R. CIV. P. 13(a). Def. Memo at 4. While FED. R. CIV. P. 13(a) defines counterclaims generally, FED. R. CIV. P. 13(f) applies when a party seeks to amend a pleading by adding an omitted counterclaim. *See Credit Suisse First Boston LLC v. Coeur d'Alene Mines Corp.*, No. 03-CV-9547, 2005 WL 323714, at *3 (S.D.N.Y. Feb. 10, 2005). Defendants fail to mention that the counterclaims they now seek to assert were omitted from their prior pleadings and that Rule 13(f) applies. The rule provides that "when a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." *Id* (citing FED. R. CIV. P. 13(f)).

---

[2] It stands to reason that if Defendants payroll records are accurate enough to determine the occasions when Plaintiff was allegedly overpaid, these same records should show the times when she was underpaid as well.

5

When determining whether to allow a compulsory counterclaim, courts examine, *inter alia,* whether the pleader has acted in good faith and without undue delay and whether the counterclaim raises meritorious claims. *Id* (citing *Gucci Am., Inc. v. Exclusive Imports Int'l*, No. 99-CV-11490, 2001 U.S. Dist. LEXIS 67, at *19 (S.D.N.Y. Jan. 8, 2001)). In this analysis, courts rely on FED. R. CIV. P. 15(a) as well, which governs the amendment of pleadings generally. *See Bergguist v. Aetna U.S. Healthcare*, 289 F. Supp. 2d 400, 415 (S.D.N.Y. 2003). The Second Circuit has labeled "[c]onsiderations of undue delay, bad faith, and prejudice to the opposing party" as the "touchstones" of a district court's discretionary authority to deny leave to amend. *Barrows v. Forest Laboratories, Inc.*, 742 F.2d 54, 58 (2d Cir. 1984).

In the case at bar, Defendants have failed to demonstrate a good-faith basis for their protracted delay in asserting the counterclaims. If Defendants' claims that Plaintiff was overpaid "throughout her employment" (Def. Memo at 3) are true, the grounds for their proposed counterclaims arose years before the initiation of this action.[3] Therefore, an analysis under either Rule 15(a) or Rule 13(f), strongly suggest that motion should be denied. *See* 2007 WL 521162, at *4 (denying leave to assert counterclaims by amendment when the basis for the counterclaims arose nearly four months before the filing of the original complaint). Further, as noted herein, Defendants have failed to provide a reasonable justification for the almost seven month delay since the filing of the initial Complaint for asserting these counterclaims. As such, Defendants' proposed counterclaims are not meritorious, nor will they serve the interests of justice.

---

[3] Plaintiff was employed by Defendants from the summer of 2004 until the spring of 2006.

### 2.   Futility of Amendment

When addressing whether a proposed amendment would be futile, a court's inquiry is comparable to that required upon a Rule 12(b)(6) motion to dismiss for failure to state a claim. *The Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 604 (2d Cir. 2005). If the proposed amendment cannot survive a 12(b)(6) motion to dismiss, a court may properly deny it. *See Van Buskirk v. N.Y. Times Co.*, 325 F.3d 87, 91-92 (2d Cir. 2003). Here, Defendants seek to assert a counterclaim against Plaintiff for unjust enrichment. Def. Memo at 3. To prevail on a claim for unjust enrichment in New York, a plaintiff must establish: 1) that the defendant benefited;[4]   2) at the plaintiff's expense; and 3) that "equity and good conscience" require restitution. *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000) (citations omitted).

Defendants' claim for unjust enrichment fails on at least two of the above prongs. First, Defendants have not given any indication or proof that Plaintiff has benefited. Indeed, Plaintiff alleges that she was deprived of her full and rightful compensation for all hours worked while she was employed by Defendant. Under any analysis, being under compensated is not a "benefit." If any party was unjustly enriched, it was Defendants who benefited from Plaintiff's hours of work for which she was not paid. Furthermore, case law suggests that to establish a claim for unjust enrichment, the party allegedly "enriched" should at least be aware of the benefit. *See id.* (finding no unjust enrichment where the person alleged to have been unjustly enriched knew nothing about the supposed benefit). Defendants fail to allege, and provide no support for the contention, that Plaintiff was aware of this purported benefit she received.

---

[4]   In this matter, because Defendants have asserted a counterclaim, Defendants Sprint/United Management are the counter-plaintiffs and conversely, Plaintiff Eng-Hatcher is the counter-defendant.

Further, Defendants' unjust enrichment claim logically fails on the second prong as well, which requires the benefit to be "at the plaintiff's expense."[5] Aside from its naked allegations, Sprint has provided no facts at all to support its contention that Melissa Eng-Hatcher benefited "at Sprint's expense." Plaintiff, on the other hand, provided sworn testimony in her deposition that she was not paid for all hours worked. Clearly, under a 12(b)(6) analysis, Defendants' claim for unjust enrichment would fail and warrant dismissal. Therefore, any counterclaim asserted for unjust enrichment should likewise be denied on the basis of futility.

### B.    DEFENDANTS' COUNTERCLAIMS ARE RETALIATORY

Counterclaims can sometimes qualify as retaliatory. *See Kreinik v. Showbran Photo, Inc.*, No. 02-CV-1172, 2003 WL 22339268, at *2. (S.D.N.Y. Oct. 14, 2003). Although Plaintiff is not asserting a claim of retaliation against Defendants, Defendants' request to file counterclaims should be denied nonetheless because their proposed counterclaims satisfy all of the elements necessary for a *prima face* claim of retaliation. Those elements are: 1) the person was engaged in a protected activity; 2) the defendant was aware of the plaintiff's participation in the protected activity; 3) the defendant took adverse employment action against the participant; and 4) a causal connection exists between the protected activity and the adverse action. *See* 2008 WL 594768, at *2 (citations omitted).

In this matter, the first two prongs are unquestionably satisfied. Plaintiff engaged in the activity of filing suit to recover unpaid wages, which qualifies as protected activity under the FLSA and New York Labor Law. *Id.* Moreover, Defendant is clearly aware of Plaintiff's lawsuit, and was put on notice of the same almost seven months ago. The third prong is likewise satisfied because Defendant took "adverse employment action" against Plaintiff by its current

---

[5] *See* n. 4 *supra.*

attempt to file counterclaims against her. *See Lovejoy-Wilson v. NOCO Motor Fuel, Inc.*, 263 F.3d 208, 223 (2d Cir. 2001) (stating that lawsuits in response to a former employee's attempt to vindicate his rights can constitute retaliation). Finally, the fourth prong of causal connection is demonstrated by Defendants' attempt to file counterclaims against only Plaintiff Melissa Eng-Hatcher. At present, she is the only person to come forward to actively pursue this matter.

Further evidence of the retaliatory nature of Defendants' actions are evidenced by the fact that Defendants have indicated that, if permitted by the Court, they will also file similar counterclaims against any collective class member who chooses to opt-in to the action and whose records indicate that they were purportedly paid for hours they did not work. Def. Memo at 6. Defendants make the same thinly-veiled threat against potential Rule 23 class members pursuant to the New York Labor Laws. Def . Memo at 6. Undoubtedly, this type of harassment and intimidation will chill potential participation in the lawful and protected activity of seeking remedies for violations of federal and state labor laws. No doubt, this is the precise result that Defendants desire.

The FLSA and New York Labor Laws (N.Y.L.L.) prohibit actions taken in retaliation against employees who engage in protected activity by attempting to vindicate their rights. *See* 29 U.S.C. § 215(3), N.Y.L.L. § 215; *see also Wright v. Stern*, 450 F. Supp. 2d 335, 372 (S.D.N.Y. 2006). At a minimum, Defendants' actions constitute a display of bad faith which, alone, should warrant denial of their request for leave to amend. This Court should not provide tacit approval of Defendants' improper tactics by allowing them leave to amend.

### III.   CONCLUSION

For all of the above stated reasons, Plaintiff respectfully requests the Court to deny Defendants' Motion to Amend its Answer in its entirety.

Dated:  New York, New York
April 29, 2008

**THE SHAPIRO FIRM, LLP**

By: _____
Robert J. Shapiro
Jonathan S. Shapiro
500 Fifth Avenue, 14th Floor
New York, NY 10110
Telephone: (212) 391-6464

**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
Joseph H. Meltzer
Gerald D. Wells, III
Robert J. Gray
Robert W. Biela
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Counsel for Plaintiff*

To:  Elise M. Bloom, Esq.
PROSKAUER ROSE LLP
585 Broadway
New York, New York 10036

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned, a member of the Bar of this Court, hereby certifies that he caused a true and accurate copy of *Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Leave to File an Amended Answer*, to be served both electronically and via first-class mail, in a sealed envelope, postage prepaid, on the 29th day of April, 2008, upon:

ebloom@proskauer.com

and

Elise M. Bloom, Esq.
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036

*Attorneys for Defendants*

Dated: New York, New York
April 29, 2008

_____
ROBERT J. SHAPIRO