PROSKAUER ROSE
Elise M. Bloom, Esq.
Gregory I. Rasin, Esq.
1585 Broadway
New York, New York  10036
Tel. (212) 969-3000
Fax (212) 969-2900

ROGERS & HARDIN LLP
Hunter R. Hughes, Esq.
J. Timothy Mc Donald, Esq.
Ashley R. Hurst, Esq.
2700 International Tower
Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA  30303
Tel.  (404) 522-4700
Fax.  (404) 525-2224

Attorneys for Defendants
Sprint Nextel Corporation
And Sprint/United Management
Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELISSA ENG-HATCHER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT NEXTEL CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  07-CIV-7350(BSJ)(KNF)<br><br>**Defendants' Reply in Support of Motion for Leave to File an Amended Answer to Assert Counterclaims and Additional Affirmative Defenses** |

# I. INTRODUCTION

In gathering documents for discovery, Defendants Sprint Nextel Corporation and Sprint/United Management Company ("SUMC") (collectively "Sprint") learned that Plaintiff received pay for hours she did not work and for which she should not have received pay during her employment with SUMC. Defendants promptly moved the Court for Leave to File an Amended Answer and Counterclaims ("Motion to Amend") to assert the affirmative defenses and counterclaims of recoupment, setoff and unjust enrichment against Plaintiff and certain putative class members should this action be certified. Plaintiff's arguments in opposition should be rejected because Defendants have met the requirements for granting leave to amend under Federal Rules 15(a) and 13(f), have sufficiently pled the elements of their counterclaims as required by notice pleading, and the proposed counterclaims are not retaliatory.

# II. LEGAL ARGUMENT

## A. Defendants' Motion Was Properly Filed Under Federal Rules 15(a) and 13(f)

Plaintiff suggests that there was undue delay in filing the Amended Answer because it has been "over half a year" since Plaintiff first filed her complaint and accuses Sprint of a "transparent act of retribution." (Opp. to Mot. to Amend, at 2.) She further suggests that Defendants do not satisfy Rule 15(a) because they have not offered any explanation for the timing of the Motion to Amend. (Id. at 5.) Plaintiff's suggestions are without merit.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 604 (2d Cir. 2005); Anthony v. City of New York, 339 F.3d 129, 138 n.5 (2d Cir. 2003). The standard for whether to grant leave to amend is clear. "In the absence of any

1

apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman, 371 U.S. at 182, 82 S. Ct. at 230. None of these reasons justifying the denial of a motion to amend are present in this case. Upon learning of the facts giving rise to these additional defenses and counterclaims, Defendants promptly notified Plaintiff's counsel and then filed this motion.

Plaintiff is well-aware of the reason for the timing of the Motion to Amend. On August 17, 2007, Plaintiff filed this action, and then on October 9, 2007 Plaintiff filed her Amended Complaint. On December 12, 2007, Plaintiff and Sprint **mutually agreed to stay proceedings** in this case and toll all claims until February 1, 2008. As explained in the Joint Stipulation for Stay, Defendants and counsel for Plaintiff were engaged at the time in litigation in California involving similar claims to those asserted in this case and believed that a two-day mediation scheduled in California on January 28 and January 29, 2008, could directly impact this litigation. While the stay was in place, Defendants produced databases and documents to Plaintiff's counsel in the California litigation, worked diligently to resolve the dispute, and a settlement was ultimately reached. Thus, contrary to Plaintiff's contentions, there was no dilatory motive or undue delay on Defendants' part in this case, as the stay was mutually agreed upon and beneficial for both parties.

Since the end of the stay, Defendants have not engaged in any undue delay, nor have they acted in bad faith or with dilatory motive. The stay ended on February 1, 2008. On February 29, 2008, Magistrate Judge Fox entered an Order regarding the scope of discovery and the deadline for completion of discovery. On February 28, 2008, Defendants served their first set of

discovery requests on Plaintiff. Although Plaintiff had failed to serve any discovery requests on Defendants, Defendants promptly began investigating and searching for documents relevant to this litigation. During the investigation, Defendants discovered there were many instances when Plaintiff worked less than 40 hours a week but was paid as though she had worked 40 hours, which indicated that Defendants had a claim for recoupment, setoff and/or unjust enrichment against Plaintiff for certain un-worked hours.

Barely more than one month after the start of discovery, Defendants promptly filed their Motion to Amend on April 1, 2008--**before** Plaintiff had served any discovery requests in this case. Moreover, prior to the filing the motion—on March 28, 2008—Defendants' counsel advised Plaintiff's counsel of their intentions, provided a copy of the proposed amendment and counterclaims, and asked consent to file the motion. Plaintiff's counsel did not promptly respond before Defendants filed the motion. Thus, Plaintiff cannot claim that she will suffer prejudice by Defendants' amendment, as she has had ample opportunity to explore Defendants' counterclaims during the discovery process and before service of their discovery. See (3/28/08 Email from E. Bloom to G. Wells, attached to Mot. to Amend.)

Moreover, Plaintiff does **not** dispute that Defendants' proposed amendments are compulsory counterclaims. Instead, she complains that allowing the amendments will somehow prejudice her under Rule 13(f). As Plaintiff acknowledges, prejudice under Rule 13(f) is analyzed under the Rule 15(a) standard. (Opp. to Mot. to Amend at 5-6); Fashion Fragrances & Cosmetics, Ltd. v. Croddick, 02 Civ. 6294 (LAP) (MHD), 2004 U.S. Dist. LEXIS 8796, at *13 (S.D.N.Y. May 14, 2004) ("As a general matter, leave to amend in this context is governed by the same standards as apply to Rule 15(a) motions."). "Rule 15(a) commands that motions to amend are generally to be liberally granted, a principle reinforced by the Supreme Court and

lower federal courts." Croddick, 2004 U.S. Dist. LEXIS 8796, at *13 (granting leave to amend answer and assert three compulsory counterclaims despite "substantial delay" and noting that because the claims were compulsory, "there is a more compelling reason to allow" them than the defendant's noncompulsory counterclaims). In evaluating prejudice in the Rule 15(a) and Rule 13(f) contexts, courts have stated that "[t]he mere burden of additional discovery in and of itself does not rise to the level of undue prejudice that is necessary to defeat a motion to amend." Travelers Insurance v. Buffalo Reinsurance Co., No. 86-CIV-3369 (JMC), 1990 WL 116741, at *2 (S.D.N.Y. Aug. 7, 1990). In making a prejudice determination, "the court must look not only to the amount of time that passed before the movant sought to amend, but also the reasons for that time lapse and its practical impact on the other side's legitimate interests, including both its ability to respond to new claims or defenses and any other prejudice flowing from a delay in the final adjudication of the case." Croddick, 2004 U.S. Dist. LEXIS 8796, at **16-17. Courts have denied leave to amend and found prejudice only where "the amendment is designed to defeat a pending motion for summary judgment based on the completed discovery, where the amendment would reopen discovery for a substantial period when the case was set for trial, or where the amendment would reopen discovery concerning an event that happened many years ago." Travelers, 1990 WL 116741, at *2 (quotations and citations omitted). None of these factors are present in this case.

  As set forth above, there has been no undue delay or prejudice to Plaintiff based on the filing of the Motion to Amend. Defendants promptly filed their Motion to Amend after learning of the facts forming the basis of their counterclaim barely more than one month after the start of discovery and before Plaintiff served any discovery on Defendants. Discovery is still not yet complete, and the amendments will not affect Plaintiff's ability to respond to new claims or

defenses. Courts have granted leave to amend and found no prejudice where the delay in requesting it was less justified than in this case. Bergquist v. Aetna U.S. Healthcare, 289 F. Supp. 2d 400, 415 (S.D.N.Y. 2003) (allowing leave to amend counterclaim even though the claim had "matured" at the time claimant filed its answer, reasoning that "no contradictory evidence is set forth to show bad faith or undue delay that would prevent the grant of leave to amend"); Nolan v. City of Yonkers, No. 92-CIV-6067 (KMW), 1996 WL 120685, at * 5 (S.D.N.Y. Mar. 19, 1996) ("Although this request to amend defendants' answer to add counterclaims was made more than two years after the counterclaims could have been asserted in the original answer, the court permits the amendment because plaintiffs assert no significant prejudice resulting from allowing it."); Travelers, 1990 WL 116741, at *1 (granting leave to amend where there was no evidence of bad faith and defendant learned facts upon which the counterclaim was based after the pleading stage). In fact, the only potential prejudice in this case is to Defendants, because as Plaintiff concedes, their counterclaims are compulsory, and if they are not permitted to assert them here, they lose their rights to assert the counterclaims completely. Thus, under the standards provided in Rule 15(a) and Rule 13(f), Defendants' Motion to Amend should be granted.

**B.     Defendants' Counterclaims Meet the Requirements of Notice Pleading**

Plaintiffs also contend that Defendants' motion to amend should be denied as futile because Defendants' unjust enrichment claim cannot survive a Rule 12(b)(6) motion to dismiss. (Opp. to Mot. to Amend at 7.) Specifically, Plaintiff contends that Defendants have not properly alleged two of the elements of their unjust enrichment claim because there is no "proof that Plaintiff has benefited" from the overpayment and that the benefit was not at Defendants' expense. (Id. at 7-8.) Plaintiff misstates the standard required under Rule 12(b)(6). At the Rule

12 stage, Defendants are not required to offer proof. Instead, they must present "enough facts to state a claim to relief that is plausible on its face," and the Court need look only at "the allegations on the face of the complaint." Maloney v. County of Nassau, No. 03-CV-4178 (SLT) (MLO), 2007 U.S. Dist. LEXIS 71162, at * 15 (E.D.N.Y. Sept. 24, 2007) (citing Bell Atlantic Corp. v. Twombly., ___U.S.___, 127 S.Ct. 1955, 1974 (2007)). Under the standard of notice pleading, Defendants' counterclaims "do[] not need detailed factual allegations," but need only give Plaintiff "fair notice of what the . . . claim is and the grounds upon which it rests." Id. at 1964.

All of Defendants' counterclaims, including the unjust enrichment claim, clearly meet this standard.[1] "The basic elements of an unjust enrichment claim in New York require proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." Orange County Choppers, Inc. v. Olaes Enters. Inc., 497 F. Supp. 2d 541, 555 (S.D.N.Y. 2007) (citing New York law). In their count for unjust enrichment, Defendants allege that Plaintiff's "time records show that [she] often worked less than 40 hours a week," but that "the matching payroll related records show that [she] was paid for working 40 hours for weeks in which she worked less than 40 hours." (Counterclaim ¶¶ 7-8.) Defendants further allege that "[t]hese overpayments are not attributable to valid non-work hours for which retail store consultants could receive compensation" and that Plaintiff received over 60 hours of pay during her employment with SUMC for which she was not otherwise entitled." (Id. ¶¶ 8-9.) These allegations meet the required elements for an unjust enrichment claim—Defendants allege that (1) Plaintiff was "enriched" because she "received pay for hours she did not work and was not

---

[1] Defendants only discuss in detail the unjust enrichment claim because Plaintiff has not challenged the sufficiency of their other claims under Rule 12(b)(6) in her response brief.

6

entitled to be paid," (2) Plaintiff's "enrichment" was at SUMC's expense because SUMC paid these funds to Plaintiff when they were not rightfully due, and (3) equity and good conscience would not permit Plaintiff to retain these payments while at the same time seeking claims against Defendants for unpaid work. Thus, Defendants' Motion to Amend is not futile and should be granted.

### C.  Defendants' Proposed Counterclaims Are Not Retaliatory

Plaintiff also argues that Defendants' Motion to Amend should be denied because their counterclaims are retaliatory. (Opp. to Mot. to Amend at 8.). First, this is not the standard for whether to grant a motion for leave to amend--the requirements of Federal Rule 15(a) and 13(f) govern that determination. Second, Defendants' claims are not retaliatory. Defendants have made it clear that they are **voluntarily** limiting recovery against Plaintiff for these counterclaims **to the extent she recovers under her claims asserted in this action.** If she were to recover damages in this action, Defendants' counterclaims for recoupment, setoff and unjust enrichment should be applied to reduce those damages accordingly. If Plaintiff does not recover at all on her claims, Defendants would not seek to recover from her on their counterclaims. See e.g., Cole v. Supreme Cabinets, Inc., No. 3:06-cv-772-J-33TEM, 2007 U.S. Dist. Lexis 42507, at *10 (M.D. Fla. June 12, 2007) (limiting defendant's recovery of damages under a permissive counterclaim to a setoff only if plaintiff recovered under his claims). This reasonable approach cannot be deemed retaliatory or made in bad faith.

Indeed, Plaintiff's own citation to Kreinik v. Showbran Photo, Inc. shows that the counterclaims are not retaliatory. Kreinik is an ERISA case stating that counterclaims can be retaliatory when they have a "concrete, adverse impact on the plaintiff" such as harming plaintiff's reputation or "negatively affecting her prospective employment or business

7

opportunities." No. 02-CV-1172 (TMB) (DF), 2003 WL 22339268 at * 28 (S.D.N.Y. Oct. 14, 2003). Plaintiff does not attempt to make such an argument in this case. Here, Defendants will not seek to collect on their counterclaims against Plaintiff unless she recovers damages.[2] Set off is simply used "to defeat or reduce recovery and does not seek affirmative relief." Cole, 2007 U.S. Dist. Lexis 42507, at *10; see also Huntington Hosp. v. Huntingon Hosp. Nurses' Assoc., 302 F. Supp. 2d 34, 42 (E.D.N.Y. 2004) (stating that New York law does not prohibit an employer from "taking any and all action" to recover salary overpayments made in error). Indeed, "[t]he filing of a compulsory counterclaim is a particularly unlikely basis for a retaliation claim for a number of reasons: the FLSA plaintiff will have already asserted his or her rights, it will not cause the plaintiff to hire a lawyer or incur significant additional expenses, and (most significantly) the Defendant must bring compulsory counterclaims or risk waiving them." Ergo v. Int'l Merchant Servs., Inc., 519 F. Supp. 2d 765, 780-81 (N.D. Ill. 2007) (citing Beltran v. Brentwood N. Healthcare Center, LLC, 426 F. Supp. 2d 827, 834 (N.D. Ill. 2006)). Because Defendants' proposed counterclaims are not retaliatory, Defendants' Motion to Amend should be granted.

---

[2] Plaintiff accuses Defendants of making "thinly veiled threats" against potential class members as further evidence of retaliation because Defendants have stated that they may assert counterclaims against additional plaintiffs if they were to opt into the class. (Opp. to Mot. to Amend at 9.) These accusations are specious. Courts have routinely allowed defendants in a class action to assert counterclaims against class members who join the class and to include, within the notice to class members, a notification that the defendant may assert counterclaims against class members. Barnes v. United States, No. 04-1335C, 2007 U.S. Claims LEXIS 1, at *1,8 (Fed. Cl. Jan. 4, 2007) (determining it is "appropriate to include a brief description of these potential counterclaims in the class notice" and approving a class notice stating that "Defendant may also assert that some Class Members have received overpayments . . . [t]hese debts could be offset, set off, or counterclaimed by [Defendant}, which may ultimately reduce a Class Member's potential damage award"); see also Nat'l Super Spuds, Inc. v. N.Y. Mercantile Exch., 75 F.R.D. 40, 44 (S.D.N.Y. 1977) ("Plainly, the existence of a counterclaim should be included in the notice as a factor for class members to consider in determining whether or not to exclude themselves from the class."); In re Franklin Nat'l Bank Sec. Lit., No. MDL#196 (JBW), No. 75-C-684 (JBW), 1980 U.S. Dist. LEXIS 17277, at *24 (E.D.N.Y. June 25, 1980) ("While Ernst was required to revise its proposed amendment so as to counterclaim only against the class plaintiffs, the Court did grant Ernst's request that the notice of pendency of class action include a reference to Ernst's intention to counterclaim against any class members who appeared or filed proofs of claim."); Lessard v. Metro. Life Ins. Co., 103 F.R.D. 608, 614 (D. Me. 1984) (certifying a class action where defendants asserted counterclaims and ordering that notice to the members of the class against whom counterclaims may be asserted shall be included in the traditional Rule 23 class notice).

## IV. CONCLUSION

For the reasons outlined above, Defendants have established that the proposed Amended Answer and Counterclaims satisfies the liberal pleading standards of Rule 15(a) and the requirements under Rule 13(f). Accordingly, Defendants respectfully request that the Court grant their Motion for Leave to File an Amended Answer and Counterclaims, and direct the Clerk to file the proposed Amended Answer and Counterclaims, attached as Exhibit A to Defendants' Motion for Leave to File an Amended Answer.

DATED: May 13, 2008

PROSKAUER ROSE LLP

By: /s/ Elise M. Bloom
ELISE M. BLOOM
ebloom@proskauer.com
GREGORY I. RASIN
grasin@proskauer.com
1585 Broadway
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

HUNTER R. HUGHES
hrh@rh-law.com
J. TIMOTHY Mc DONALD
jtm@rh-law.com
ASHLEY R. HURST
arh@rh-law.com
ROGERS & HARDIN LLP
2700 International Tower, Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA 30303
Telephone: (404) 522-4700
Facsimile: (404) 525-2224

Attorneys for Defendants
Sprint Nextel Corporation and
Sprint/United Management Company