



280 King of Prussia Road • Radnor, Pennsylvania 19087
(610) 667-7706 • Fax: (610) 667-7056
www.sbtklaw.com

E-Mail: gwells@sbtklaw.com

**MEMO ENDORSED**          June 20, 2008

**VIA FACSIMILE AND HAND-DELIVERY**

The Honorable Kevin Nathaniel Fox
United States District Court
Southern District of New York
500 Pearl Street, Room 540
New York, NY 10007

    Re: *Melissa Eng-Hatcher v. Sprint Nextel Corp., et al.,*
        **Case No. 07-7350 (BSJ)(KNF)**

Dear Judge Fox:

    Pursuant to Your Honor's Individual Practices and Local Rules, Plaintiff writes to request (i) a conference with the Court to address certain discovery disputes that the parties have been unable to resolve to date; and (ii) a modification of the Court's May 20, 2008 Order setting forth dates for the close of class discovery and a briefing schedule for class/collective certification. A proposed order is attached.

    While Plaintiff's counsel has attempted to amicably resolve these discovery disputes with Defendants, based on correspondence between the parties[1], it appears that resolution of these issues cannot be obtained prior to today's discovery deadline. Notably, as explained more fully below, Defendants have agreed to make certain 30(b)(6) designees available after today and have agreed short extension of the class/collective certification motions' briefing schedule. While Plaintiff appreciates Defendants' recent courtesies in this regard, it is simply impracticable to resolve all outstanding issues without the Court's intervention and within the allotted timeframe. Consequently, Plaintiff respectfully requests a conference with Court pursuant to the local rules and a modification of the discovery schedule. The reasons for these modest requests are set forth below.

---

[1] In response to these issues, the parties exchanged numerous letters, emails and have met and conferred in an attempt to resolve their differences.

7/3/08
*Application denied.*
  SO ORDERED:
  *Kevin Nathaniel Fox*
KEVIN NATHANIEL



The Honorable Kevin Nathaniel Fox
June 20, 2008
Page 2 of 3

  During the course of discovery, in particular the taking of certain 30(b)(6) depositions, it has become apparent to Plaintiff that Defendants have failed to produce all relevant documents and have not designated appropriate designees. The gravity of Defendants' deficiencies became apparent during four 30(b)(6) depositions conducted by Plaintiff's counsel on June 12th and 13th (with depositions being double tracked on June 12th and conducted in several different states).[2] Certain of the designees provided by Defendants were unable to provide testimony on the subject areas for which they were designated and/or did not address topic areas germane to Plaintiff's case at the instruction of defense counsel.

  In addition, Defendants' production of documents has been non-responsive in certain crucial areas as well as improperly limited in scope. Moreover, Defendants' production was made in numerous installments, often occurring just a day or two before scheduled depositions. Defendants have also refused to provide documents regarding Plaintiff's claims of various violations of the Fair Labor Standards Action ("FLSA") on a nationwide basis. Instead, Defendants have limited their production to only the State of New York (with documents apparently still forthcoming).[3]

  Defendants' concessions to date have fallen far short of the mark. Further, Defendants' actions to date have caused needless expenditure of time and resources and have left Plaintiff without the information necessary in order to effectively prosecute her claims (to which she is entitled). By way of example, Defendants, on the eve of the discovery deadline, offered to provide, for a second time, and within less than 24 hours, the same 30(b)(6) designee whose own prior testimony made it clear that he was an inadequate witness. Notably, in the same correspondence, Defendants indicated that another designees for a separate topic area would be made available at some later, unspecified date.

  Plaintiff has viewed thousands of pages of documents produced to date (many produced on the eve of depositions) and taken five 30(b)(6) depositions. However, as noted above, there are still many document production issues outstanding and additional depositions to be taken, as a result of Defendants' deficient designations. Only through a brief extension of the discovery and collective/class certification deadlines will Plaintiff be able to digest any additional documents and prepare adequately for future depositions.

  Plaintiff has expended every effort to avoid involving the Court in these disputes and to work with Defendants to achieve some common ground. Unfortunately, due to Defendants' tactics to date it is clear that the parties will not be able to resolve this

---

[2] Although Plaintiff requested that Defendants produce their 30(b)(6) designees in a single location, so as to expedite the process, Defendants were unwilling to accommodate Plaintiff's request. As a result, to date, depositions have occurred in Kansas City, Kansas, New York, New York and Portland, Maine.

[3] Originally, Defendants limited their production to only store locations where the Named Plaintiff worked, despite the Complaint alleging violations of both state and federal law.

The Honorable Kevin Nathaniel Fox
June 20, 2008
Page 3 of 3

discovery dispute within the time provided by the initial Scheduling Order and therefore Plaintiff now seeks the Court's intervention. This case should be decided its merits, rather than the conduct of counsel. *See Lynch v. Waitman and Sinkoff Waitman, M.D., P.C.*, No. 94-CV-0265, 1995 U.S. Dist. LEXIS 107, at *4 (S.D.N.Y. Jan.10, 1995) (citing *National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976) (per curiam); *Sieck v. Russo*, 869 F.2d 131, 133 (2d Cir. 1989) (additional internal citations omitted).

Plaintiff has expended substantial resources proceeding with this litigation. With additional time and the cooperation of Defendants in the discovery process, both parties will be permitted move forward on a meaningful basis, to litigate this matter on its merits. Without additional time and the discovery to which Plaintiff is rightfully entitled, the resources expended so far will have been exhausted in vain, without a genuine opportunity to litigate this matter on its merits.

For the above reasons and pursuant to Local Rule 37.2, Plaintiff respectfully requests an informal conference with the Court as soon as possible to discuss the differences between the parties in this discovery dispute. In addition, Plaintiff respectfully requests a four week extension (or an amount that the Court determines) of the discovery deadline.[4] Of course, if the parties are continuing the litigate these discovery matters before the Court, Plaintiff respectfully reserves her right to petition the Court for additional time. Plaintiff is prepared to submit any additional information the Court requires, including relevant deposition transcripts and correspondence documenting the parties' efforts to resolve these discovery disputes.

Respectfully submitted,

Gerald D. Wells, III
Counsel for Plaintiff

GDW/db

cc:  Elise Bloom, Esq. (via facsimile only)
     Ashley R. Hurst, Esq. (via facsimile only)
     Hunter R. Hughes, Esq. (via facsimile only)

---

[4] This is the second request to extend the Scheduling Order. The Court previously granted a joint request to extend the discovery deadline, on May 20, 2008. The current schedule in place provides that (i) all discovery must be completed on or before June 20, 2008; (ii) the class/collective certification actions must be filed on or before July 11, 2008; (iii) the defendants must respond to the motions for class/collective certification; and (iv) the plaintiff shall serve a reply on or before August 6, 2008. Defendants have represented to Plaintiff that they would not oppose a one week extension to the briefing schedule. They do not consent to any additional extension.