**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
Joseph H. Meltzer, Esq.
Gerald D. Wells, III, Esq.
Nick S. Williams, Esq. (NW-5946)
Robert W. Biela, Esq.
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

- and -

**THE SHAPIRO FIRM, LLP**
Robert J Shapiro, Esq. (RS-3220)
Jonathan S. Shapiro, Esq. (JS-3068)
500 Fifth Avenue, 14th Floor
New York, NY 10110
Telephone: (212) 391-6464
Facsimile: (212) 719-1616

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELISSA ENG-HATCHER, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SPRINT NEXTEL CORPORATION; SPRINT/UNITED MANAGEMENT COMPANY; and DOES 1 through 10, inclusive,<br><br>　　　　　　Defendants. | CASE NO.07-CV-7350 (BSJ)(KNF)<br><br>**DECLARATION OF GERALD D. WELLS, III IN SUPPORT OF PLAINTIFF'S MOTION FOR (1) CONDITIONAL COLLECTIVE CERTIFICATION; (2) COURT AUTHORIZED NOTICE; (3) PRODUCTION OF NAMES AND ADDRESSES PURSUANT TO 29 U.S.C. § 216(b); AND (4) MOTION FOR CLASS CERTIFICATION PURSUANT TO FED. R. CIV. P. 23** |

I, GERALD D. WELLS, III, declare as follows:

1. I am an associate at the law firm of Schiffrin Barroway Topaz & Kessler, LLP ("SBTK" or the "Firm"). I am personally involved in all aspects of the prosecution of this matter. I submit this Declaration in support of Plaintiff's Motions for (1) Class Certification Pursuant to FED. R. CIV. P. 23; (2) Conditional Collective Certification Pursuant to 26 U.S.C. § 216(b); (3) Court Authorized Notice; and (4) Production of Names and Addresses to facilitate Collective Certification Notice. The information set forth in this Declaration is based on my personal knowledge, as well as information shared with me by colleagues at the Firm who work on this case.

2. SBTK is a large plaintiffs' firm, comprised of over fifty-five (55) attorneys, that specializes in complex class action litigation, representing investors, employees and consumers in class actions pending in state and federal courts throughout the United States. In addition to its experience in prosecuting complex wage and hour cases, the firm has extensive experience and expertise in large, complex class actions in such areas as securities, mergers and acquisitions, shareholder derivative suits, ERISA, consumer fraud, and antitrust litigation.

3. Presently, SBTK has two offices. In addition to the firm's main office, located in Radnor, Pennsylvania, the firm also has an office located in Walnut Creek, California. The firm's Walnut Creek office opened in January 2007.

4. The firm's Employment & Labor Law Group is comprised of at least fifteen attorneys, including several partners and senior level associates. At present, SBTK is actively litigating at least thirty directly analogous actions (including the present matter). These matters are at various stages of litigation, from initial case filing, to motion practice, to settlement discussions.

5.  During the course of prosecuting wage and hour actions, SBTK has argued various motions (including Rule 12 and 56 motions, motion for collective certification under the Fair Labor Standards Act, and motions to transfer and stay proceedings), appeared before the Judicial Panel on Multidistrict Litigation, and mediated similar claims before some of the most renowned mediators in this area of the law – Mark Rudy, Antonio Piazza, and David Rotman.

6.  Attached hereto as Exhibit A is a true and correct copy of SBTK's resume.

7.  SBTK is a member of the Plaintiffs' Executive Committee in the matter entitled *In Re Wachovia Wage & Hour Litigation*, MDL – 1807, which is comprised of over 20 class actions making the same claims there as here on behalf of securities brokers employed by Prudential, First Union and Wachovia Securities. The action has been coordinated and transferred by the Judicial Panel on Multidistrict Litigation to the Hon. David O. Carter, United States District Court, Central District of California. SBTK was selected as one of only seven firms to serve on the Executive Committee. Due to the number of putative class members, it is expected that *In Re Wachovia Wage & Hour Litigation*, MDL – 1807, will be one of, if not the, largest wage and hour class actions on behalf of securities brokers.

8.  SBTK's experience in wage and hour litigation has led to significant developments in this growing area of the law. In its role as class counsel, in several cases SBTK has successfully defeated defendant's motions to dismiss premised on application of the Rules Enabling Act as precluding state labor law class claims from being asserted in Fair Labor Standards Act ("FLSA") actions. The decision, rendered in *Farhy v. Janney Montgomery Scott, LLC,* No. 06-CV-03202, 2007 WL 1455764 (E.D. Pa. April 26, 2007) in which SBTK serves as Chair of the Executive Committee, was followed and embraced by the court in several subsequent litigations. *See, e.g., Lehman v. Legg Mason, Inc.*, No. 06-CV-2484 (M.D. Pa. Sept.

20, 2007) (denying MTD and finding that the Rules Enabling Act does not preclude dual-filed suits); *Sherril v. Cellco Partnership*, No. 08-CV-1111 (E.D. Pa. April 7, 2008) (stating that there is no indication in the text or legislative history of the FLSA that Congress intended to preempt or altogether prohibit remedies available to employees under state employment laws).

9. SBTK's experience, related expertise and extensive resources have been recognized by courts across the country. *See, e.g.*, *Nowak v. Ford Motor Co.*, No. 06-CV-11718, 2006 WL 3870399, at *6 (E.D. Mich. Dec. 22, 2006) (appointing SBTK as co-lead counsel in an ERISA action and noting the firm's "high level" of expertise and willingness to commit the "firm's resources" to the case). The firm has extensive experience not only at the trial court level but also before appellate courts. *See In re Schering-Plough Corp. ERISA Litig.*, 420 F.3d 231 (3d Cir. 2005); *In re Syncor ERISA Litig.*, 516 F.3d 1095 (9th Cir. 2008).

10. Due to the firm's extensive experience in directly analogous cases, its resources and its track record with complex class action prosecution in general, courts across the country have not hesitated to appoint SBTK to lead counsel roles in similar wage and hour actions. *See In re M.L. Stern Overtime Litig.*, No. 07-CV-0118-BTM (S.D. Cal) (appointed lead counsel in competing lead counsel submissions); *See In re AXA Wage and Hour Litigation*, No. 06-CV-04291-JSW (N.D. Cal) (appointed co-lead counsel); *In re Janney Montgomery Scott Financial Consultant Litig., LLC*, No. 06-CV-03202-BMS (E.D. Pa.) (appointed Chair of Executive Committee); *In Re Wachovia Sec., LLC*, MDL-1807, No. 05-CV-1031-DOC (C.D. Cal.) (one of only seven firms serving on Executive Committee in the largest stock broker wage case brought to date). Furthermore, SBTK has served as class counsel for employment law litigation settlements including: *Chaet v. Piper Jaffray Companies*, No. 06-CV-07075 (N.D. Cal.) (settlement for $5,500,000.00); *Siu v. Golden West Financial Corp.*, No. 06-CV-1902 (S.D.

Cal.); *Robinson v. G.E. Capital Corp.*, No. 06-CV-5939 (C.D. Cal.) (settlement for $1,500,000.00) and; *Tobin v. A.G. Edwards & Sons, Inc.*, No. 08-0338 (S.D. Cal.) (preliminary settlement for $12,000,000.00).

11. On August 17, 2007, SBTK filed the instant action. Prior to filing the action, the Firm conducted an investigation into the merits of Plaintiff's claims. During the course of this investigation, SBTK performed extensive legal and factual research into the viability of claims asserted in this matter.

12. To date, Plaintiff has propounded discovery requests, including a request for production of documents and interrogatories, and has conducted six depositions of certain 30(b)(6) corporate designees in Kansas, Maine and New York. Further, Defendant deposed Plaintiff Melissa Eng-Hatcher on April 9, 2008.

13. At present, there remain several outstanding discovery issues. Plaintiff requested an informal conference to address these issues, which request was denied by Magistrate Judge Fox on July 3, 2008. Accordingly, Plaintiff intends to file a formal Motion to Compel Discovery From Defendant. Specifically, Plaintiff seeks an order compelling Defendant to present a Rule 30(b)(6) designee competent to testify regarding complaints of off-the-clock work received by Sprint on a national basis during the proposed FLSA collective class period, as well as the production of documents concerning such complaints. Plaintiff asserts that Defendant has unilaterally limited the scope of discovery and improperly withheld information and documents that bear directly upon Plaintiff's claims in this litigation.

14. Plaintiff believes that the information sought in the motion to compel will further substantiate the allegations contained in Plaintiff's Complaint and further support the appropriateness of Plaintiff's certification motions.

15. Attached hereto as Exhibit B is a true and correct copy of the deposition transcript of Plaintiff, Melissa Eng-Hatcher, who was deposed by Defendant on April 9, 2008.

16. Attached hereto as Exhibit C is a true and correct copy of the deposition transcript of Defendant's corporate designee, Laurilyn Dowling, who was deposed by Plaintiff on June 5, 2008.

17. Attached hereto as Exhibit D is a true and correct copy the deposition transcript of Defendant's corporate designee, Rob Lynch, who was deposed by Plaintiff on June 12, 2008.

18. Attached hereto as Exhibit E is a true and correct copy of the deposition transcript of Defendant's corporate designee, Kim Dixon, who was deposed by Plaintiff on June 13, 2008.

19. Attached as Exhibit F is a true and correct copy of the deposition transcript of Defendant's corporate designee, Mark Galluccio, who was deposed by Plaintiff on June 13, 2008.

20. Attached as Exhibit G is a true and correct copy of the deposition transcript of Defendant's corporate designee, Derek Bailey, who was deposed by Plaintiff on June 26, 2008.

21. Attached as Exhibit H is a true and correct copy of Defendant's "Retail Addendum – Overtime Policy." The document is Bates numbered SPRMEH-000256.

22. Attached as Exhibit I is a true and correct copy of Defendant's "Work Force Management Policy." The document is Bates numbered SPRMEH-000257.

23. Attached as Exhibit J is a true and correct copy of Defendant's "2007 Sales Incentive Plans – Retail CAF Packet." The document is Bates numbered SPRMEH-000714.

24. Attached as Exhibit K is a true and correct copy of an untitled document produced by Defendant during discovery describing its "off-the-clock" policy. The document is Bates numbered SPRMEH-002348.

25.     Attached as Exhibit L are true and correct copies of complaints from Defendant's Employee Helpline relating to wages owed to, *inter alia*, Retail Consultants. The document is Bates Stamped SPRMEH-002946.

26.     Attached as Exhibit M is a true and correct copy of excerpts from Defendant's "2006 Retail Compensation Plan" outlining the Company's "chargeback" policy (or in Sprint's parlance "deactivations"). The document is Bates Stamped SPRMEH-002585.

27.     Attached as Exhibit N is a true and correct copy of excerpts from Defendant's "2007 Retail Compensation Plan Guide." The document is Bates Stamped SPRMEH-001971.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on July 11, 2008, in Radnor, Pennsylvania.

_____
GERALD D. WELLS, III