# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELISSA ENG-HATCHER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT NEXTEL CORPORATION; SPRINT/UNITED MANAGEMENT COMPANY; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 07-CV-7350 |

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS ADDRESSED TO DEFENDANTS SPRINT NEXTEL CORPORATION; SPRINT/UNITED MANAGEMENT COMPANY**

Plaintiff in the above-captioned action hereby requests, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Local Rules of this Court, that Defendants produce for inspection and copying by Plaintiff, the documents hereinafter specified. Plaintiff requests that such production be made in accordance with the "Definitions" and "Instructions" set forth below and that the production be made at the offices of Schiffrin Barroway Topaz & Kessler, LLP, 280 King of Prussia Road, Radnor, PA, 19087 or such other place as counsel may agree within thirty (30) days following service hereof.

**DEFINITIONS**

1. "You," "your," and "yourself" refer to the parties to whom the following requests are addressed, their agents, representatives, officers, directors, affiliates, predecessors, and

1

successors in interest, parents, divisions, subsidiaries, area and regional offices and employees, including persons or entities outside of the United States.

2. "Person" means natural persons, firms, proprietorships, associations, partnerships, corporations, and every other type of organization or entity.

3. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means of transmission, including, but not limited to, face-to-face conversations, mail, electronic mail, telegram, overnight delivery, telephone, facsimile or telex. The term "communication" further refers to any oral, written, or electronic utterance, notation, or statement of any nature whatsoever, draft or final, potential or actual, by and to whomever made or attempted to be made, including, but not limited to, correspondence, memoranda, conversations, dialogues, discussions, interviews, consultations, agreements, electronic messages (including electronic-mail, text messages, instant messages, Company intranet, electronic bulletin board or Internet site posting) and other understandings between two or more Persons.

4. "Defendants" refers to Sprint Nextel Corporation, Sprint/United Management Company, their predecessors, successors, parents, subsidiaries, divisions, affiliates, or anyone acting or purporting to act on their behalf, including any of their respective directors, officers, managing agents, agents, employees, attorneys, accountants, or other representatives.

5. "Document," having the broadest possible meaning accorded to it under Federal Rule of Civil Procedure 34, means any and all electronic data, any medium upon which intelligence or information can be recorded or retrieved, including without limitation electronic data stored on any computer, network, or electronic media, including, but not limited to, active files, deleted files, or fragmentary files, and also includes, without limitation, the original and

each copy regardless of origin and location, of any binder, book, pamphlet, cover note, periodical, certificate, correspondence, table, analysis, schedule, letter, memorandum, log, questionnaire, purchase order, shipping order, permit, diary, calendar, telex, electronic mail message, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, record, drawing, sketch, graph, index, list, tape, stenographic recording, tape recording, computer diskette and/or data, photograph, microfilm, invoice, bill, order form, receipt, financial statement, accounting entry sheet or data processing card, ledger entry, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced, reproduced, or stored, which is in your possession, custody, or control or which was, but is no longer in your possession, custody, or control. The term "document" also means an authentic copy where the original is not in your possession or control and every copy of a Document that is not an identical copy of the original.

6. "Electronic data" means the original (or identical copies when originals are not available) and any non-identical copies (whether different from the originals because of notes made on such copies or otherwise) of electronic data of any kind or description, whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Such data may include, but is not limited to, all text files (including word processing documents), presentation files (such as PowerPoint), spreadsheets, electronic mail files and information concerning electronic mails (including electronic mail receipts and/or transmittals, logs of electronic mail history and usage, header information, and deleted files), Internet history of files and preferences, graphical files in any format, databases, calendar and scheduling information, task lists, telephone logs, contact managers, computer system activity logs, computer programs (whether private, commercial, or work-in-progress), programming notes or instructions, output

resulting from the use of any software program including, but not limited to, database files, charts, graphs, outlines, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral drivers, pif and tif files, batch files, native files and all ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the medium or media on which they reside and regardless of whether such electronic data is in an active file, deleted file, or file fragment. Electronic data includes, but is not limited to, any and all items stored on any electronic media, computers, or networks and backup files containing electronically stored data. The term "electronic data" also includes the file, folder tabs, and/or containers and labels appended to or associated with any physical storage device associated with each such original and/or copy.

7.  "FLSA" means the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

8.  "NY Labor Laws" means New York Labor Law and New York State Labor Department's Codes, Rules and Regulations ("NYCRR") (collectively the "NY Labor Laws").

9.  "Relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed.

10. "Any" shall also mean "all" and vice versa.

11. "And" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible answer.

12. "Sales Representative" means an individual anywhere in the United States who sold and/or marketed wireless telephone services, wireless telephones, telephone accessories and other telecommunications products (collectively "Wireless Products"), sold by Defendants,

including but not limited to employees with any one of the following job titles: (i) Assistant Manager, (ii) Sales Representative, (iii) Retail Consultant, (iv) Retail Sales Consultant, (v) Customer Service Representative, (vi) Account Executive, and/or (vii) Sales Support, who are, or were, employed by Defendants.

13.  "Plaintiff" means Melissa Eng-Hatcher.

14.  "Relevant Time Period," unless otherwise noted, refers to three years prior to the time this action was filed to the present.

## INSTRUCTIONS

1.  These document requests shall be deemed to be continuing, and to require you to supplement your response based upon any documents or other information of which you become aware after you serve your initial response to these requests.

2.  All documents shall be produced in the order they are kept in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile thereof.

3.  These requests relate to all documents which are in Defendants' possession, custody or control or in the possession, custody or control of Defendants' predecessors, successors, parents, subsidiaries, divisions, or affiliates, or any of Defendants' respective directors, officers, managing agents, employees, attorneys, accountants, or other representatives.

4.  Defendants shall produce the original of each document described below or, if the original is not in its custody, then a copy thereof, and in any event, all non-identical copies which differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon.

5. Any alteration of a requested document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of a final document is a separate and distinct document and it should be produced.

6. If production of a document is withheld pursuant to a claim of privilege, as to each such withheld document state the following information:

(a) Which privilege is claimed;

(b) A precise statement of the facts upon which said claim of privilege is based;

(c) The following information describing each purportedly privileged document: (i) its nature, e.g., agreement, letter, memorandum etc.; (ii) the date it was prepared; (iii) the date it bears; (iv) the date it was sent; (v) the date it was received; (vi) the identity of the person preparing it; (vii) the identity of the person sending it; (viii) the identity of each person to whom it was sent or was to have been sent, including all addressees and all recipients of copies; (ix) a statement as to whom each identified person represented or purported to represent at all relevant times; and

(d) A precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file.

7. Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not being produced.

8. If you object to any of the definitions or instructions, state your objection(s) in your response and indicate whether you are complying with the direction or instruction in spite of your objection. If your objection goes to only part of a request, produce all documents which do not fall within the scope of your objection.

9. If a document responsive to these requests was at any time in Defendants' possession, custody or control but now is no longer available for production, as to each such document state the following information:

   (a) Whether the document is missing or lost;

   (b) Whether it has been destroyed;

   (c) Whether the document has been transferred or delivered to another person or entity and, if so, at whose request;

   (d) Whether the document has been otherwise disposed of; and

   (e) A precise statement of the circumstances surrounding the disposition of the document and the date of the document's disposition.

10. The documents produced in response to these Requests should be segregated and clearly marked or labeled as to the specific request to which such documents are responsive and are being produced. Otherwise, such documents shall be produced as they are kept in the usual course of business, including a production of the files from which such documents are taken, along with all other documents residing in those files.

11. Documents not otherwise responsive to this discovery request shall be produced if such documents mention, discuss, refer to or explain the documents which are called for by this discovery request, or if such documents are attached to documents called for by this discovery

request and constitute routing slips, transmittal memoranda, letters, comments, evaluations or similar materials.

12. Without in any way limiting the definition of "document" contained in the Federal Rules of Civil Procedure or herein, you are specifically instructed to search all document management systems, computer archives, and/or backup tapes or disks for documents responsive to the following requests, and production of such documents should be made regardless of whether such documents exist in tangible or "hard" copy form. Production is also sought regardless of whether the user purported to "delete" the document, if such document is capable of being retrieved from archives and/or backup tapes or disks.

13. If the requested documents are stored electronically or in a computer, please identify the location of each document, the computer program by which the document was created, the computer software program, if any, that compresses the document, and the configuration of the computer on which the document is found. As used herein, the term "configuration," when used in reference to any computer, includes, but is not limited to, the following information: (1) computer type, brand, model and serial number; (2) brand and version of all software, including operating system, private and custom developed applications, commercial applications, shareware and/or work-in-progress; and (3) communications capability, including asynchronous and/or synchronous, and including, but not limited to, terminal to mainframe emulation, data download and/or upload capability to mainframe, and computer to computer connections via network, modem, and/or direct connect.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Provide copies of Plaintiff's entire personnel file, including, but not limited to, all employment and/or compensation agreements, performance appraisals, compensation and payroll documents, tax documents, documents indicating time and date of all sales made by Plaintiff and any other document(s) relating to or referencing Plaintiff's employment with Defendants.

**RESPONSE:**


**REQUEST NO. 2:**

Provide copies of all documents relating to compensation paid to Plaintiff by Defendants during the Relevant Time Period, per week and per pay period, including, but not limited to, payroll ledgers or journals, accounting ledgers, books or other comparable records-reports kept, prepared or maintained by Defendants or some other entity on Defendants' behalf.

**RESPONSE:**


**REQUEST NO. 3:**

Provide copies of all documents identifying, describing or relating to the operation of Defendants' retail store locations including, but not limited to, Defendants' retail store locations, job titles, management hierarchy and the contact information for any and all individuals who held supervisory positions over Plaintiff during the Relevant Time Period.

**RESPONSE:**

**REQUEST NO. 4:**

Provide copies of all documents describing, evidencing or otherwise relating to the number of hours worked by Plaintiff during the Relevant Time Period, including, but not limited to computer entries, time sheets or time cards.

**RESPONSE:**



**REQUEST NO. 5:**

Provide copies of all documents relating to monthly budgeted, projected and/or allocated expenses, including those expenses related to employee labor hours, for Defendants' retail store operations.

**RESPONSE:**



**REQUEST NO. 6:**

Provide copies of all documents relating to the policies, practices and procedures utilized by Defendants' for the documentation, recording, tracking and/or calculation of the hours worked by their Sales Representatives including all documents relating to any changes in such policies, etc. during the Relevant Time Period.

**RESPONSE:**

**REQUEST NO. 7:**

Provide copies of all documents containing, identifying and/or relating to any communication(s) between Defendants and Plaintiff relating to Plaintiff's compensation, hours of work, documentation of and compensation for hours worked, job duties and responsibilities and/or job performance during the Relevant Time Period.

**RESPONSE:**

**REQUEST NO. 8:**

Provide copies of all documents relating to Defendants' policies, practices and procedures relating to when and how Sales Representatives are permitted to clock-in or log-on to a time-keeping system and when they are required to clock-out or log off Defendants' time-keeping system during the Relevant Time Period.

**RESPONSE:**

**REQUEST NO. 9:**

Provide copies of all email or other electronic messages sent to or from Plaintiff through Defendants' email or computer systems, regarding or in any way relating to her employment with Defendants during the Relevant Time Period.

**RESPONSE:**

11

**REQUEST NO. 10:**

Provide copies of all documents relating to Sales Representatives performing any tasks or spending any time in Defendants' retail store locations while not clocked-in or logged-onto any time-keeping system, including but not limited to any tasks Sales Representatives performed either prior to clocking or logging in and/or after clocking or logging out.

**RESPONSE:**

**REQUEST NO. 11:**

Provide copies of all documents relating to Sales Representatives performing any tasks relating to their employment with Defendants while outside of Defendants' retail store locations while not clocked-in or logged-onto any time-keeping system including any hours worked outside of Defendants' retail locations for the purpose of promoting Defendants' products and/or soliciting new accounts and depositing store receipts at a bank during the Relevant Time Period.

**RESPONSE**

**REQUEST NO. 12:**

Provide copies of all documents describing, identifying and/or relating to methods and procedures utilized by Defendants for the purpose of accessing, viewing, editing, modifying and/or altering in any way the time records of Sales Representatives, including all documents identifying the individuals and their job titles who may do or have done the same.

**RESPONSE:**

**REQUEST NO. 13:**

Provide copies of all documents relating to the compensation, including salary, commissions, bonuses and/or any other available form of compensation, of any of Defendants' employees who have supervisory duties over Sales Representatives, or are otherwise responsible for the operations of a Defendants' retail store location, including all documents indicating the factors considered in the calculation of such compensation.

**RESPONSE:**

**REQUEST NO. 14:**

Provide copies of all documents that indicate the names, job titles and contact information of all individuals responsible for supervising or overseeing the manager(s) of Defendants' retail store locations including that which employed Plaintiff during the Relevant Time Period.

**RESPONSE:**

**REQUEST NO. 15:**

Provide copies of all employee handbooks, manuals, policies, job descriptions, or similar documents created and/or utilized by Defendants relating to the job duties, responsibilities, hours worked, work schedules and compensation of Defendants' Sales Representatives, including Plaintiff, and which were in effect during the Relevant Time Period.

**RESPONSE:**

**REQUEST NO. 16:**

Provide copies of all documents that identify, describe or otherwise relate to any claim that Defendants' method of compensating Plaintiff and Defendants' Sales Representatives was performed with a good faith reasonable belief that it was complying with all applicable labor laws including but not limited to the Fair Labor Standards Act and the NY Labor Laws regarding the rights and protections of employees.

**RESPONSE:**

**REQUEST NO. 17:**

Provide copies of all documents relating to any oral or written inquiries, grievances or complaints made by Plaintiff and/or any Sales Representative, relating to Defendants' methods and practices of recording and/or calculating the hours worked by Sales Representatives during the last six years, including any and all documents relating to Defendants' grievance and/or complaint policies, handbooks or manuals.

**RESPONSE:**

**REQUEST NO. 18:**

Provide copies of all documents relating to any investigations, reviews and/or audits (collectively "Audits") conducted by Defendants, a representative or officer of Defendants or any third-party relating to the hours worked by Sales Representatives or related to Defendants' methods and practices for documenting, recording and/or calculating the hours worked by Sales Representatives and/or Defendants' compensation of its Sales Representatives. Include all

documents identifying or describing: (i) the individual and/or entity performing the Audit(s); (ii) the date(s) of the Audit(s); (iii) any findings, conclusions or recommendations of the Audit(s); and/or (iv) any corrective measures undertaken by Defendants.

**RESPONSE:**

**REQUEST NO. 19:**

Provide copies of all documents that may be offered into evidence at trial or depositions or may be used to refresh the recollection of a witness at depositions or trial.

**RESPONSE:**

**REQUEST NO. 20:**

Provide copies of all documents and/or correspondence (other than that protected by attorney-client privilege) between Defendants and any person or entity regarding the subject matter of this lawsuit, including any documents obtained as a result of releases and/or subpoenas.

**RESPONSE:**

**REQUEST NO. 21:**

Provide copies of all documents that relate to or reference Defendants' requirements or expectations of their Sales Representatives, including Plaintiff, regarding the promotion of Defendants' Products outside Defendants' retail stores, including without limitation, quotas,

15

number of hours spent promoting, and the number of Products and/or services sold and/or promoted by the Sales Representatives, including Plaintiff.

**RESPONSE:**

**REQUEST NO. 22:**

Provide copies of all documents that identify, describe, or otherwise relate to Defendants' policies and procedures regarding their Sales Representatives', including Plaintiff's, solicitation of new accounts outside of Defendants' retail locations.

**RESPONSE**

**REQUEST NO. 23:**

Provide copies of all documents that relate to or reference deductions taken by Defendants from Sales Representatives' compensation, including Plaintiff's, including but not limited to, chargebacks on Sales Representatives' commissions for returned or cancelled products or contracts.

**RESPONSE:**

**REQUEST NO. 24:**

Provide copies of all documents relating to any quota, goal, target or objective relating to the number of labor hours worked, revenues produced, or payroll costs for Defendants' retail store locations applicable to any individuals employed by Defendants during the Relevant Time Period.

**RESPONSE:**


**REQUEST NO. 25:**

Provide copies of all documents relating to any and all types or methods of incentive, bonus, award (monetary or otherwise), promotion, or recognition provided to any employee of Defendants for attaining the quotas, goals, targets or objectives referenced in Request No. 24 and provide the name, job title, and dates of employment of any and all persons who received or were eligible to receive such incentive, bonus, award (monetary or otherwise), promotion, or recognition during the Relevant Time Period.

**RESPONSE**


**REQUEST NO. 26:**

Provide copies of all documents identifying the individuals by name, job title, and dates of employment, who are/were responsible for implementing the policies, practices and procedures referenced in response to Requests No. 21, 22, 23, 24 and 25.

**RESPONSE:**

17

Dated: April 3, 2008

**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**

_____
Joseph H. Meltzer
Gerald D. Wells, III
Robert Biela
Robert J. Gray
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**THE SHAPIRO LAW FIRM**
Robert J. Shapiro
Jonathan S. Shapiro
500 Fifth Avenue, 14th Floor
New York, NY 10110
Telephone: (212) 391-6464

*Counsel for Plaintiff*

18