# EXHIBIT C

**Gerald D. Wells**

| | |
|---|---|
| **From:** | Bloom, Elise M. [ebloom@proskauer.com] |
| **Sent:** | Wednesday, June 18, 2008 12:05 PM |
| **To:** | Gerald D. Wells; Hurst, Ashley R.; Hughes, Hunter R.; Gildow, Kerri A. |
| **Cc:** | Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein; Kathy Marrone |

**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corp.

Jerry-- I cannot do it at 2 o'clock. We can do it at 4:30 or later or tomorrow.

Elise M. Bloom | PROSKAUER ROSE LLP
Member of the Firm
1585 Broadway | New York, NY 10036-8299
v: 212.969.34 10 | f: 212.969.2900
ebloom@proskauer.com | www.proskauer.com

**From:** Gerald D. Wells [mailto:gwells@sbtklaw.com]
**Sent:** Wednesday, June 18, 2008 11:44 AM
**To:** Bloom, Elise M.; Hurst, Ashley R.; Hughes, Hunter R.; Gildow, Kerri A.
**Cc:** Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein; Kathy Marrone
**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corp.

Elise,

Unfortunately, 4:30 is not possible (due to, among other things, travel schedules). We arranged our schedules to be available at 2:00 -- per your proposal. Please confirm you will be on the call at that time. Once we receive confirmation, I'll circulate a call in number.

Jerry

**From:** Bloom, Elise M. [mailto:ebloom@proskauer.com]
**Sent:** Wednesday, June 18, 2008 11:14 AM
**To:** Gerald D. Wells; Hurst, Ashley R.; Hughes, Hunter R.; Gildow, Kerri A.
**Cc:** Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein; Kathy Marrone
**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corp.

Jerry--

Kerri, Tim and I will be on the call today. Do you want to circulate a call in number or should I? Also, unfortunately we need to push the call back to 4:30 p.m. Please confirm that 4:30 works for your team. We can do it later if 4:30 is an issue.

Elise M. Bloom | PROSKAUER ROSE LLP
Member of the Firm
1585 Broadway | New York, NY 10036-8299
212.969 3410 | f: 212.969.2900
ebloom@proskauer.com | www.proskauer.com

6/26/2008

**From:** Gerald D. Wells [mailto:gwells@sbtklaw.com]
**Sent:** Tuesday, June 17, 2008 4:05 PM
**To:** Bloom, Elise M.; Hurst, Ashley R.; Hughes, Hunter R.; Gildow, Kerri A.
**Cc:** Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein; Kathy Marrone
**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corp.

Dear Elise,

2pm works for Plaintiff's counsel. I will gather everyone on this end and call you. Will anyone else be joining the call from your side? If so, I will circulate a call in number. Either way, kindly let me know. Thanks.

Jerry

**From:** Bloom, Elise M. [mailto:ebloom@proskauer.com]
**Sent:** Tuesday, June 17, 2008 2:33 PM
**To:** Gerald D. Wells; Hurst, Ashley R.; Hughes, Hunter R.; Gildow, Kerri A.
**Cc:** Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein
**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corp.

Dear Jerry:

Thank you for your response to my letter of this morning. I was in court until a short time ago so I am just getting your email now. We would like to set up a time to talk to you to see which of your issues we can resolved through a meet and confer. We would be available tomorrow at 2 p.m. Please let me know if that time works for you and whomever else from your team you want to have participate. We look forward to speaking to you.

Elise M. Bloom | PROSKAUER ROSE LLP
Member of the Firm
1585 Broadway | New York, NY 10036-8299
v: 212.969.3410 | F: 212.969.2900
ebloom@proskauer.com | www.proskauer.com

**From:** Gerald D. Wells [mailto:gwells@sbtklaw.com]
**Sent:** Tuesday, June 17, 2008 12:12 PM
**To:** Bloom, Elise M.; Hurst, Ashley R.; Hughes, Hunter R.
**Cc:** Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein
**Subject:** Eng-Hatcher v. Sprint Nextel Corp.

Dear Ms. Bloom:

We have your letter of this morning.

We would be glad to speak with you by telephone today regarding the insufficiency of Sprint's Rule 30(b)(6) designations, as outlined in my letter of yesterday. As touched upon in that letter, we were surprised by Sprint's improper limitation of the scope and content of its designees' testimony, as well as its failure to produce suitable designees. Indeed, absolutely nothing in Ms. Hurst's May 22 letter setting forth Sprint's designations

gave us notice of the positions assumed by Sprint at deposition. In combination with Sprint's decision to "double track" deposition designees throughout the country--which Plaintiff's counsel only agreed to after Defendant refused to produce all witnesses in a single location--we have had no opportunity to date to meet-and-confer regarding the magnitude of Sprint's failure to produce appropriate designees.

In addition, to the extent that Sprint wishes to meet-and-confer regarding the deficiencies in its interrogatory responses and document production, we would be happy to do so today. In this regard, we note that Sprint has continued supplementing its document production up through and including yesterday. Relatedly, are any supplements to your interrogatory responses forthcoming? We thought it best for Sprint to complete its production before making a final assessment as to the production's sufficiency. However, time is now growing short, and we must either resolve these issues now, or seek an informal conference with the Court pursuant to LCvR 37.2.

We look forward to hearing from you in the near future as to your availability today to speak with us regarding these issues.


Sincerely,

Gerald D. Wells


Gerald D. Wells, III
Attorney at Law
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
Direct Dial - (610) 822-2233
General - (610) 667-7706
FAX - (610) 667-7056
gwells@sbtklaw.com

ATTORNEY WORK-PRODUCT/SUBJECT TO ATTORNEY-CLIENT PRIVILEGE

The information in this transmittal may include privileged and confidential material and is intended for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify the sender immediately at Schiffrin Barroway Topaz & Kessler, LLP at (610) 667-7706.


**********************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)

promoting, marketing or recommending to another party any transaction or matter addressed herein.

*********************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

================================================================

*********************************************************
To ensure compliance with requirements imposed by U.S. Treasury Regulations, Proskauer Rose LLP informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

*********************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

================================================================

*********************************************************
To ensure compliance with requirements imposed by U.S. Treasury Regulations, Proskauer Rose LLP informs you that any U.S. tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

*********************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

================================================================

## Gerald D. Wells

**From:** Gerald D. Wells
**Sent:** Wednesday, June 18, 2008 2:29 PM
**To:** 'Bloom, Elise M.'; Hurst, Ashley R.; Hughes, Hunter R.; Gildow, Kerri A.
**Cc:** Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein; Kathy Marrone; Robert Gray
**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corp.

Elise,

To accommodate your request, we will make ourselves available today at 5pm. We'll circulate a call in number shortly.

Jerry

**From:** Bloom, Elise M. [mailto:ebloom@proskauer.com]
**Sent:** Wednesday, June 18, 2008 1:18 PM
**To:** Gerald D. Wells; Hurst, Ashley R.; Hughes, Hunter R.; Gildow, Kerri A.
**Cc:** Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein; Kathy Marrone; Robert Gray
**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corp.

Jerry--
The individuals that need to be on the call are me and Kerri. As stated previously we are available from 4:30 today on and are willing to do a call this evening or early tomorrow morning. We have also given you a host of other times. As Nick Williams and Robert Biela were informed last week, Ms. Hurst is not available this week and has no access to email or a cell phone. Mr. Hughes is serving as a mediator out of state. We remain ready to meet and confer with you and were prepared to do so last week or even on Monday before Ms. Hurst left. We just cannot do it at 2 p.m. today. We can and are willing to do it at 4:30 or thereafter. Let us know what works for you. Any call to the Magistrate without a good faith attempt to meet and confer and resolve any issues would be in violation of the applicable rules.

Elise M. Bloom | PROSKAUER ROSE LLP
Member of the Firm
1585 Broadway | New York, NY 10036-8299
v. 212.969.3410 | f. 212.969.2900
ebloom@proskauer.com | www.proskauer.com

**From:** Gerald D. Wells [mailto:gwells@sbtklaw.com]
**Sent:** Wednesday, June 18, 2008 1:07 PM
**To:** Bloom, Elise M.; Hurst, Ashley R.; Hughes, Hunter R.; Gildow, Kerri A.
**Cc:** Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein; Kathy Marrone; Robert Gray
**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corp.

Elise,

I understand from a separate email you sent that you are unavailable today at 2pm (despite initially proposing that time). Due to time constraints (e.g., the pending discovery deadline and defendant's representation to date that

you are not amenable to any extension of time), it is imperative that we have the call early enough this afternoon so that all parties can effectively preserve their rights to alert the Court of a continuing dispute, if necessary. Kindly let me know if the other individuals who you indicated would be on the call (Kerri and Tim) are available at 2pm. If they are not, is anyone else from either defense firm of record available at that time? If not, we will call the Magistrate Judge's clerk and ask for an emergency conference with the court. Naturally, I will advise you of any date the court sets.

Again, I look forward to speaking with someone from your side later today at 2pm.

Jerry

**From:** Bloom, Elise M. [mailto:ebloom@proskauer.com]
**Sent:** Wednesday, June 18, 2008 12:13 PM
**To:** Gerald D. Wells; Hurst, Ashley R.; Hughes, Hunter R.; Gildow, Kerri A.
**Cc:** Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein; Kathy Marrone
**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corp.

Jerry--

We would make ourselves available later this evening or early tomorrow morning or virtually anytime time before 3:30 pm. tomorrow. As I told you, we are also available anytime after 4:30 today.  We are also available all day on Friday. That gives us plenty of options. I am sure we can find a time to meet and confer. Please let us know which of these works for team. Thanks.

Elise M. Bloom | PROSKAUER ROSE LLP
Member of the Firm
1585 Broadway | New York, NY 10036-8299
v: 212.969.3410 | F: 212.969.2900
ebloom@proskauer.com | www.proskauer.com

**From:** Gerald D. Wells [mailto:gwells@sbtklaw.com]
**Sent:** Wednesday, June 18, 2008 11:44 AM
**To:** Bloom, Elise M.; Hurst, Ashley R.; Hughes, Hunter R.; Gildow, Kerri A.
**Cc:** Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein; Kathy Marrone
**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corp.

Elise,

Unfortunately, 4:30 is not possible (due to, among other things, travel schedules).  We arranged our schedules to be available at 2:00 -- per your proposal.  Please confirm you will be on the call at that time.  Once we receive confirmation, I'll circulate a call in number.

Jerry

**From:** Bloom, Elise M. [mailto:ebloom@proskauer.com]
**Sent:** Wednesday, June 18, 2008 11:14 AM
**To:** Gerald D. Wells; Hurst, Ashley R.; Hughes, Hunter R.; Gildow, Kerri A.
**Cc:** Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein; Kathy Marrone

6/26/2008

**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corp.

Jerry--

Kerri, Tim  and I will be on the call today. Do you want to circulate a call in number or should I? Also, unfortunately we need to push the call back to 4:30 p.m. Please confirm that 4:30 works for your team. We can do it later if 4:30 is an issue.

Elise M. Bloom | PROSKAUER ROSE LLP
Member of the Firm
1585 Broadway | New York, NY 10036-8299
v: 212.969.3410 | F: 212.969.2900
ebloom@proskauer.com | www.proskauer.com

**From:** Gerald D. Wells [mailto:gwells@sbtklaw.com]
**Sent:** Tuesday, June 17, 2008 4:05 PM
**To:** Bloom, Elise M.; Hurst, Ashley R.; Hughes, Hunter R.; Gildow, Kerri A.
**Cc:** Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein; Kathy Marrone
**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corp.

Dear Elise,

2pm works for Plaintiff's counsel.  I will gather everyone on this end and call you.  Will anyone else be joining the call from your side?  If so, I will circulate a call in number.  Either way, kindly let me know.  Thanks.

Jerry

**From:** Bloom, Elise M. [mailto:ebloom@proskauer.com]
**Sent:** Tuesday, June 17, 2008 2:33 PM
**To:** Gerald D. Wells; Hurst, Ashley R.; Hughes, Hunter R.; Gildow, Kerri A.
**Cc:** Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein
**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corp.

Dear Jerry:

Thank you for your  response to my letter of this morning. I was in court until a short time ago so I am just getting your email now. We would like to set up a time to talk to you to see which of your issues we can resolved through a meet and confer. We would be available tomorrow at 2 p.m. Please let me know if that time works for you and whomever else from your team you want to have participate. We look forward to speaking to you.

Elise M. Bloom | PROSKAUER ROSE LLP
Member of the Firm
1585 Broadway | New York, NY 10036-8299
v: 212.969.3410 | F: 212.969.2900
ebloom@proskauer.com | www.proskauer.com

6/26/2008

**From:** Gerald D. Wells [mailto:gwells@sbtklaw.com]
**Sent:** Tuesday, June 17, 2008 12:12 PM
**To:** Bloom, Elise M.; Hurst, Ashley R.; Hughes, Hunter R.
**Cc:** Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein
**Subject:** Eng-Hatcher v. Sprint Nextel Corp.

Dear Ms. Bloom:

We have your letter of this morning.

We would be glad to speak with you by telephone today regarding the insufficiency of Sprint's Rule 30(b)(6) designations, as outlined in my letter of yesterday. As touched upon in that letter, we were surprised by Sprint's improper limitation of the scope and content of its designees' testimony, as well as its failure to produce suitable designees. Indeed, absolutely nothing in Ms. Hurst's May 22 letter setting forth Sprint's designations gave us notice of the positions assumed by Sprint at deposition. In combination with Sprint's decision to "double track" deposition designees throughout the country--which Plaintiff's counsel only agreed to after Defendant refused to produce all witnesses in a single location--we have had no opportunity to date to meet-and-confer regarding the magnitude of Sprint's failure to produce appropriate designees.

In addition, to the extent that Sprint wishes to meet-and-confer regarding the deficiencies in its interrogatory responses and document production, we would be happy to do so today. In this regard, we note that Sprint has continued supplementing its document production up through and including yesterday. Relatedly, are any supplements to your interrogatory responses forthcoming? We thought it best for Sprint to complete its production before making a final assessment as to the production's sufficiency. However, time is now growing short, and we must either resolve these issues now, or seek an informal conference with the Court pursuant to LCvR 37.2.

We look forward to hearing from you in the near future as to your availability today to speak with us regarding these issues.

Sincerely,

Gerald D. Wells


Gerald D. Wells, III
Attorney at Law
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
Direct Dial - (610) 822-2233
General - (610) 667-7706
FAX - (610) 667-7056
gwells@sbtklaw.com

ATTORNEY WORK-PRODUCT/SUBJECT TO ATTORNEY-CLIENT PRIVILEGE

The information in this transmittal may include privileged and confidential material and is intended for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify the sender immediately at Schiffrin  Barroway

Topaz & Kessler, LLP at (610) 667-7706.

```
************************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

************************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

============================================================================

************************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

************************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

============================================================================

************************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
```

transaction or matter addressed herein.

*********************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

=========================================================================

*********************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

*********************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

=========================================================================

6/26/2008

**Gerald D. Wells**

| | |
|---|---|
| **From:** | Gerald D. Wells |
| **Sent:** | Wednesday, June 18, 2008 3:05 PM |
| **To:** | 'Bloom, Elise M.'; Hurst, Ashley R.; Hughes, Hunter R.; Gildow, Kerri A. |
| **Cc:** | Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein; Kathy Marrone; Robert Gray |
| **Subject:** | RE: Eng-Hatcher v. Sprint Nextel Corp. |

Listed below is the information with regard to the Sprint conference call scheduled for 5:00 p.m. today

Dial In #        888-622-5357

Participant Code    705548

**From:** Bloom, Elise M. [mailto:ebloom@proskauer.com]
**Sent:** Wednesday, June 18, 2008 1:18 PM
**To:** Gerald D. Wells; Hurst, Ashley R.; Hughes, Hunter R.; Gildow, Kerri A.
**Cc:** Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein; Kathy Marrone; Robert Gray
**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corp.

Jerry--
The individuals that need to be on the call are me and Kerri. As stated previously we are available from 4:30 today on and are willing to do a call this evening or early tomorrow morning. We have also given you a host of other times. As Nick Williams and Robert Biela were informed last week, Ms. Hurst is not available this week and has no access to email or a cell phone. Mr. Hughes is serving as a mediator out of state. We remain ready to meet and confer with you and were prepared to do so last week or even on Monday before Ms. Hurst left. We just cannot do it at 2 p.m. today. We can and are willing to do it at 4:30 or thereafter. Let us know what works for you. Any call to the Magistrate without a good faith attempt to meet and confer and resolve any issues would be in violation of the applicable rules.

Elise M Bloom | PROSKAUER ROSE LLP
Member of the Firm
1585 Broadway | New York, NY 10036-8299
v: 212.969.3410 |   212.969.2900
ebloom@proskauer.com | www.proskauer.com

**From:** Gerald D. Wells [mailto:gwells@sbtklaw.com]
**Sent:** Wednesday, June 18, 2008 1:07 PM
**To:** Bloom, Elise M.; Hurst, Ashley R.; Hughes, Hunter R.; Gildow, Kerri A.
**Cc:** Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein; Kathy Marrone; Robert Gray
**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corp.

Elise,

I understand from a separate email you sent that you are unavailable today at 2pm (despite initially proposing that time). Due to time constraints (e.g., the pending discovery deadline and defendant's representation to date that you are not amenable to any extension of time), it is imperative that we have the call early enough this afternoon so that all parties can effectively preserve their rights to alert the Court of a continuing dispute, if necessary.

6/26/2008

Kindly let me know if the other individuals who you indicated would be on the call (Kerri and Tim) are available at 2pm. If they are not, is anyone else from either defense firm of record available at that time? If not, we will call the Magistrate Judge's clerk and ask for an emergency conference with the court. Naturally, I will advise you of any date the court sets.

Again, I look forward to speaking with someone from your side later today at 2pm.

Jerry

**From:** Bloom, Elise M. [mailto:ebloom@proskauer.com]
**Sent:** Wednesday, June 18, 2008 12:13 PM
**To:** Gerald D. Wells; Hurst, Ashley R.; Hughes, Hunter R.; Gildow, Kerri A.
**Cc:** Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein; Kathy Marrone
**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corp.

Jerry--

We would make ourselves available later this evening or early tomorrow morning or virtually anytime time before 3:30 pm. tomorrow. As I told you, we are also available anytime after 4:30 today. We are also available all day on Friday. That gives us plenty of options. I am sure we can find a time to meet and confer. Please let us know which of these works for team. Thanks.

Elise M. Bloom | PROSKAUER ROSE LLP
Member of the Firm
1585 Broadway | New York, NY 10036-8299
•· 212.969.3410 | F: 212.969.2900
ebloom@proskauer.com | www.proskauer.com

**From:** Gerald D. Wells [mailto:gwells@sbtklaw.com]
**Sent:** Wednesday, June 18, 2008 11:44 AM
**To:** Bloom, Elise M.; Hurst, Ashley R.; Hughes, Hunter R.; Gildow, Kerri A.
**Cc:** Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein; Kathy Marrone
**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corp.

Elise,

Unfortunately, 4:30 is not possible (due to, among other things, travel schedules). We arranged our schedules to be available at 2:00 -- per your proposal. Please confirm you will be on the call at that time. Once we receive confirmation, I'll circulate a call in number.

Jerry

**From:** Bloom, Elise M. [mailto:ebloom@proskauer.com]
**Sent:** Wednesday, June 18, 2008 11:14 AM
**To:** Gerald D. Wells; Hurst, Ashley R.; Hughes, Hunter R.; Gildow, Kerri A.
**Cc:** Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein; Kathy Marrone
**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corp.

6/26/2008

Jerry--

Kerri, Tim  and I will be on the call today. Do you want to circulate a call in number or should I? Also, unfortunately we need to push the call back to 4:30 p.m. Please confirm that 4:30 works for your team. We can do it later if 4:30 is an issue.


Elise M. Bloom | PROSKAUER ROSE LLP
Member of the Firm
1585 Broadway | New York, NY 10036-8299
v: 212.969.3410 | f: 212.969.2900
ebloom@proskauer.com | www.proskauer.com


**From:** Gerald D. Wells [mailto:gwells@sbtklaw.com]
**Sent:** Tuesday, June 17, 2008 4:05 PM
**To:** Bloom, Elise M.; Hurst, Ashley R.; Hughes, Hunter R.; Gildow, Kerri A.
**Cc:** Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein; Kathy Marrone
**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corp.

Dear Elise,

2pm works for Plaintiff's counsel. I will gather everyone on this end and call you.  Will anyone else be joining the call from your side?  If so, I will circulate a call in number.  Either way, kindly let me know.  Thanks.

Jerry


**From:** Bloom, Elise M. [mailto:ebloom@proskauer.com]
**Sent:** Tuesday, June 17, 2008 2:33 PM
**To:** Gerald D. Wells; Hurst, Ashley R.; Hughes, Hunter R.; Gildow, Kerri A.
**Cc:** Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein
**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corp.

Dear Jerry:

Thank you for your  response to my letter of this morning. I was in court until a short time ago so I am just getting your email now. We would like to set up a time to talk to you to see which of your issues we can resolved through a meet and confer. We would be available tomorrow at 2 p.m. Please let me know if that time works for you and whomever else from your team you want to have participate. We look forward to speaking to you.


Elise M. Bloom | PROSKAUER ROSE LLP
Member of the Firm
1585 Broadway | New York, NY 10036-8299
v: 212.969.3410 | f: 212.969.2900
ebloom@proskauer.com | www.proskauer.com


**From:** Gerald D. Wells [mailto:gwells@sbtklaw.com]
**Sent:** Tuesday, June 17, 2008 12:12 PM


6/26/2008

**To:** Bloom, Elise M.; Hurst, Ashley R.; Hughes, Hunter R.
**Cc:** Nick Williams; Robert Biela; Ed Ciolko; Katherine Bornstein
**Subject:** Eng-Hatcher v. Sprint Nextel Corp.

Dear Ms. Bloom:

We have your letter of this morning.

We would be glad to speak with you by telephone today regarding the insufficiency of Sprint's Rule 30(b)(6) designations, as outlined in my letter of yesterday. As touched upon in that letter, we were surprised by Sprint's improper limitation of the scope and content of its designees' testimony, as well as its failure to produce suitable designees. Indeed, absolutely nothing in Ms. Hurst's May 22 letter setting forth Sprint's designations gave us notice of the positions assumed by Sprint at deposition. In combination with Sprint's decision to "double track" deposition designees throughout the country--which Plaintiff's counsel only agreed to after Defendant refused to produce all witnesses in a single location--we have had no opportunity to date to meet-and-confer regarding the magnitude of Sprint's failure to produce appropriate designees.

In addition, to the extent that Sprint wishes to meet-and-confer regarding the deficiencies in its interrogatory responses and document production, we would be happy to do so today. In this regard, we note that Sprint has continued supplementing its document production up through and including yesterday. Relatedly, are any supplements to your interrogatory responses forthcoming? We thought it best for Sprint to complete its production before making a final assessment as to the production's sufficiency. However, time is now growing short, and we must either resolve these issues now, or seek an informal conference with the Court pursuant to LCvR 37.2.

We look forward to hearing from you in the near future as to your availability today to speak with us regarding these issues.


Sincerely,

Gerald D. Wells


Gerald D. Wells, III
Attorney at Law
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
Direct Dial - (610) 822-2233
General - (610) 667-7706
FAX - (610) 667-7056
gwells@sbtklaw.com

ATTORNEY WORK-PRODUCT/SUBJECT TO ATTORNEY-CLIENT PRIVILEGE

The information in this transmittal may include privileged and confidential material and is intended for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify the sender immediately at Schiffrin Barroway Topaz & Kessler, LLP at (610) 667-7706.


6/26/2008

```
**********************************************************
```
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

```
**********************************************************
```
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

```
=========================================================================
```

```
**********************************************************
```
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

```
**********************************************************
```
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

```
=========================================================================
```

```
**********************************************************
```
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

6/26/2008

*********************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

================================================================

*********************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

*********************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

================================================================

**Gerald D. Wells**

**From:** Bloom, Elise M. [ebloom@proskauer.com]

**Sent:** Thursday, June 19, 2008 11:57 AM

**To:** Gerald D. Wells

**Cc:** Gildow, Kerri A.

**Subject:** Eng-Hatcher

Jerry,

We will have a letter to you outlining what we are willing to supplement and when and addressing the 30 (b)(6) issue by 1 p.m. Sorry for the short delay.

Elise M. Bloom | PROSKAUER ROSE LLP
Member of the Firm
1585 Broadway | New York, NY 10036-8299
v. 212.969.3410 | f. 212.969.2900
ebloom@proskauer.com | www.proskauer.com

```
***********************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

***********************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

===========================================================
```

6/26/2008

## Gerald D. Wells

**From:**  Bloom, Elise M. [ebloom@proskauer.com]
**Sent:**  Friday, June 20, 2008 12:11 PM
**To:**  Gerald D. Wells; Gildow, Kerri A.; Hurst, Ashley R.; Hughes, Hunter R.
**Cc:**  Ed Ciolko; Robert Gray; Robert Biela; Katherine Bornstein; Michelle A. Coccagna; Jason Conway; Nick Williams; Jill Belack
**Subject:** RE: Eng-Hatcher v. Sprint Nextel

Jerry,

In response to your email below, we are in the process of preparing a detailed letter to address each of the issues that you raise which we cannot have to you by 2 p.m. today. With regard to an extension of the discovery period, we are not willing to consent to an extension because we do not believe there is an adequate basis for an extension.

What we would be willing to do, however, is agree to move the briefing schedule on the class motion and any opposition back for one week, assuming that the Court grants that change. You can represent our position on that issue to the Court.

While we disagree with your characterizations regarding the 30(b)(6) witnesses, and we will address that more fully in our letter, we stand by our offer from yesterday to allow you to conduct 2 out of time depositions next week. We would be agreeable to having you conduct those depositions by telephone or videoconferencing. We have checked with your court reporting service, Veritext, and they have videoconferencing ability in Philadelphia and we have videoconferencing in Kansas and New York. With regard to your reference about additional documents, we offered to produce additional help line documents today but had not heard from you. From your email we assume that you want those documents and we will produce them on Monday.

Elise M. Bloom | PROSKAUER ROSE LLP
Member of the Firm
1585 Broadway | New York, NY 10036-8299
v: 212.969.3410 | f: 212.969.2900
ebloom@proskauer.com | www.proskauer.com

**From:** Gerald D. Wells [mailto:gwells@sbtklaw.com]
**Sent:** Friday, June 20, 2008 11:44 AM
**To:** Bloom, Elise M.; Gildow, Kerri A.; Hurst, Ashley R.; Hughes, Hunter R.
**Cc:** Ed Ciolko; Robert Gray; Robert Biela; Katherine Bornstein; Michelle A. Coccagna; Jason Conway; Nick Williams; Jill Belack
**Subject:** Eng-Hatcher v. Sprint Nextel

Elise,

I write in furtherance of my email and letter correspondence of yesterday.  At present, I have not received a response.

Kindly let me know where Defendants stand on Plaintiff's proposal to extend the discovery period in order to

accommodate, *inter alia*,: (i) Defendants' production of additional documents as promised in your June 19, 2008 letter, (ii) the taking of an additional 30(b)(6) designee regarding off-the-clock work per your June 19th letter, (iii) the retaking of certain depositions due to Defendants' deficient designations, and (iv) continuing the meet and confer process regarding Defendants' deficient document production to date (and related production of such documents).

Please let me know by 2 o'clock (Eastern) today whether Defendants consent to a modest extension of the discovery schedule (and concomitant rescheduling of the class/collective briefing schedule). If I do not hear from you by that time, we will notify the Court and set forth our request.

Regards,

Jerry

Gerald D. Wells, III
Attorney at Law
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087
Direct Dial - (610) 822-2233
General - (610) 667-7706
FAX - (610) 667-7056
gwells@sbtklaw.com

ATTORNEY WORK-PRODUCT/SUBJECT TO ATTORNEY-CLIENT PRIVILEGE

The information in this transmittal may include privileged and confidential material and is intended for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any distribution or copying of this transmittal is prohibited. If you have received this transmittal in error, please notify the sender immediately at Schiffrin Barroway Topaz & Kessler, LLP at (610) 667-7706.

```
*************************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

*************************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
```

6/26/2008

protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

========================================================================

6/26/2008

## Gerald D. Wells

| | |
|---|---|
| **From:** | Gerald D. Wells |
| **Sent:** | Thursday, June 19, 2008 4:58 PM |
| **To:** | 'Bloom, Elise M.' |
| **Cc:** | Gildow, Kerri A.; Robert Gray; Ed Ciolko; Katherine Bornstein; Nick Williams; Jason Conway; Michelle A. Coccagna |

**Subject:** RE: Mark Galluccio

Elise,

I am in receipt of your letter of earlier today.

As a preliminary matter, Plaintiff accepts Defendant's offer to make a 30(b)(6) designee available who can competently speak to investigating off-the-clock work. Please provide a series of dates in which the designee is available so that we may schedule the deposition at a mutually convenient time.

With respect to your offer to make Mr. Galluccio available tomorrow at 1 o'clock for additional questioning, we believe that this offer is inadequate. Stating that someone is available less than 24 hours before the proposed start of the deposition is unreasonable and simply unrealistic. While we appreciate your offer to make him available, we believe that **all** deponents should be made available at a mutually convenient date and location (as we have operated to date).

More importantly, for all the reasons set forth on last night's conference call, it is our position that Mr. Galluccio is a deficient designee. Indeed, Mr. Galluccio himself testified that he was unaware of the Company's practices for the nation. *See* Gallucio Transcript at p.39 ("I can't speak for the nation, no."). As such, we do not believe offering Mr. Gallucio a second time will address our concerns. Consequently, we stand by our position that a competent designee must be made available. Once you have designated an appropriate individual, we would be happy to reschedule the deposition at a mutually convenient time. Perhaps towards the end of next week?

With respect to the other issues raised in your letter, we will respond more formally in letter format. Nevertheless, and in order to preserve all of our rights, please be advised that we still intend to seek an extension from the Court regarding the discovery deadline. While we remain committed to the meet & confer process, and appreciate your offer to work through these discovery issues, it is plainly evident that we simply will not be able to come to agreement on all issues by tomorrow. Indeed, it clear from correspondence to date that there is substantial disagreement regarding, *inter alia*, the production of documents (e.g., Defendant's limitation to discovery related to the Plaintiff's store locations); hence, it is unlikely that this issue (and all of the other outstanding discovery issues) can be solved in a day or, likely, without Court intervention.

While it is my preference that this extension be sought jointly (so as to avoid unnecessary motion practice and in the spirit of comity), Plaintiff is prepared to file the motion unilaterally, if necessary. Regardless, I look forward to further discussions with you -- hopefully resolving these discovery issues amicably.

Regards,

Jerry

**From:** Bloom, Elise M. [mailto:ebloom@proskauer.com]
**Sent:** Thursday, June 19, 2008 3:30 PM
**To:** Gerald D. Wells
**Cc:** Gildow, Kerri A.
**Subject:** Mark Galluccio

Mark Galluccio                                                                    Page 2 of 2

Jerry,

In our letter we offered to make Mr. Gallucio available tomorrow at 1 o'clock at our offices to testify about the job duties of the Store Managers, Regional Sales Managers or Area Retail Directors on a national basis in response to your team's concerns that his answers at his deposition were limited and not national in scope. We will need to know by 4:30 p.m. today whether you would like to proceed tomorrow. Please let us know. Thanks

Elise M. Bloom | PROSKAUER ROSE LLP
Member of the Firm
1585 Broadway | New York, NY 10036-8299
v: 212.969.3410 | f: 212.969.2900
ebloom@proskauer.com | www.proskauer.com

*********************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

*********************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

========================================================================

6/26/2008

Case 1:07-cv-07350-BSJ-KNF    Document 44-4    Filed 07/14/2008    Page 24 of 39

Eng-Hatcher vs. Sprint                                              Page 1 of 1

## Gerald D. Wells

**From:**     Bloom, Elise M. [ebloom@proskauer.com]
**Sent:**     Monday, June 23, 2008 12:21 PM
**To:**       Gerald D. Wells
**Cc:**       Gildow, Kerri A.
**Subject:** Eng-Hatcher vs. Sprint

Jerry,

I am writing to follow up again on the additional 30(b)(6) depositions. You will recall that, without agreeing to your characterization that appropriate witnesses have not been provided, we have offered to provide Mr. Galluccio tomorrow at 1:30p.m. in New York City and an additional witness on Wednesday afternoon or Thursday morning in Kansas on the complaint procedure issue. We also offered to make these witnesses available by telephone, videoconferencing or in person. As I am sure you can appreciate, we need to let the witnesses know today whether you intend to go forward so that they can rearrange their other business commitments. In addition, if you want to proceed by videoconferencing, we need to make sure that the proper arrangements are made. As per my email of last week, Veritext does have the ability to do video conferencing in Philadelphia, which we assume you would arrange for if you want to conduct the depositions by videoconferencing.  We can make the arrangements on our end  in New York and Kansas provided we have sufficient notice.

Please let us know by 3 p.m. today if you want to proceed with these depositions. Thank you.

Elise M. Bloom | PROSKAUER ROSE LLP
Member of the Firm
1585 Broadway | New York, NY 10036-8299
v: 212.969.3410 | f: 212.969.2900
ebloom@proskauer.com | www.proskauer.com

*********************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.


*********************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.


=========================================================================

## Gerald D. Wells

**From:** Bloom, Elise M. [ebloom@proskauer.com]
**Sent:** Friday, June 20, 2008 5:21 PM
**To:** Gerald D. Wells
**Cc:** Gildow, Kerri A.
**Subject:** Eng-Hatcher

Jerry,

Following up on my earlier email, while we continue to disagree with regard as to the issues you raised pertaining to our 30(b)(6) witnesses, we are prepared to make a witness available to provide further testimony on the duties of the Retail Store Managers, Regional Sales Managers and District Managers on Tuesday at 1:30 pm at my office. We would be prepared to offer an additional witness to provide further testimony on the complaint procedure issue on either Wednesday afternoon or Thursday morning in Kansas. Per my earlier email, we are amenable to having you conduct these additional depositions by telephone, videoconferencing or live, whichever works for you. We look forward to hearing from you. Please confirm by Monday at noon whether you would like to proceed with these depositions.

Elise M. Bloom | PROSKAUER ROSE LLP
Member of the Firm
1585 Broadway | New York, NY 10036-8299
v: 212.969.3410 | f: 212.969.2900
ebloom@proskauer.com | www.proskauer.com

*********************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

*********************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

6/26/2008

## Gerald D. Wells

| | |
|---|---|
| **From:** | Gerald D. Wells |
| **Sent:** | Monday, June 23, 2008 12:27 PM |
| **To:** | 'Bloom, Elise M.' |
| **Cc:** | Gildow, Kerri A.; 'Hurst, Ashley R.'; Hughes, Hunter R.; Ed Ciolko; Robert Gray; Robert Biela; Katherine Bornstein; Nick Williams; Michelle A. Coccagna; Jason Conway |
| **Subject:** | RE: Eng-Hatcher |

Elise:

Thank you for your offer to make additional deposition designees available this week. As a preliminary matter, due to the short notice, we are unable to accept your offer to take additional deposition testimony regarding, *inter alia,* the duties of Retail Store Managers, Regional Sales Managers, and District Managers tomorrow afternoon. Would such a designee be available on Friday? If so, Plaintiff would be happy to schedule that deposition. Naturally, since Mr. Galluccio testified that he was unable to speak to matters on a national level, we trust that you will be designating a different individual. Kindly let us know the name and job title of your proposed designee.

With respect to your offer of making a designee available on Thursday to address the issue of complaints of off-the-clock work, there appears to be some confusion over the scope of the deposition. As we set forth in our June 18th conference call (and subsequent correspondence of June 19th), such a designee needs knowledge of the following topic areas: (i) Defendants' procedures for investigating complaints of off-the-clock work, (ii) how such complaints are processed, (iii) what corrective action, if any, the Company has taken as a result of such complaints, and (iv) information concerning actual complaints of off-the-clock work from across the country. However, in your email of June 20th, you appear to limit such testimony to the "complaint procedure issue."

Kindly confirm that your proposed designee is someone with knowledge of each of the areas identified by Plaintiff and can address each such area. Also, please forward us that designee's name and job title. To ensure that serial depositions are not required, kindly confirm that all documents relating to complaints, including "hold notices" identified in my letter of June 19th, are produced by 5pm Tuesday, June 24, 2008. To expedite matters, kindly send us all outstanding documents relating to this area by email (if possible, otherwise by overnight delivery). Once Plaintiff's counsel has received confirmation that all discoverable documents relating to this topic area have been produced, we will confirm the deposition for Thursday, June 26, in Kansas.

Obviously, we do not believe it would be an appropriate use of resources to proceed with the tentative deposition in Kansas without the production of all documents related to complaints prior to the 30(b)(6) deposition on that topic area. Consequently, we appreciate your prompt attention to (and production of) documents relating to this limited area.

Finally, please advise as to when all documents requested by Plaintiff will be produced. Such outstanding areas were identified on our conference call and in my letter correspondence from last week. As you know, we have requested a conference with the Court and I would like to be in a position to advise the Court that the parties have come to agreement on all outstanding issues.

Please feel free to email me if you have any questions or concerns.

Jerry

**From:** Bloom, Elise M. [mailto:ebloom@proskauer.com]
**Sent:** Friday, June 20, 2008 5:21 PM
**To:** Gerald D. Wells
**Cc:** Gildow, Kerri A.
**Subject:** Eng-Hatcher

Jerry,

Following up on my earlier email, while we continue to disagree with regard as to the issues you raised pertaining to our 30(b)(6) witnesses, we are prepared to make a witness available to provide further testimony on the duties of the Retail Store Managers, Regional Sales Managers and District Managers on Tuesday at 1:30 pm at my office. We would be prepared to offer an additional witness to provide further testimony on the complaint procedure issue on either Wednesday afternoon or Thursday morning in Kansas. Per my earlier email, we are amenable to having you conduct these additional depositions by telephone, videoconferencing or live, whichever works for you. We look forward to hearing from you. Please confirm by Monday at noon whether you would like to proceed with these depositions.

Elise M Bloom | PROSKAUER ROSE LLP
Member of the Firm
1585 Broadway | New York, NY 10036-8299
V: 212.969.3410 | F: 212.969.2900
ebloom@proskauer.com | www.proskauer.com

*************************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

*************************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

=============================================================

6/26/2008

## Gerald D. Wells

**From:**    Bloom, Elise M. [ebloom@proskauer.com]
**Sent:**    Monday, June 23, 2008 9:03 PM
**To:**      Gerald D. Wells
**Cc:**      Hurst, Ashley R.; Hughes, Hunter R.; Robert Gray; Ed Ciolko; Nick Williams; Katherine Bornstein; Jason Conway; Michelle A. Coccagna

**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corporation

Thanks Jerry. We will be back to you tomorrow.


Elise M. Bloom | PROSKAUER ROSE LLP
Member of the Firm
1585 Broadway | New York NY 10036-8299
v: 212.969.3410 | F: 212.969.2900
ebloom@proskauer.com | www.proskauer.com



**From:** Gerald D. Wells [mailto:gwells@sbtklaw.com]
**Sent:** Monday, June 23, 2008 8:40 PM
**To:** Bloom, Elise M.
**Cc:** Hurst, Ashley R.; Hughes, Hunter R.; Robert Gray; Ed Ciolko; Nick Williams; Katherine Bornstein; Jason Conway; Michelle A. Coccagna
**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corporation

Elise:

With respect to the Kansas deposition, please be advised that we will plan on proceeding with this deposition on Thursday, June 26, 2008, unless otherwise informed by you. Also, while we appreciate your offer to have the deposition done via video conferencing, we prefer to take deposition in person and start in the morning (thereby giving us the entire day). Does a 10:00 am start time sound good? Please make the necessary arrangements (although we will, obviously, contact the court reporting service). Thank you.

Regarding your contention that areas (iii) and (iv) are somehow unduly burdensome, we respectfully disagree. Nevertheless, we appreciate your acknowledgement that the designee will be able to speak generally as to these two areas. Further, some possible additional clarification may be in order regarding these topic areas.

First, Plaintiff is interested in whether the Company took any corrective measures (*e.g.*, remedial training; reminders regarding wage and hour laws, including email correspondence/notifications; revised/augmented/re-issued Company-wide policies) on a macro level. Plaintiff would also like to know how many managers, if any, faced disciplinary measures during the applicable period for his/her employees to work off-the-clock.

Further, Plaintiff would also like to know whether Company directors and executives discussed the issue of "off-the-clock" work or complaints/policies regarding unpaid hours including store preparation and/or closing (and its repercussions). Indeed, the Board of Directors' meeting minutes we requested previously, and discussed last week, would further this objective of knowing whether the Company had any centralized reaction to employees allegations of off-the-clock work.

Regarding the document production in anticipation of the 30(b)(6) deposition, please advise as to whether there were any summary or cumulative reports of off-the-clock work or complaints regarding unpaid hours worked. Also, I again note that a previous designee testified as to the existence of "hold notices." Kindly let us know when

the production of such documents will be forthcoming.  Finally, while Plaintiff appreciates your production of
helpline calls from New York from April 2005 forward, this production seems woefully inadequate (are you
producing only a one page document?) as it appears to have no basis in either Plaintiff's nationwide FLSA claim
or her state law claims.  Kindly explain Defendants' truncated production.

As to the deposition tentatively set for Friday, June 27, 2008, please let us know when the Company has
identified an appropriate individual to testify.  We appreciate the fact that you are identifying someone other than
Mr. Galluccio.  Without belaboring the point and putting Mr. Galluccio's personal knowledge aside, he was not
prepared to testify as to the topics for which he was designated in Ashley Hurst's May 22, 2008 letter, as is clear
from the transcript.  We understand that the witness you will produce on Friday will be prepared to testify with
respect to categories 2 and 3 as described in Ms. Hurst's letter and look forward to receiving confirmation from
you on a time certain once an appropriate individual has been identified.

Finally, to the extent that either Thursday and/or Friday's deposition designee ascertains facts from a review
of any documents or data, please ensure that such material is produced well in advance of the
respective depositions (to the extent that such material has not been previously produced).  Thank you for your
cooperation in this regard.

Regards,

Jerry


**From:** Ruddick, Susan [mailto:SRuddick@proskauer.com] **On Behalf Of** Bloom, Elise M.
**Sent:** Monday, June 23, 2008 3:49 PM
**To:** Gerald D. Wells
**Subject:** Eng-Hatcher v. Sprint Nextel Corporation


Jerry:

Thank you for your email. Please be advised as follows:

1. Kansas Deposition

Our designatee is Wendy Savlin. Her title is Employee Experience Manager, II. As we are sure you are aware,
however, her title is not relevant -- she is a 30(b)(6) witness and the issue is whether she is educated on the issue
(s) for which she is being designated. Per our earlier correspondence, she is available Wednesday afternoon or
Thursday morning.

With regard to the scope of the deposition, you have requested someone to testify on the following topics: (i)
Defendants' procedures for investigating complaints of off-the-clock work, (ii) how such complaints are processed,
(iii) what corrective action, if any, the Company has taken as a result of such complaints, and (iv) information
concerning actual complaints of off-the-clock work from across the country. To be clear, we do not believe these
topics were encompassed by your original 30(b)(6) notice. Nevertheless, Ms. Savlin will be prepared to testify
about items (i) and (ii). As to (iii) and (iv), pursuant to our earlier correspondence, there is no one person who
could testify about these issues since they are, in large part, anecdotal. To unearth the anecdotal information -- to
the extent it exists -- those two requests would require us to review and unduly burdensome number of files.
However, Ms. Savlin has spoken to a number of individuals within the Company nationally, and will be able to
provide testimony generally on these two (2) topics.

With regard to documents, you will have tomorrow morning a CD with the helpline calls for all of New York from
April of 2005 forward.

Please let us know whether you want to proceed on Wednesday afternoon or Thursday morning and whether you
will be proceeding in person or by videoconference or telephone so that we can make the proper arrangements.
We will need this information by noon tomorrow.


2. 30(b)(6) Deposition on the Duties of Retail Store Managers, Regional Sales Managers and District Managers
We disagree that Mr. Galluccio is not an appropriate 30(b)(6) on this topic. His "personal knowledge" is not the
relevant barometer. He was prepared to testify, and did testify on these topics, consistent with Ms. Hurst's May

22, 2008 and to the extent questions were actually asked. Mr. Galluccio is not available on Friday. However, we are in the process of identifying an appropriate substitute so that the deposition can be taken on Friday as per your request. We will notify you as soon as we have identified that person.

```
***********************************************************
```
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

```
***********************************************************
```
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

```
=================================================================
```

```
***********************************************************
```
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

```
***********************************************************
```
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

```
=================================================================
```

6/26/2008

## Gerald D. Wells

**From:**    Gerald D. Wells
**Sent:**    Tuesday, June 24, 2008 10:54 AM
**To:**      'Bloom, Elise M.'
**Cc:**      Hurst, Ashley R.; Hughes, Hunter R.; Robert Gray; Ed Ciolko; Nick Williams; Katherine Bornstein; Jason Conway; Michelle A. Coccagna
**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corporation

Elise:

Thank you for your courtesy. Kindly send me the name and job title of the second designee. In addition, please be advised that we would like to double track these depositions, with each starting at 9:30 a.m. on Thursday. Finally, where do we stand on Defendants' outstanding document production? I appreciate your prompt attention to these matters.

Jerry

**From:** Bloom, Elise M. [mailto:ebloom@proskauer.com]
**Sent:** Tuesday, June 24, 2008 8:05 AM
**To:** Gerald D. Wells
**Cc:** Hurst, Ashley R.; Hughes, Hunter R.; Robert Gray; Ed Ciolko; Nick Williams; Katherine Bornstein; Jason Conway; Michelle A. Coccagna
**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corporation

Jerry:

We have identified the second additional 30 (b)(6) witness. This individual is in Kansas and is available Thursday afternoon after the deposition of Ms. Savlin. We propose starting Ms. Savlin at 9 a.m. and then proceeding with the second deposition at or about 1 p.m. .

Please confirm the above this morning so that we can make the appropriate arrangements.

Elise M. Bloom | PROSKAUER ROSE LLP
Member of the Firm
1585 Broadway , New York, NY 10036-8299
v: 212.969.3410 | f: 212.969.2900
ebloom@proskauer.com | www.proskauer.com

**From:** Gerald D. Wells [mailto:gwells@sbtklaw.com]
**Sent:** Monday, June 23, 2008 8:40 PM
**To:** Bloom, Elise M.
**Cc:** Hurst, Ashley R.; Hughes, Hunter R.; Robert Gray; Ed Ciolko; Nick Williams; Katherine Bornstein; Jason Conway; Michelle A. Coccagna
**Subject:** RE: Eng-Hatcher v. Sprint Nextel Corporation

Elise:

With respect to the Kansas deposition, please be advised that we will plan on proceeding with this deposition on Thursday, June 26, 2008, unless otherwise informed by you. Also, while we appreciate your offer to have the deposition done via video conferencing, we prefer to take deposition in person and start in the morning (thereby giving us the entire day). Does a 10:00 am start time sound good? Please make the necessary arrangements (although we will, obviously, contact the court reporting service). Thank you.

Regarding your contention that areas (iii) and (iv) are somehow unduly burdensome, we respectfully disagree. Nevertheless, we appreciate your acknowledgement that the designee will be able to speak generally as to these two areas. Further, some possible additional clarification may be in order regarding these topic areas.

First, Plaintiff is interested in whether the Company took any corrective measures (*e.g.,* remedial training; reminders regarding wage and hour laws, including email correspondence/notifications; revised/augmented/re-issued Company-wide policies) on a macro level. Plaintiff would also like to know how many managers, if any, faced disciplinary measures during the applicable period for his/her employees to work off-the-clock.

Further, Plaintiff would also like to know whether Company directors and executives discussed the issue of "off-the-clock" work or complaints/policies regarding unpaid hours including store preparation and/or closing (and its repercussions). Indeed, the Board of Directors' meeting minutes we requested previously, and discussed last week, would further this objective of knowing whether the Company had any centralized reaction to employees allegations of off-the-clock work.

Regarding the document production in anticipation of the 30(b)(6) deposition, please advise as to whether there were any summary or cumulative reports of off-the-clock work or complaints regarding unpaid hours worked. Also, I again note that a previous designee testified as to the existence of "hold notices." Kindly let us know when the production of such documents will be forthcoming. Finally, while Plaintiff appreciates your production of helpline calls from New York from April 2005 forward, this production seems woefully inadequate (are you producing only a one page document?) as it appears to have no basis in either Plaintiff's nationwide FLSA claim or her state law claims. Kindly explain Defendants' truncated production.

As to the deposition tentatively set for Friday, June 27, 2008, please let us know when the Company has identified an appropriate individual to testify. We appreciate the fact that you are identifying someone other than Mr. Galluccio. Without belaboring the point and putting Mr. Galluccio's personal knowledge aside, he was not prepared to testify as to the topics for which he was designated in Ashley Hurst's May 22, 2008 letter, as is clear from the transcript. We understand that the witness you will produce on Friday will be prepared to testify with respect to categories 2 and 3 as described in Ms. Hurst's letter and look forward to receiving confirmation from you on a time certain once an appropriate individual has been identified.

Finally, to the extent that either Thursday and/or Friday's deposition designee ascertains facts from a review of any documents or data, please ensure that such material is produced well in advance of the respective depositions (to the extent that such material has not been previously produced). Thank you for your cooperation in this regard.

Regards,

Jerry

**From:** Ruddick, Susan [mailto:SRuddick@proskauer.com] **On Behalf Of** Bloom, Elise M.
**Sent:** Monday, June 23, 2008 3:49 PM
**To:** Gerald D. Wells
**Subject:** Eng-Hatcher v. Sprint Nextel Corporation

Jerry:
Thank you for your email. Please be advised as follows:
1. Kansas Deposition

Our designatee is Wendy Savlin. Her title is Employee Experience Manager, II. As we are sure you are aware, however, her title is not relevant -- she is a 30(b)(6) witness and the issue is whether she is educated on the issue (s) for which she is being designated. Per our earlier correspondence, she is available Wednesday afternoon or Thursday morning.

With regard to the scope of the deposition, you have requested someone to testify on the following topics: (i) Defendants' procedures for investigating complaints of off-the-clock work, (ii) how such complaints are processed, (iii) what corrective action, if any, the Company has taken as a result of such complaints, and (iv) information concerning actual complaints of off-the-clock work from across the country. To be clear, we do not believe these topics were encompassed by your original 30(b)(6) notice. Nevertheless, Ms. Savlin will be prepared to testify about items (i) and (ii). As to (iii) and (iv), pursuant to our earlier correspondence, there is no one person who could testify about these issues since they are, in large part, anecdotal. To unearth the anecdotal information -- to the extent it exists -- those two requests would require us to review and unduly burdensome number of files. However, Ms. Savlin has spoken to a number of individuals within the Company nationally, and will be able to provide testimony generally on these two (2) topics.

With regard to documents, you will have tomorrow morning a CD with the helpline calls for all of New York from April of 2005 forward.

Please let us know whether you want to proceed on Wednesday afternoon or Thursday morning and whether you will be proceeding in person or by videoconference or telephone so that we can make the proper arrangements. We will need this information by noon tomorrow.

2. 30(b)(6) Deposition on the Duties of Retail Store Managers, Regional Sales Managers and District Managers
We disagree that Mr. Galluccio is not an appropriate 30(b)(6) on this topic. His "personal knowledge" is not the relevant barometer. He was prepared to testify, and did testify on these topics, consistent with Ms. Hurst's May 22, 2008 to the extent questions were actually asked. Mr. Galluccio is not available on Friday. However, we are in the process of identifying an appropriate substitute so that the deposition can be taken on Friday as per your request. We will notify you as soon as we have identified that person.

************************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

************************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

==============================================================================

************************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)

6/26/2008

avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

*********************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

==========================================================================

6/26/2008

## Gerald D. Wells

| | |
|---|---|
| **From:** | Gerald D. Wells |
| **Sent:** | Tuesday, June 24, 2008 4:22 PM |
| **To:** | 'Bloom, Elise M.' |
| **Cc:** | Hurst, Ashley R.; Hughes, Hunter R.; Ed Ciolko; Robert Gray; Nick Williams; Katherine Bornstein; Michelle A. Coccagna; Jason Conway |

**Subject:** RE: Eng-Hatcher: 30(b)(6) Depositions

Elise,

This email follows up on our conversation of earlier today.

I note for the record that Defendants' discovery position to date is wildly inconsistent.   On the one hand, you have limited Defendants' document production to complaints via the helpline occurring only in NY and only from April 2005 to present.  Yet, on the other hand, Defendants' proposed 30(b)(6) designee is prepared to speak to nationwide complaints -- not just ones from NY from April 2005 to present.  To date, Defendants have failed to explain this inconsistency.  Obviously, this inconsistency obstructs Plaintiff's ability to properly question the designee regarding complaints by Sales Representatives on a nationwide level -- the central issue of this litigation.

Nevertheless, as we discussed, Plaintiff is prepared to proceed with the deposition of Ms. Savlin provided that (i) Defendants agree to produce Ms. Savlin (or an appropriate designee) again after a ruling from the Court regarding Defendants' improper temporal and geographic limitations on documents produced or (ii) Defendants agree that Ms. Savlin's deposition testimony is limited in scope to the geographic and temporal parameters of Defendants' document production of earlier today with production of a nationwide 30(b)(6) designee after Defendants cure their deficient document production.  Absent an agreement on either of these points (and I leave it to Defendants to choose), Plaintiff believes that, in the interest of conserving the parties' resources, we should hold this deposition in abeyance until we receive a ruling from the Court regarding Defendants' deficient production.

As we stated on the call, Plaintiff will be proceeding on Thursday with the deposition of your recent designee (Derek Bailey) to augment Mr. Galluccio's deposition testimony.  Unless you agree to the above regarding the scope of Ms. Salvin's designation, we will now like to proceed with Mr. Bailey's deposition via video conferencing (per your prior offering and in order to conserve the parties' resources).

Jerry

**From:** Ruddick, Susan [mailto:SRuddick@proskauer.com] **On Behalf Of** Bloom, Elise M.
**Sent:** Tuesday, June 24, 2008 3:18 PM
**To:** Gerald D. Wells
**Subject:** Eng-Hatcher: 30(b)(6) Depositions

Dear Jerry:
In response to your email regarding the 30(b)(6) depositions, please be advised as follows:
1.    Wendy Savlin:  Ms. Savlin will be available Thursday morning in Kansas City at 9:30 a.m. to be examined pursuant to my June 23, 2008 email.

2.    Topic No. 3:  While we continue to disagree with your characterization of Mr. Galluccio's testimony and the limitations placed on that testimony, we have agreed to designate an additional

individual for Topic 3, specifically, the job duties of Retail Store Managers, Regional Sales Managers and/or District Managers. That individual is Derek Bailey. He is the Director of Sales Operations and will be available, pursuant to your request, on Thursday at 9:30 a.m. in Kansas City.

Please confirm these depositions by no later than 5:00 p.m. today.
The depositions will be held at 6360 Sprint Parkway in conference rooms IC555 and IC603. Please provide this information to your court reporters. Also, please send me the name(s) of the attorneys who will be attending so that I can make the appropriate arrangements.

Finally, you should have received a CD with 1300 additional documents this morning.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

## Gerald D. Wells

**From:**   Gerald D. Wells
**Sent:**   Tuesday, June 24, 2008 5:55 PM
**To:**     'Bloom, Elise M.'
**Cc:**     Hurst, Ashley R.; Hughes, Hunter R.; Ed Ciolko; Robert Gray; Nick Williams; Katherine Bornstein; Michelle A. Coccagna; Jason Conway
**Subject:** RE: Eng-Hatcher: 30(b)(6) Depositions

Elise:

Please be advised that Plaintiff:

1) Will proceed with the deposition of Mr. Bailey's via video conferencing on Thursday; and

2) Will not proceed with the deposition of Ms. Savlin on Thursday for all the reasons set forth in today's call and my previous email.

We look forward to the deposition of Mr. Bailey and will send you logistical contact information under separate cover.

Jerry

**From:** Bloom, Elise M. [mailto:ebloom@proskauer.com]
**Sent:** Tuesday, June 24, 2008 5:08 PM
**To:** Gerald D. Wells
**Cc:** Hurst, Ashley R.; Hughes, Hunter R.; Ed Ciolko; Robert Gray; Nick Williams; Katherine Bornstein; Michelle A. Coccagna; Jason Conway
**Subject:** RE: Eng-Hatcher: 30(b)(6) Depositions

Jerry,

This will confirm that Derek Bailey's deposition will go forward on Thursday June 26th at 9:30 a.m. central time on Topic 3.

As to Ms. Savlin, the entire inquiry is beyond the scope of the 30 (b)(6) notice. Therefore, anything we are doing is an accommodation to you. Nothing in our our position is inconsistent. We have set forth what she is prepared to testify about within the 4 subparts that you requested. The scope of her testimony is in no way impacted by the document production. She remains able to testify as previously represented. Let us know by 6 p.m. tonight whether you intend to go forward on Thursday at 9:30 am. with her deposition. If you intend to proceed by video, please provide us with the details and logistical contact information and confirm that you can arrange for videoconferencing for that deposition at this time.

As to the documents, we believe that our production is more than sufficient. First and foremost, Ms. Eng-Hatcher has never claimed that she made a complaint. Thus, the entire area of inquiry is not relevant. As we told you in our letter of June 23, 2008 there were two centralized sources for actual complaints. We checked both for New York. There was nothing in the ethics hotline. We gave you the relevant complaints from the Helpline. In terms of the time frame, that is the time frame for data that can be searched. We believe that data prior to April of 2005 is not in a searchable format.

Elise M Bloom | PROSKAUER ROSE LLP

6/26/2008

Member of the Firm
1585 Broadway | New York, NY 10036-8299
v: 212.969.3410 | f: 212.969.2900
ebloom@proskauer.com | www.proskauer.com

**From:** Gerald D. Wells [mailto:gwells@sbtklaw.com]
**Sent:** Tuesday, June 24, 2008 4:22 PM
**To:** Bloom, Elise M.
**Cc:** Hurst, Ashley R.; Hughes, Hunter R.; Ed Ciolko; Robert Gray; Nick Williams; Katherine Bornstein; Michelle A. Coccagna; Jason Conway
**Subject:** RE: Eng-Hatcher: 30(b)(6) Depositions

Elise,

This email follows up on our conversation of earlier today.

I note for the record that Defendants' discovery position to date is wildly inconsistent.   On the one hand, you have limited Defendants' document production to complaints via the helpline occurring only in NY and only from April 2005 to present.  Yet, on the other hand, Defendants' proposed 30(b)(6) designee is prepared to speak to nationwide complaints -- not just ones from NY from April 2005 to present.  To date, Defendants have failed to explain this inconsistency.  Obviously, this inconsistency obstructs Plaintiff's ability to properly question the designee regarding complaints by Sales Representatives on a nationwide level -- the central issue of this litigation.

Nevertheless, as we discussed, Plaintiff is prepared to proceed with the deposition of Ms. Savlin provided that (i) Defendants agree to produce Ms. Savlin (or an appropriate designee) again after a ruling from the Court regarding Defendants' improper temporal and geographic limitations on documents produced or (ii) Defendants agree that Ms. Savlin's deposition testimony is limited in scope to the geographic and temporal parameters of Defendants' document production of earlier today with production of a nationwide 30(b)(6) designee after Defendants cure their deficient document production.  Absent an agreement on either of these points (and I leave it to Defendants to choose), Plaintiff believes that, in the interest of conserving the parties' resources, we should hold this deposition in abeyance until we receive a ruling from the Court regarding Defendants' deficient production.

As we stated on the call, Plaintiff will be proceeding on Thursday with the deposition of your recent designee (Derek Bailey) to augment Mr. Galluccio's deposition testimony.  Unless you agree to the above regarding the scope of Ms. Salvin's designation, we will now like to proceed with Mr. Bailey's deposition via video conferencing (per your prior offering and in order to conserve the parties' resources).

Jerry

**From:** Ruddick, Susan [mailto:SRuddick@proskauer.com] **On Behalf Of** Bloom, Elise M.
**Sent:** Tuesday, June 24, 2008 3:18 PM
**To:** Gerald D. Wells
**Subject:** Eng-Hatcher: 30(b)(6) Depositions

Dear Jerry:
In response to your email regarding the 30(b)(6) depositions, please be advised as follows:
1.     Wendy Savlin: Ms. Savlin will be available Thursday morning in Kansas City at 9:30 a.m. to be examined pursuant to my June 23, 2008 email.

6/26/2008

2.    Topic No. 3: While we continue to disagree with your characterization of Mr. Galluccio's testimony and the limitations placed on that testimony, we have agreed to designate an additional individual for Topic 3, specifically, the job duties of Retail Store Managers, Regional Sales Managers and/or District Managers. That individual is Derek Bailey. He is the Director of Sales Operations and will be available, pursuant to your request, on Thursday at 9:30 a.m. in Kansas City.

Please confirm these depositions by no later than 5:00 p.m. today.
The depositions will be held at 6360 Sprint Parkway in conference rooms IC555 and IC603. Please provide this information to your court reporters. Also, please send me the name(s) of the attorneys who will be attending so that I can make the appropriate arrangements.

Finally, you should have received a CD with 1300 additional documents this morning.

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

============================================================================

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

============================================================================
```

6/26/2008