PROSKAUER ROSE
Elise M. Bloom, Esq.
Gregory I. Rasin, Esq.
1585 Broadway
New York, New York  10036
Tel. (212) 969-3000
Fax (212) 969-2900

ROGERS & HARDIN LLP
Hunter R. Hughes, Esq.
J. Timothy Mc Donald, Esq.
Ashley R. Hurst, Esq.
2700 International Tower
Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA  30303
Tel.  (404) 522-4700
Fax.  (404) 525-2224

 Attorneys for Defendants
 Sprint Nextel Corporation
 And Sprint/United Management
 Company

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MELISSA ENG-HATCHER, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 07-CIV-7350(BSJ)(KNF) |
| SPRINT NEXTEL CORPORATION; and DOES 1 through 10, inclusive, ) ) ) ) | **STIPULATION FOR THE PROTECTION AND EXCHANGE OF CONFIDENTIAL DOCUMENTS** |
| Defendants. ) ) | |

 IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff and her

counsel, and Defendants ("Defendants"), and their counsel, by and through their undersigned

counsel, as follows:

1. Any party to this Stipulation For The Protection And Exchange Of Confidential Documents may designate as "Confidential And Protected Matter:" (1) any personal non-public, proprietary, business, financial or other protected documents or files, including personnel files, training materials and payroll, compensation or other records of Defendants' current or former employees relating to or part of the calculation of their pay, that pertain to any current or former employees of Defendants and/or business records or information about the operation of Defendants' business; and (2) any documents that contain proprietary, financial, confidential, or other protected documentation pertaining to Plaintiff or Defendants.

2. Confidential and Protected Matter shall be labeled or otherwise designated "Confidential" or the equivalent. Any confidential designation which is omitted inadvertently prior to or subsequent to the execution of this Stipulation may be corrected by written notification to opposing counsel.

3. Confidential and Protected Matters or information derived there from may only be disclosed or made available by the party receiving such information to "Qualified Persons," who are deemed to consist of:

 (a) The Court or its staff in connection with the Court's administrator and adjudication of this action;

 (b) The parties to this action, including those employees of each party deemed necessary to aid counsel in the prosecution and defense of this action;

 (c) Counsel for the parties to this action, including in-house counsel, and the legal, paralegal, clerical and secretarial staff employed by such counsel;

 (d) Witnesses, including experts utilized in connection with this action, 10 days after such person has been disclosed in response to mandatory disclosure obligations or in

response to an Interrogatory; and

    (e) Any other person(s) agreed to in writing by counsel for the parties.

  4. Each qualified person given access to Confidential and Protected Matter or information pursuant to the terms of this Stipulation shall be advised that the Confidential and Protected Matter or information is being disclosed pursuant to and subject to the terms of this Stipulation and may not be disclosed other than pursuant to the terms hereof.  With regard to persons who fall under 3(d) and (e), prior to being given access to Confidential and Protected Matter, they shall sign a copy of this agreement.  The persons who fall under categories 3(b) and (c) shall be deemed to have agreed to these provisions by entering into this Stipulation and authorizing their counsel to sign the same.

  5. If counsel for any party to this action determines to file with, or submit to, the Court (other than at trial) (a) any Confidential and Protected Matter, or (b) any pleading or other document making any reference to the specific content of Confidential and Protected Matter, the filing party will file the material under seal with the Court in accordance with current District Court procedures and requirements for seeking such filings.  If Confidential and Protected Matter is filed under seal, the filing may be made electronically or by hand in accordance with the Court's rules and practices.  In the event the Confidential and Protected Matter is not electronically filed under seal, the sealed envelope in which such Confidential and Protected Matter are filed shall be prominently marked "CONFIDENTIAL INFORMATION."  The envelope shall also be prominently marked with the case caption and shall state "This envelope, which is being filed under seal, pursuant to the Court's order of [date], contains documents which include confidential material."  The envelope in addition to enclosing a hard copy of the Confidential and Protected Matter shall have a disk or CD-ROM containing the Confidential and

Protected Matter in PDF format. One copy of any Confidential and Protected Matter filed with the Court shall be furnished to the other party. In addition, each party may redact certain confidential information, if not relevant to the purpose of the filing, from documents submitted to the Court under seal by covering that information, marking that portion of the materials as "Redacted" and providing opposing counsel with a general written description of the information redacted.

      6.      Upon final adjudication (including any appellate proceedings) of the claims at issue, the parties shall return to counsel for the producing party the Confidential and Protected Matter produced by the other party and all copies thereof, or the parties may agree upon appropriate methods of destruction. The parties need not return to counsel for the producing party or destroy any documents which were produced and not designated as Confidential and Protected Matter.

      7.      Notwithstanding the provisions of Paragraph 6, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confidential and Protected Matter. Any such archival copies that contain or constitute Confidential and Protected Matter remain subject to this Protective Order. Any Confidential and Protected Matter retained pursuant to this paragraph shall not be used for any purpose other than in connection with this action.

      8.      If Confidential and Protected Matter or information in the possession of a receiving party is subpoenaed by any court, administrative or legislative body, or any other person or organization purporting to have authority to subpoena such data or information, the party to whom the subpoena is directed shall not provide or otherwise disclose such documents or information without first notifying counsel for the producing party in writing in a reasonable

amount of time of : (1) the information and documentation which is requested for production in the subpoena; (2) the date on which compliance with the subpoena is requested; (3) the location at which compliance with the subpoena is requested; (4) the identity of the party serving the subpoena; and (5) the case name, jurisdiction and index, docket complaint, charge, civil action or other identification number or other designation identifying the litigation, administrative proceeding or other proceeding in which the subpoena has been issued.

9.   To the extent not inconsistent with any other paragraph, this paragraph shall govern information that has been produced and inadvertently not initially designated "Confidential." The initial failure to designate information in accordance with this Stipulation shall not preclude the producing party at a later date, from designating any information "Confidential." The producing party may, by written notice to counsel of record for the receiving party, within thirty days of the discovery of the inadvertent disclosure of "Confidential" information, designate previously produced information as "Confidential" which it had inadvertently failed to designate as "Confidential." Upon receipt of such notice, the receiving party shall promptly mark its copies of the material accordingly, shall thereafter treat the information as if it has been designated "Confidential," shall restrict the disclosure or use of such information to only those persons qualified pursuant to this Stipulation, and if such information has previously been disclosed to persons not qualified pursuant to this Stipulation, take reasonable steps to obtain all such previously disclosed information and advise such persons to treat the designated materials confidentially as though originally so designated.

10.   Confidential portions of filings with the Court, including information subject to confidential treatment in accordance with the terms of this Stipulation that is filed with the Court, and any portions of pleadings, motions or other papers filed with the Court disclosing any

Confidential and Protected Matter, shall be filed under seal and kept under seal until further order of the Court, unless a different procedure is requested by the Court. With respect to the disclosure of Confidential and Protected Matter during argument, hearings or trial before the Court, the parties agree to advise the Court in advance of said disclosure so that the Court may take appropriate action to protect its confidentiality.

11. In the event of a breach of this Stipulation, the parties shall be subject to all remedies recognized under law and equity.

July 15, 2008

SO STIPULATED:

/s/Gerald D. Wells, III

Joseph H. Meltzer, Esq.
Gerald D. Wells, III, Esq. (*pro hac vice*)
Robert W. Biela, Esq. (*pro hac vice*)
SCHIFFRIN, BARROWAY,
TOPAZ AND KESSLER LLP
280 King of Prussia Road
Radnor, PA 19087
Tel. (610)667-7706
Fax. (610)667-7056
Email gwells@sbtklaw.com
Email rbiela@sbtklaw.com

Robert J. Shapiro, Esq.
Jonathan S. Shapiro, Esq.
THE SHAPIRO FIRM, LLP
500 Fifth Avenue, 14th Floor
New York, New York 10110
Tel. (212) 391-6464
Fax (212) 719-1616
Email: rshapiro@theshapirofirm.com
Counsel for Plaintiff

SO STIPULATED:

/s/Ashley R. Hurst

Hunter R. Hughes, Esq.
J. Timothy McDonald, Esq. (*pro hac vice*)
Ashley R. Hurst, Esq. (*pro hac vice*)
ROGERS & HARDIN LLP
2700 International Tower
229 Peachtree Street, NE
Atlanta, GA 30303-1601
Tel. (404) 420-4621
Fax. (404) 525-2224
Email: hhughes@rh-law.com

Elise M. Bloom, Esq.
Gregory I. Rasin, Esq.
PROSKAUER ROSE
1585 Broadway
New York, New York 10036
Tel. (212) 969-3000
Fax (212) 969-2900
Email: ebloom@proskauer.com
Counsel for Defendants

SO ORDERED this _____ day of July, 2008.

_____
U.S.D.J.