# EXHIBIT A

# ROGERS & HARDIN

**ATTORNEYS AT LAW**
A LIMITED LIABILITY PARTNERSHIP

J. TIMOTHY MC DONALD
DIRECT: (404) 420-4621
DIRECT FAX: (404) 230-0955
EMAIL: JTM@RH-LAW.COM

2700 INTERNATIONAL TOWER, PEACHTREE CENTER
229 PEACHTREE STREET, N.E.
ATLANTA, GEORGIA 30303-1601
(404) 522-4700
FACSIMILE: (404) 525-2224

June 23, 2008

*By Overnight Mail*

Honorable Kevin N. Fox
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 540
New York, New York 10007

Re: Eng-Hatcher v. Sprint Nextel Corporation, et al.
Case No. 2:07-cv-7350 (BSJ) (KNF) (S.D.N.Y.)

Dear Judge Fox:

Defendants (hereinafter "Sprint") write in response to Mr. Wells' letter of June 20, 2008 in which Plaintiff seeks a second four-week extension of the discovery period and an informal conference with the Court. Defendants do not believe that a second extension of the discovery period is appropriate because Plaintiff's reasons for requesting an extension are due only to Plaintiff's own delay in propounding discovery in this matter, delay in raising any issue with respect to Defendants' discovery responses, and delay in requesting and setting forth topics for desired 30(b)(6) depositions.

Nonetheless, in an effort to accommodate Plaintiff, Defendants have offered to make two 30(b)(6) witnesses available for deposition outside of the discovery period, this week, and to consent to a request to move back the briefing schedule by one week. Defendants initially offered to make one 30(b)(6) designee available for a second deposition on June 20, 2008. Plaintiff declined. Plaintiff also declined Sprint's subsequent offer to make that designee available on Tuesday, June 24, 2008.

Sprint has also offered to provide another designee on Thursday, June 26, 2008, on the topic of Sprint's employee complaint procedures with respect to off-the-clock work, despite the fact that Plaintiff did not identify this topic in her 30(b)(6) notice. Because this topic is newly requested, the parties continue to confer regarding an appropriate subject matter scope.

**ROGERS & HARDIN**
A LIMITED LIABILITY PARTNERSHIP

Honorable Kevin N. Fox
United States Magistrate Judge
June 23, 2008
Page 2 of 8

    A.    <u>Background</u>

This collective action/class action lawsuit was filed in August 2007 by Plaintiff, Melissa Eng-Hatcher, a former employee of Sprint/United Management Company. Ms. Eng-Hatcher was employed from July 2004 to March 2006. She began her employment working at Store Number 160 on 125th Street in New York City. In November 2004, she transferred to Store 1185, in the Bronx, where she worked until early December 2005 when she took maternity leave for approximately three months. Ms. Eng-Hatcher returned to work at Store 1185 for two days before ending her employment on March 5, 2006.

On December 12, 2007, the Court granted the parties' request for a stay until February 1, 2008 so that the parties could mediate litigation in California which contains similar claims to those in this case. After the expiration of the stay, on February 20, 2008 the parties submitted to the Court separate responses to the Initial Conference Questionnaire. Both sets of responses stated that initial discovery requests would be exchanged by March 7, 2008. The Court issued an Order setting May 21, 2008 as the deadline for discovery with respect to whether the Plaintiff is similarly situated to other prospective plaintiffs.

Sprint served its written discovery requests prior to the March 7, 2008 date listed in the parties' responses to the questionnaire. Plaintiff filed her responses to Sprint's discovery on March 31 and April 2, 2008. After filing her responses, on April 3, 2008 Plaintiff propounded her first set of discovery requests, *nearly one month after the March 7, 2008 exchange date.* Plaintiff filed two additional sets of document requests, on April 10 and April 11, 2008.

On May 6, 2008, Sprint timely responded to Plaintiff's first interrogatories, served its written responses to Plaintiff's first set of document requests and began producing documents. As is the normal practice, Sprint's written responses set forth its objections to Plaintiff's requests, and the basis therefore, as well as specifically what information Sprint would produce in response to each request. A timeline and summary of Sprint's document production is attached hereto as Exhibit A.

On May 19, 2008, Plaintiff – who at this point had not raised even one concern about Sprint's discovery responses served 13 days earlier, sent a letter to the Court requesting a thirty-day extension of the discovery period, to June 20, 2008. The Court granted the extension and Sprint did not oppose Plaintiff's request.

On or about May 9, 2008, counsel for the Plaintiff mentioned to counsel for Sprint that the Plaintiff wanted to take 30(b)(6) depositions and that counsel would confer regarding the topics. On May 19, 2008, Plaintiff sent a letter setting forth seven general areas of inquiry that

**ROGERS & HARDIN**
A LIMITED LIABILITY PARTNERSHIP

Honorable Kevin N. Fox
United States Magistrate Judge
June 23, 2008
Page 3 of 8

Plaintiff desired be covered through 30(b)(6) depositions. (A copy of Mr. Biela's May 19, 2008 letter is attached as Exhibit B.)

Sprint responded just three days later on May 22, 2008, designating witnesses, objecting to the lack of particularity of the topic list, setting forth the matters to which each designee would testify, and offering dates for the depositions.[1] (A copy of Ms. Hurst's May 22, 2008 letter is attached as Exhibit C.) Having not heard from Plaintiff's counsel with regard to scheduling the depositions, and in an effort to proceed as expeditiously as possible in order to accommodate each of Plaintiff's requests within the time allowed, Ms. Hurst sent a follow-up letter on May 27, 2008. Thereafter, the time and date of each deposition was coordinated and agreed to by both parties. (A copy of Mr. Biela's letter of June 5, 2008 is attached as Exhibit D ("Enclosed please find the Notice of Depositions that reflects the agreed upon dates and times that were discussed in previous e-mails . . .").) Rule 30(b)(6) depositions were completed on June 12, 13 and 19.

On June 12, 2008, during the midst of a series of three 30(b)(6) depositions taking place in Kansas, Plaintiff sent a 13-page letter indicating *for the first time* that Plaintiff believed that Sprint's interrogatory responses served 37 days earlier on May 6, 2008, and Sprint's document production, as set forth in its written responses also served on May 6, 2008, were deficient. (A copy of Mr. Wells' June 12, 2008 letter is attached as Exhibit E.) Despite Plaintiff's failure to bring these issues to Sprint's attention in a timely manner, Sprint has worked quickly since June 12 to research the items set forth in Plaintiff's June 12 letter and to respond to each one as expediently as possible in a good faith effort to resolve these issues. (See, e.g. Letter from counsel for Sprint on June 16, 2008 (Exhibit F), June 18, 2008 (Exhibit G), June 18, 2008 (Exhibit H) and June 19, 2008(Exhibit I).)[2]

  B.  Plaintiff's Request For A Second Four-week Extension Should Be Denied.

As set forth above, Plaintiff failed to raise any issue with respect to Defendant's discovery responses within a reasonable time, including at the time that Plaintiff sought and received a thirty-day extension of the discovery period. The issues that Plaintiff raises now, could have and should have been raised five weeks earlier – and weeks earlier than that, if

---

[1] See Fed. R. Civ. P. 30(b)(6) ("In its notice . . . , a party . . . must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated with testify.").

[2] We note that Plaintiff did not attach any correspondence to its letter to the Court. If the Court would like copies of Plaintiff's additional letters to Sprint over the last week, we are happy to provide those letters.

## ROGERS & HARDIN
A LIMITED LIABILITY PARTNERSHIP

Honorable Kevin N. Fox
United States Magistrate Judge
June 23, 2008
Page 4 of 8

Plaintiff had served its initial discovery requests sooner, and requested 30(b)(6) depositions in a timely fashion. For these reasons, and the reasons set forth below, we do not believe that a second extension of the discovery period is warranted.

    C.    <u>Plaintiff's Belated Complaints Regarding Sprint's Discovery Responses Do Not Warrant An Extension Of The Discovery Period.</u>

Plaintiff implies that Sprint has acted improperly by producing documents on a rolling basis and "just a day or two before the scheduled depositions." (6/20/08 Letter from Mr. Wells to Judge Fox at 2.) This is incorrect. The first 30(b)(6) deposition took place on June 12, 2008. During the month of June, Sprint produced only a few documents consisting of (i) a more readable copy of a document that had already been produced (the original copy contained overlapping text), (ii) declarations from Sprint employees confirming that the employees were not subjected to any Sprint policy requiring off-the-clock work, and (iii) one additional version of the 2005 incentive compensation plan and related acknowledgement document that was recently located (numerous other versions of these documents had already been produced). (But see 6/20/08 Letter from Mr. Wells to Judge Fox at 2 ("Plaintiff has viewed thousands of pages of documents produced to date (*many* produced on the eve of depositions) . . .") (emphasis on misleading statement added).). Sprint produced these few – not many – documents pursuant to its duty to supplement its production under the Federal Rules. None of these documents, other than the declarations of Sprint employees, plowed new ground either.

With respect to the overall timing of Sprint's production, Sprint began producing documents on May 6, 2008, the date its responses to Plaintiff's First Request for Production of Documents were due. (See Ex. A.) Sprint notified Plaintiff in its first cover letter that additional documents would be forthcoming. Thereafter, Sprint has supplemented its production in accordance with its duty to do so under the Federal Rules. We note that at no time prior to Plaintiff's June 12 letter, including at the time of Plaintiff's first request for an extension of the discovery period, did Plaintiff ever object to Sprint's production.

Plaintiff also states in her letter that it has become apparent during the course of several 30(b)(6) depositions that Sprint failed to produce relevant documents. (6/20/08 Letter from Mr. Wells to Judge Fox at 2.) It is unclear what Plaintiff means by this statement. Sprint is not aware of any requests from Plaintiff for additional documents made in relation to any of the testimony during the 30(b)(6) depositions. In fact, on June 20, 2008, although Plaintiff did not request it during the deposition, Sprint voluntarily provided a copy of a document that was referenced during the course of the deposition of Laurilyn Dowling which took place on June 19, 2008, even though Sprint believed that the document is not relevant. The document had not been produced previously because it fell within one of Sprint's objections to Plaintiff's overbroad discovery requests, as set forth in Sprint's May 6, 2008 discovery responses.

**ROGERS & HARDIN**
A LIMITED LIABILITY PARTNERSHIP

Honorable Kevin N. Fox
United States Magistrate Judge
June 23, 2008
Page 5 of 8

Finally, Plaintiff's blanket statements that Sprint has refused to provide documents "on a nationwide basis," that "Defendants have limited their production to only the State of New York (with documents apparently still forthcoming)" and that "[o]riginally, Defendants limited their production to only store locations where the Named Plaintiff worked" are incorrect. (6/20/08 Letter from Mr. Wells to Judge Fox at 2 & n.3.) Sprint has repeatedly corrected Plaintiff's mis-characterizations on this issue and explained that Sprint made no such global limitation of discovery.

As set forth in Sprint's May 6, 2008 written discovery responses, this issue comes up in only about half of the responses and in many instances the limitation was necessitated in order to respond to Plaintiff's overbroad requests – requests that would require Sprint to visit each and every one of its over twelve-hundred retail stores, and inquire of each and every one of its thousands of retail store employees. For example, Plaintiff's Document Request No. 24 asks for "copies of all documents relating to any quota, goal, target or objective relating to the number of labor hours worked, revenues produced, or payroll costs for Defendants' retail store locations applicable to any individuals employed by Defendants during the Relevant Time Period." In response, Sprint set forth its objections and stated that it would produce documents responsive to this request "related to Stores 160 and 1185," the two stores Ms. Eng-Hatcher worked at. As Sprint has explained to the Plaintiff, Sprint, in fact, provided all incentive compensation plans on **a national basis** in response to this request. The request, however, is so broadly worded that it could conceivably cover documents that could only be unearthed by searching each and every retail store location – for example, maybe a free tote bag goes to the person who sells X number of a certain type of phone this week.

In light of the fact that five 30(b)(6) depositions have now been completed, and that Sprint has explained to Plaintiff that no such global limitation was made, Sprint has asked Plaintiff to identify any remaining discovery requests for which Plaintiff believes that she is entitled to further information. Plaintiff has not done so.

D.   Sprint's Rule 30(b)(6) Designees Were Appropriate

Plaintiff contends that "[c]ertain of the designees provided by Defendants were unable to provide testimony on the subject areas for which they were designated and/or did not address topic areas germane to Plaintiff's case at the instruction of defense counsel." (6/20/08 Letter from Mr. Wells to Judge Fox at 2.)

The crux of Plaintiff's argument on this issue boils down to two items. First, Plaintiff contends that Sprint failed to provide a designee on the topic of "complaints" regarding alleged

**ROGERS & HARDIN**
A LIMITED LIABILITY PARTNERSHIP

Honorable Kevin N. Fox
United States Magistrate Judge
June 23, 2008
Page 6 of 8

off-the-clock work. This topic was not identified in Plaintiff's Rule 30(b)(6) notice. (See Exs. B & D.)

Nonetheless, three of Sprint's witnesses did, when asked, testify about Sprint's various complaint processes. In addition, in a good faith effort to resolve this issue, Sprint has offered to produce an additional 30(b)(6) witness outside the discovery period, on Thursday, June 26, 2008, to give additional testimony regarding Sprint's procedures for investigating a complaint regarding off-the-clock work. Plaintiff has now informed Sprint that it seeks a 30(b)(6) deposition on the following topics: "(i) Defendants' procedures for investigating complaints of off-the-clock work, (ii) how such complaints are processed, (iii) what corrective action, if any, the Company has taken as a result of such complaints, and (iv) information concerning actual complaints of off-the-clock work from across the country." Sprint's designee is prepared to give testimony on the first two new topics, and to testify generally on a national basis, with regard to the third and fourth new topics.

Sprint further offered to provide Plaintiff additional documents pertaining to calls to Sprint's Employee Helpline for the State of New York last week. Plaintiff indicated during a good faith meet and confer that this was not the type of information that Plaintiff was seeking. Nonetheless, in an effort to resolve this issue, Sprint will send the additional documents to Plaintiff on June 23, 2008. We note that Plaintiff's document request on this issue (No. 17) was overbroad and unduly burdensome in that it requested all documents "relating to any oral or written inquiries, grievances or complaints made by Plaintiff and/or any Sales Representative, relating to Defendants' methods and practices of recording and/or calculating the hours worked by Sales Representatives during the last six years . . ." This request would require that Sprint search each of its retail stores, and talk to each of its former and current retail store employees, at a minimum.

Secondly, Plaintiff contends that the 30(b)(6) testimony of Mark Galluccio was not on a "national basis" with regard to general area of inquiry number 3: "The duties and responsibilities of Sprint's Retail Store Managers, District Managers and Regional Managers concerning oversight and supervision of retail store budgets, labor management, allocation of labor hours , and review and/or adjustment of time records." We first note that Plaintiff's 30(b)(6) topics overlapped significantly. As a result, three of Sprint's designees, Mr. Galluccio, Rob Lynch and Kim Dixon, have more than adequately responded to Plaintiff's questions related to general area number 3.

We further note that much of Plaintiff's questioning during the 30(b)(6) depositions was directed specifically at each deponent's personal work experience and personal knowledge on a particular issue as opposed to Sprint's knowledge. For example, pages 7-17 of the Laurilyn Dowling deposition transcript, pages 12-29 of the Mark Galluccio transcript and pages 24-32 of

## ROGERS & HARDIN
A LIMITED LIABILITY PARTNERSHIP

Honorable Kevin N. Fox
United States Magistrate Judge
June 23, 2008
Page 7 of 8

the Rob Lynch transcript, consist of questions regarding the designee's education, personal work history and personal experience. These lines of questions, as opposed to what the witness did to prepare for the Rule 30(b)(6) deposition, are not relevant. This is important because it appears that some of Plaintiff's complaints relate to the fact that certain 30(b)(6) witnesses apparently did not allegedly have the personal experience in a given area that Plaintiff would expect.

Nonetheless, in an effort to accommodate Plaintiff's perception that one of Sprint's designees was deficient, we have asked Plaintiff to point to a particular area of inquiry that she believes that she is entitled to more information on. Plaintiff has not done so and tellingly the letter to the Court does not either. Plaintiff cannot justify an extension, must less the additional discovery itself, because Plaintiff doesn't "feel" that they have gotten what they want when they cannot articulate what it is they were allegedly denied. Notwithstanding all of this, Sprint offered on June 19, just three days after Plaintiff first complained about the responses in his deposition, to produce Mr. Galluccio for a second deposition on Friday, June 20. Plaintiff declined. Sprint subsequently offered to make a designee available on Tuesday, June 24, 2008. Plaintiff declined that offer as well.

E.   Conclusion

Plaintiff has essentially created her current position by adding undue delay at every step of the discovery process. Despite this, Sprint has exceeded its obligations to Plaintiff expeditiously. For this reason, Sprint respectfully requests that Plaintiff's request for an extension of the discovery period be denied.

Very truly yours,

J. Timothy McDonald

JTM/dlc
Enc.

cc: Elise Bloom, Esq. (w/ enc.)
    Hunter R. Hughes, Esq. (w/ enc.)
    Ashley R. Hurst, Esq. (w/ enc.)
    Gerald D. Wells, III, Esq. (w/ enc.)
    Robert W. Biela, Esq. (w/ enc.)
    Nick Williams, Esq. (w/ enc.)
    Robert J. Shapiro, Esq. (w/ enc.)