# EXHIBIT B

PROSKAUER ROSE, LLP
Elise M. Bloom
Gregory I. Rasin
Brian Gershegorn
1585 Broadway
New York, New York  10036
Tel. (212) 969-3000
Fax (212) 969-2900

ROGERS & HARDIN LLP
Hunter R. Hughes
J. Timothy Mc Donald
Ashley R. Hurst
2700 International Tower
Peachtree Center
229 Peachtree Street, N.E.
Atlanta, Georgia  30303
Tel.  (404) 522-4700
Fax.  (404) 525-2224

Attorneys for Defendants
Sprint Nextel Corporation
and Sprint/United Management Company

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MELISSA ENG-HATCHER, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 07-CIV-7350 |
| SPRINT NEXTEL CORPORATION; SPRINT/UNITED MANAGEMENT COMPANY and DOES 1 through 10, inclusive, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants Sprint/United Management Company and Sprint Nextel Corporation

(collectively "Sprint") for their objections to Plaintiff's First Request for Production of

Documents, by and through their attorneys, and for their responses to said requests, state as follows:

## I. PRELIMINARY STATEMENT AND OBJECTIONS

These responses, while based on diligent investigation by Sprint, reflect only the current state of its knowledge, understanding and belief with respect to the matters addressed in the discovery Requests. These responses are neither intended as, nor in any way shall be deemed, an admission or representation that further documents do not exist. Without obligating itself to do so beyond the requirements of the Federal Rules of Civil Procedure, local rule or Order of the Court, Sprint also reserves the right to modify or supplement its responses with such pertinent documents as it may subsequently discover within a reasonable time after discovery. Sprint objects to any Request or definition that exceeds the obligations imposed by the Federal Rules of Civil Procedure, including, but not limited to, Rules 26 and 34, or the local rules for the United States District Court for the Southern District of New York. These responses are given without prejudice to Sprint's rights to use or rely on at any time, including trial, subsequently discovered documents, or documents omitted from these responses as a result of mistake, error, oversight or inadvertence.

The failure of Defendant to object on a particular ground to a specific Document Request is not a waiver of the right to object on additional grounds or to supplement its objections and responses at a later time after further investigation. Whenever, in response to a Document Request, Sprint agrees to provide or produce documents, such a response does not constitute a representation that such documents exist, but only that such documents will be produced if they exist, can be located with reasonable diligence, and are not otherwise protected from disclosure. Where two or more Document Requests call for the production of the same documents or

category of documents, an objection made to one Request is deemed to be made as to all Requests which seek the production of the same documents or category of documents.

Nothing contained herein is intended to be, nor shall in any way be construed as, a waiver of any attorney-client privilege, work-product doctrine, right-to-privacy, or any other applicable doctrine or privilege. To the extent any Request may be construed as calling for the disclosure of information or documents protected by any such privilege or doctrine, a continuing objection to each and every Request is hereby asserted.

Furthermore, nothing contained herein is intended to be, nor shall in any way be construed as, a waiver of Sprint's affirmative defenses in this action. Specifically, Plaintiff was employed by Sprint/United Management Company, none of the persons described in Plaintiff's complaint are employees of Sprint Nextel Corporation and Plaintiff's counsel has been advised that Sprint Nextel Corporation is an improper party to this action.

The documents provided herein are also offered to supplement any production required by Rule 26.

## II.    GENERAL OBJECTIONS

The following General Objections apply to each of Plaintiff's Document Requests. Sprint's responses to specific Requests are made subject to and without waiving these general objections or any other specific objections raised by Sprint.

1.    Sprint objects to each request, definition, or instruction to the extent that it seeks any documents that are not relevant to the subject matter of this action or that are not reasonably calculated to lead to the discovery of admissible evidence. This objection shall be referred to herein as the Relevancy Objection.

3

2.      Sprint objects to each Request, definition, or instruction to the extent that it is overly broad or unduly burdensome.  This objection shall be referred to herein as the Undue Burden Objection.

3.      Sprint objects to each Request, definition or instruction to the extent that it is not made with reasonable specificity.  This objection shall be referred to herein as the Vagueness Objection.

4.      Sprint objects to each request, definition, or instruction to the extent that it seeks documents relating to periods of time before or after the time periods at issue in this matter, the scope of issues implicated in this matter and/or documents that are not relevant to the issue of class certification.  This objection shall be referred to herein as the Overbreadth Objection.

5.      Sprint objects to each request, definition, or instruction to the extent that it seeks confidential and privileged documents, including any communication or documents protected by the attorney-client privilege, the work product privilege, the self-evaluative privilege or any other applicable privilege.  To the extent that Sprint, pursuant to a request for production by Plaintiff, discloses or produces any documents which any party later argues or claims is privileged, or which any party characterizes as privileged, it is understood that such production does not constitute a waiver of the attorney-client privilege, work product privilege or other applicable privilege with respect to other documents.  This objection shall be referred to herein as the Privilege Objection.

6.      Sprint objects to Plaintiff's definitions of "communication," "document" and "person" to the extent these definitions are not consistent with the uniform definitions set forth in S.D.N.Y., Local Rule 26.3.

7.     Sprint objects to Plaintiff's definition of "Defendants" (and "You") as including Defendants' "predecessors, successors, parents, subsidiaries, divisions, affiliates . . ." Plaintiff Melissa Eng-Hatcher was employed by Sprint/United Management Company.

8.     Sprint objects to Plaintiff's definition of "Sales Representative" as including any "individual anywhere in the United States who sold and/or marketed wireless telephone services, wireless telephones, telephone accessories and other telecommunications products (collectively 'Wireless Products'), sold by Defendants." This definition includes numerous positions that Plaintiff did not hold during her employment with Sprint.  Plaintiff's Complaint refers only to Retail Store Consultants.  Furthermore, this definition includes each and every sales and marketing employee nationwide.  To date, Plaintiff's allegations, including her deposition testimony and discovery responses, in this case relate solely to the two stores at which she worked, Stores 160 and 1185.

9.     Sprint objects to Plaintiff's Instruction No. 5 to the extent it requires production of "drafts, revisions, modification, and other versions of a final document." This instruction is unduly burdensome and such documents are not relevant to any issue in this case.

10.     Sprint objects to Plaintiff's Instruction No. 6 to the extent it requires that Sprint provide information regarding privileged documents beyond that which is required by the Federal Rules of Civil Procedure and S.D.N.Y. Local Civil Rule 26.2.

11.     Defendants object to Plaintiff's Instruction No. 11 which requires Sprint to produce documents "not otherwise responsive to this discovery request" if the documents "mention, discuss, refer to or explain the documents which are called for by this discovery request, or if such documents are attached to documents called for by this discovery request."

5

This instruction is vague, unduly burdensome and, on its face, seeks documents that are not relevant to the claims in this case.

12.     Defendants object to Instruction No. 13 which appears to require Sprint to identify the location of each electronically stored document, the computer program by which the document was created, etc. Instruction No. 13 is vague and unduly burdensome. As set forth in the Parties' Initial Conference Questionnaires, Defendants will produce electronically stored information in its native format when feasible. Records extracted from a database will be produced in delimited text files. Hard copy documents will be produced as single page TIFF images, which can be imported into a database for ease of review and printing of multiple copies. Defendants will produce emails in TIFF images and include a text searchable file for each email to allow produced emails to be placed in a database and electronically searched. (See Pl. Initial Conf. Questionnaire, ¶ 8a; Def. Initial Conf. Questionnaire, ¶ 8a.)

* * * *

Sprint's search for documents responsive to Plaintiff's Requests is ongoing. Sprint reserves the right to supplement these responses in the event additional responsive documents are located.

This production is made subject to and in accordance with the "Stipulation for the Exchange and Protection of Confidential Documents" ("Confidentiality Agreement") signed by the parties.

Subject to and without waiving its general objections above, Sprint sets forth its responses and specific objections to the numbered Request as follows:

6

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Provide copies of Plaintiff's entire personnel file, including, but not limited to, all employment and/or compensation agreements, performance appraisals, compensation and payroll documents, tax documents, documents indicating time and date of all sales made by Plaintiff and any other document(s) relating to or referencing Plaintiff's employment with Defendants.

**RESPONSE:**

To the extent this request seeks all documents "relating to or referencing Plaintiff's employment with Defendants," Sprint asserts the Privilege Objection. Subject to and without waiving its general and specific objections, Sprint responds that it will produce documents responsive to this Request.

**REQUEST NO. 2:**

Provide copies of all documents relating to compensation paid to Plaintiff by Defendants during the Relevant Time Period, per week and per pay period, including, but not limited to, payroll ledgers or journals, accounting ledgers, books or other comparable records-reports kept, prepared or maintained by Defendants or some other entity on Defendants' behalf.

**RESPONSE:**

Sprint asserts the Relevancy, Overbreadth, and Undue Burden Objections. Plaintiff's Request for "all documents relating to compensation paid to Plaintiff by Defendants" appears to include aggregate reports which may include some aspect of the compensation paid to Plaintiff. For example, this request would include any document which shows the number of paid vacation or sick days paid to all employees during the time Plaintiff was employed by Sprint. Such

7

documents are not relevant to any claim in this case, not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its general and specific objections, Sprint will produce documents which show all compensation paid to Plaintiff specifically during her employment with Sprint.

**REQUEST NO. 3:**

Provide copies of all documents identifying, describing or relating to the operation of Defendants' retail store locations including, but not limited to, Defendants' retail store locations, job titles, management hierarchy and the contact information for any and all individuals who held supervisory positions over Plaintiff during the Relevant Time Period.

**RESPONSE:**

Sprint asserts the Undue Burden, Overbreadth, and Relevancy Objections. Specifically, Plaintiff's Request for all documents "relating to the operation of Defendants' retail store locations," all "retail store locations," "job titles" and "management hierarchy" is overbroad in that it seeks documents wholly unrelated to any issue or claim in this case. For example, documents related to activating and servicing Sprint phones, obtaining store supplies, how to complete a sale, Sprint's dress code policy, store appearance, how to run a credit check, etc. are not relevant to the claims in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Similarly, all of Sprint's "retail store locations," "job titles" and "management hierarchy" nationwide are not relevant to the claims Plaintiff alleges in this case. Specifically, Plaintiff was employed by Sprint/United Management Company and, to date, her allegations, including her deposition testimony and discovery responses, relate only to her employment at Stores 160 and 1185. Subject to and without waiving its general and specific objections, Sprint will produce documents which relate to the operation of Sprint's retail stores

8

with respect to the claims in Plaintiff's complaint, namely her claim that she was not properly paid for all hours worked and that monies were improperly deducted from her commission payments. Sprint will further produce documents which relate to the management hierarchy of Stores 160 and 1185.

**REQUEST NO. 4:**

Provide copies of all documents describing, evidencing or otherwise relating to the number of hours worked by Plaintiff during the Relevant Time Period, including, but not limited to computer entries, time sheets or time cards.

**RESPONSE:**

Subject to and without waiving its general objections, Sprint will produce documents responsive to this Request.

**REQUEST NO. 5:**

Provide copies of all documents relating to monthly budgeted, projected and/or allocated expenses, including those expenses related to employee labor hours, for Defendants' retail store operations.

**RESPONSE:**

Sprint asserts the Undue Burden, Overbreadth, and the Relevancy Objections. Specifically, Plaintiff's Request for "all documents relating to monthly budgeted, projected and/or allocated expenses" is overly broad and unduly burdensome in that it seeks documents relating to all budgeted expenses of Sprint's retail stores, for all stores. This would appear to include expenses such as utility expenses, lawn or landscaping maintenance, expenses related to the processing of cash transactions, including armored car pickups, and advertising expenses, etc. for each of Sprint's retail stores. Furthermore, to date, Plaintiff's allegations, including her

9

deposition testimony and discovery responses, in this case relate solely to the two stores at which she worked, Stores 160 and 1185. Subject to and without waiving it general and specific objections, Sprint will produce documents responsive to this request with respect to expenses related to employee labor hours for Stores 160 and 1185.

**REQUEST NO. 6:**

Provide copies of all documents relating to the policies, practices and procedures utilized by Defendants' for the documentation, recording, tracking and/or calculation of the hours worked by their Sales Representatives including all documents relating to any changes in such policies, etc. during the Relevant Time Period.

**RESPONSE:**

Sprint asserts the Undue Burden, Overbreadth, and Relevancy Objections. Specifically, Plaintiff's Request for all documents "relating to" the policies, practices and procedures used to track and calculate the hours worked by Retail Store Consultants seeks documents that are not relevant to the claims in this action. Furthermore, to date, Plaintiff's allegations, including her deposition testimony and discovery responses, in this case relate solely to the two stores at which she worked, Stores 160 and 1185. Subject to and without waiving its general and specific objections, Sprint will produce documents which show the policies, practices and procedures utilized for purposes of documenting, recording, tracking or calculating the hours worked by Plaintiff and other Retail Store Consultants at Stores 160 and 1185.

**REQUEST NO. 7:**

Provide copies of all documents containing, identifying and/or relating to any communication(s) between Defendants and Plaintiff relating to Plaintiff's compensation, hours

of work, documentation of and compensation for hours worked, job duties and responsibilities
and/or job performance during the Relevant Time Period.

**RESPONSE:**

Subject to and without waiving its general objections, Sprint will produce documents
responsive to this Request, to the extent that any exist and can be located with reasonable
diligence.

**REQUEST NO. 8:**

Provide copies of all documents relating to Defendants' policies, practices and
procedures relating to when and how Sales Representatives are permitted to clock-in or log-on to
a time-keeping system and when they are required to clock-out or log off Defendants' time-
keeping system during the Relevant Time Period.

**RESPONSE:**

Sprint asserts the Privilege Objection. Subject to and without waiving its general
objections, Sprint will produce documents which show the policies, practices and procedures
related to timekeeping procedures and that were applicable to the Plaintiff and other Retail Store
Consultants at Stores 160 and 1185.

**REQUEST NO. 9:**

Provide copies of all email or other electronic messages sent to or from Plaintiff through
Defendants' email or computer systems, regarding or in any way relating to her employment
with Defendants during the Relevant Time Period.

**RESPONSE:**

Sprint asserts the Undue Burden, Overbreadth and Relevance Objections. Specifically,
this Request seeks all email "regarding or in any way relating to [Plaintiff's] employment." This

11

request appears to seek all emails regarding any topic, for example, regarding ordering uniforms, scheduling training regarding new products, health insurance benefits, etc. Such documents are not relevant to any claim in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its general and specific objections, Sprint will produce emails responsive to this request, to the extent any exist and can be located with reasonable diligence.

**REQUEST NO. 10:**

Provide copies of all documents relating to Sales Representatives performing any tasks or spending any time in Defendants' retail store locations while not clocked-in or logged-onto any time-keeping system, including but not limited to any tasks Sales Representatives performed either prior to clocking or logging in and/or after clocking or logging out.

**RESPONSE:**

Sprint incorporates by reference its response to Request No. 8.

**REQUEST NO. 11:**

Provide copies of all documents relating to Sales Representatives performing any tasks relating to their employment with Defendants while outside of Defendants' retail store locations while not clocked-in or logged-onto any time-keeping system including any hours worked outside of Defendants' retail locations for the purpose of promoting Defendants' products and/or soliciting new accounts and depositing store receipts at a bank during the Relevant Time Period.

**RESPONSE:**

Sprint asserts the Undue Burden, Overbreadth, Privilege and Relevance Objections. Specifically, this request seeks "all documents" relating to any tasks performed at sales events

outside the physical store location.  Sprint further incorporates by reference herein its response to Request No. 8.

**REQUEST NO. 12:**

Provide copies of all documents describing, identifying and/or relating to methods and procedures utilized by Defendants for the purpose of accessing, viewing, editing, modifying and/or altering in any way the time records of Sales Representatives, including all documents identifying the individuals and their job titles who may do or have done the same.

**RESPONSE:**

Sprint asserts the Undue Burden, Overbreadth, and Relevancy Objections.  Specifically, this request seeks "all documents" relating "to methods and procedures utilized by Defendants for the purpose of accessing, viewing, editing, modifying and/or altering in any way the time records of Sales Representatives."  Subject to and without waiving its general and specific objections, Sprint will produce documents responsive to this Request.

**REQUEST NO. 13:**

Provide copies of all documents relating to the compensation, including salary, commissions, bonuses and/or any other available form of compensation, of any of Defendants' employees who have supervisory duties over Sales Representatives, or are otherwise responsible for the operations of a Defendants' retail store location, including all documents indicating the factors considered in the calculation of such compensation.

**RESPONSE:**

Sprint asserts the Relevancy, Overbreadth, and the Undue Burden Objections.  Specifically, this request seeks "all documents relating to compensation . . . of any of Defendants' employees who have supervisory duties over Sales Representatives." This request

appears to include the individual pay records, paycheck stubs, and commissions statements for each and every supervisor at each and every Sprint retail store, and all individuals who are "responsible for the operations of a Defendants' retail store location." Such documents are not relevant to any claim in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its general and specific objections, Sprint will produce documents which govern incentive compensation available to retail store managers.

**REQUEST NO. 14:**

Provide copies of all documents that indicate the names, job titles and contact information of all individuals responsible for supervising or overseeing the manager(s) of Defendants' retail store locations including that which employed Plaintiff during the Relevant Time Period.

**RESPONSE:**

Sprint asserts the Undue Burden, Overbreadth, Relevance and Privilege Objections. All documents that indicate the names of each and every manager at each and every Sprint retail store, and the names of all individuals who oversee those managers, are not relevant to any claim in this case, nor reasonably calculated to lead to the discovery of admissible evidence. To date, Plaintiff's allegations, including her deposition testimony and discovery responses, in this case relate solely to Stores 160 and 1185. Sprint refers Plaintiff to its response to Plaintiff's Interrogatory No. 3.

**REQUEST NO. 15:**

Provide copies of all employee handbooks, manuals, policies, job descriptions, or similar documents created and/or utilized by Defendants relating to the job duties, responsibilities, hours

14

worked, work schedules and compensation of Defendants' Sales Representatives, including Plaintiff, and which were in effect during the Relevant Time Period.

**RESPONSE:**

Sprint asserts the Undue Burden, Overbreadth and Relevance Objections. Specifically, this request seeks all policies "relating to" the job duties of Retail Store Consultants. This would appear to include policies which set forth how a Retail Store Consultant is expected to perform his or her duties, i.e. how to activate a phone, how to process a credit check, how to transfer a phone number, etc. Such documents are not relevant to the claims in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its general and specific objections, Sprint will produce documents responsive to this Request.

**REQUEST NO. 16:**

Provide copies of all documents that identify, describe or otherwise relate to any claim that Defendants' method of compensating Plaintiff and Defendants' Sales Representatives was performed with a good faith reasonable belief that it was complying with all applicable labor laws including but not limited to the Fair Labor Standards Act and the NY Labor Laws regarding the rights and protections of employees.

**RESPONSE:**

Sprint asserts the Relevance, Overbreadth and Vagueness Objections. Plaintiff's claims in this case are brought under the FLSA and NY Labor laws. Thus, to the extent this request seeks documents related to Sprint's good faith reasonable belief that it was complying with "all applicable labor laws," this request is vague, overbroad and seeks documents that are not related to the claim in this case. Subject to and without waiving its general and specific objections, Sprint will produce documents responsive to this Request.

15

**REQUEST NO. 17:**

Provide copies of all documents relating to any oral or written inquiries, grievances or complaints made by Plaintiff and/or any Sales Representative, relating to Defendants' methods and practices of recording and/or calculating the hours worked by Sales Representatives during the last six years, including any and all documents relating to Defendants' grievance and/or complaint policies, handbooks or manuals.

**RESPONSE:**

Sprint asserts the Vagueness, Relevancy, Overbreadth, and Undue Burden Objections. This Request is vague to the extent that "inquiries" and "grievances" are not defined. Furthermore, Plaintiff's request for all documents relating to "oral or written inquiries" or "grievances" made by any Retail Store Consultant relating to Defendants' methods and practices of recording and/or calculating the hours worked is overbroad. Specifically, this request would include documents related to questions by Retail Store Consultants regarding how to change their password in Sprint's timekeeping system, or computer or typographical errors on paychecks or commissions statements. Furthermore, to date, Plaintiff's allegations, including her deposition testimony and discovery responses, in this case relate solely to the two stores at which she worked, Stores 160 and 1185. Subject to and without waiving its general and specific objections, Sprint will produce documents responsive to this Request with respect to Stores 160 and 1185, to the extent any exist.

**REQUEST NO. 18:**

Provide copies of all documents relating to any investigations, reviews and/or audits (collectively "Audits") conducted by Defendants, a representative or officer of Defendants or any third-party relating to the hours worked by Sales Representatives or related to Defendants'

16

methods and practices for documenting, recording and/or calculating the hours worked by Sales

Representatives and/or Defendants' compensation of its Sales Representatives. Include all

documents identifying or describing: (i) the individual and/or entity performing the Audit(s); (ii)

the date(s) of the Audit(s); (iii) any findings, conclusions or recommendations of the Audit(s);

and/or (iv) any corrective measures undertaken by Defendants.

**RESPONSE:**

Sprint asserts the Overbreadth, Undue Burden, Privilege and Relevancy Objections. To

date, Plaintiff's allegations, including her deposition testimony and discovery responses, in this

case relate solely to the two stores at which she worked, Stores 160 and 1185. Subject to and

without waiving its general and specific objections, Sprint will produce documents responsive to

this Request pertaining to Stores 160 and 1185.

**REQUEST NO. 19:**

Provide copies of all documents that may be offered into evidence at trial or depositions

or may be used to refresh the recollection of a witness at depositions or trial.

**RESPONSE:**

Sprint assets the Privilege Objection. Sprint further objects to this Request as premature.

Sprint has not yet determined what documents it will use at trial. Sprint will provide any

required documents within the time frame required by the Federal Rules of Civil Procedure or

applicable Local Rule.

**REQUEST NO. 20:**

Provide copies of all documents and/or correspondence (other than that protected by

attorney-client privilege) between Defendants and any person or entity regarding the subject

matter of this lawsuit, including any documents obtained as a result of releases and/or subpoenas.

17

**RESPONSE:**

Sprint asserts the Undue Burden, Overbreadth and Relevance Objections. To respond to this request Sprint would have to ask each and every one of its employees if they have ever corresponded with any non-Sprint employee regarding the subject matter of this lawsuit. Subject to and without waiving the foregoing general and specific objections, Sprint will produce documents responsive to this Request to the extent any exist and can be located through reasonable diligence. Sprint further states that it does not have any documents obtained as a result of a release or subpoena regarding Plaintiff's allegations in this matter.

**REQUEST NO. 21:**

Provide copies of all documents that relate to or reference Defendants' requirements or expectations of their Sales Representatives, including Plaintiff, regarding the promotion of Defendants' Products outside Defendants' retail stores, including without limitation, quotas, number of hours spent promoting, and the number of Products and/or services sold and/or promoted by the Sales Representatives, including Plaintiff.

**RESPONSE:**

Sprint asserts the Undue Burden, Overbreadth and Relevance Objections. Specifically, to date, Plaintiff's allegations, including her deposition testimony and discovery responses, in this case relate solely to the two stores at which she worked. Subject to and without waiving its general and specific objections, Sprint will produce documents responsive to this request applicable to Stores 160 and 1185.

18

**REQUEST NO. 22:**

Provide copies of all documents that identify, describe, or otherwise relate to Defendants' policies and procedures regarding their Sales Representatives', including Plaintiff's, solicitation of new accounts outside of Defendants' retail locations.

**RESPONSE:**

Sprint asserts the Undue Burden, Overbreadth and Relevance Objections. Specifically, this request for all documents that relate to "solicitation of new accounts outside of Defendants' retail locations" would include documents relating to how to activate a phone at an off-site sales event, how to process payments, etc. Such documents are not relevant to any claim in this case and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its general and specific objections, Sprint will produce documents responsive to this request with respect to Stores 160 and 1185.

**REQUEST NO. 23:**

Provide copies of all documents that relate to or reference deductions taken by Defendants from Sales Representatives' compensation, including Plaintiff's, including but not limited to, chargebacks on Sales Representatives' commissions for returned or cancelled products or contracts.

**RESPONSE:**

Sprint asserts the Relevancy, Overbreadth, Privilege and the Undue Burden Objections. Specifically, Plaintiff's request for all documents relating to "deductions taken by Defendants from Sales Representatives' compensation" would include individualized pay records and commission statements for each of Sprint's Retail Store Consultants as well as records and other documentation relating to authorized deductions for insurance premiums, or garnishments, etc.

Such documents are not relevant to any claim in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its general and specific objections, Sprint will produce documents responsive to this request with respect to rules regarding advances to Retail Store Consultants on commissionable sales and how returned or cancelled products or contracts are handled.

**REQUEST NO. 24:**

Provide copies of all documents relating to any quota, goal, target or objective relating to the number of labor hours worked, revenues produced, or payroll costs for Defendants' retail store locations applicable to any individuals employed by Defendants during the Relevant Time Period.

**RESPONSE:**

Sprint asserts the Undue Burden, Overbreadth and Relevance Objections. Specifically, this request is overbroad in that it seeks documents "applicable to any individuals employed by Defendants." During her employment with Sprint, Plaintiff only held the position of Retail Store Consultant. Moreover, to date, Plaintiff's allegations, including her deposition testimony and discovery responses, in this case relate solely to the two stores at which she worked. Subject to and without waiving its general and specific objections, Sprint will produce documents responsive to this Request related to Stores 160 and 1185.

**REQUEST NO. 25:**

Provide copies of all documents relating to any and all types or methods of incentive, bonus, award (monetary or otherwise), promotion, or recognition provided to any employee of Defendants for attaining the quotas, goals, targets or objectives referenced in Request No. 24 and provide the name, job title, and dates of employment of any and all persons who received or

20

were eligible to receive such incentive, bonus, award (monetary or otherwise), promotion, or recognition during the Relevant Time Period.

**RESPONSE:**

Sprint asserts the Overbreadth, Undue Burden, and Relevancy Objections. Plaintiff's Request, seeking "the name, job title, and dates of employment of any and all persons who received or were eligible to receive such incentive, bonus, award (monetary or otherwise), promotion, or recognition" would appear to include documents pertaining to every Sprint employee who participated in Sprint's incentive compensation plan or other bonus or award. To date, Plaintiff's allegations, including her deposition testimony and discovery responses, relate solely to the two stores at which she worked. Subject to and without waiving its general and specific objections, Sprint will produce documents responsive to this Request.

**REQUEST NO. 26:**

Provide copies of all documents identifying the individuals by name, job title, and dates of employment, who are/were responsible for implementing the policies, practices and procedures referenced in response to Requests No. 21, 22, 23, 24 and 25.

**RESPONSE:**

Sprint asserts the Undue Burden, Vagueness, Overbreadth, and Relevancy Objections. Specifically, the request for "all documents identifying" individuals who were responsible for implementing policies is vague and ambiguous. Subject to and without waiving its general or specific objections, Sprint incorporates herein by reference its objections and responses to Request Nos. 21-25.

21

DATED:  May 6, 2008

By: _____

ELISE M. BLOOM
ebloom@proskauer.com
GREGORY I. RASIN
grasin@proskauer.com
BRIAN GERSHEGORN
bgershegorn@proskauer.com
PROSKAUER ROSE LLP
1585 Broadway
New York, New York  10036
Telephone: (212) 969-3000
Facsimile:  (212) 969-2900

HUNTER R. HUGHES
hrh@rh-law.com
J. TIMOTHY Mc DONALD
jtm@rh-law.com
ASHLEY R. HURST
arh@rh-law.com
ROGERS & HARDIN LLP
2700 International Tower
Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA  30303
Telephone:  (404) 522-4700
Facsimile:  (404) 525-2224

Attorneys for Defendants
Sprint Nextel Corporation and
Sprint/United Management Company

22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELISSA ENG-HATCHER, on behalf of herself and all others similarly situated,                    )<br>                    )<br>                    )<br>          Plaintiff,          )<br>                    )<br>v.                    )<br>                    )<br>S PRINT NEXTEL CORPORATION;          )<br>SPRINT/UNITED MANAGEMENT          )<br>COMPANY and DOES 1 through 10,          )<br>inclusive,                    )<br>                    )<br>          Defendants.          ) | Case No.  07-CIV-7350(BSJ)(KNF) |

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2008, I caused to be served a true and correct copy of

**Defendants' Objections and Responses to Plaintiff's First Request for Production of**

**Documents** by overnight mail to counsel of record for Plaintiff addressed as follows:

> Gerald D. Wells, III, Esq.
> SCHIFFRIN BARROWAY TOPAZ
>   & KESSLER, LLP
> 280 King of Prussia Road
> Radnor, Pennsylvania 19087

_____
Ashley R. Hurst