# EXHIBIT C

JUN 19 2008 13:16 FR PROSKAUER ROSE LLP 202 969 2932 TO *7736*66816019*7 P.01/05

# PROSKAUER ROSE LLP

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

BOCA RATON
BOSTON
CHICAGO
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

**Fax Transmittal**

| | | |
|---|---|---|
| Date | June 19, 2008 | Client-Matter 66816-019 |
| Total Pages (Including Cover) | 5 | |
| From | Elise M. Bloom | |
| Sender's Voice Number | 212-969-3410 | Sender's Room Number 20-62 |
| Sender's Email Address | ebloom@proskauer.com | Main Fax Number 212.969.2900 |
| To: | Gerald D. Wells, III, Esq. | Fax No.: (610) 667-7056 |
| Company: | Schiffrin Barroway Topaz & Kessler, LLP | Voice No.: |
| cc: | Kerri A. Gildow | Fax No.: (404) 230-0941 |
| Company: | Rogers & Hardin LLP | Voice No.: |
| cc: | Hunter R. Hughes, III | Fax No.: (404) 230-0947 |
| Company: | Rogers & Hardin LLP | Voice No.: |

Message

Confidentiality Note: This message is confidential and intended only for the use of the addressee(s) named above. It may contain legally privileged material. Dissemination, distribution or copying of this message, other than by such addressee(s), is strictly prohibited. If you have received this message in error, please immediately notify us by telephone and return the original to us at the address above. We will reimburse you for the cost of the telephone call and postage. Thank you.

7736/99999-702 Current/9456223v1                                     12/12/2007 02:35 PM

JUN 19 2008 13:16 FR PROSKAUER ROSE LLP 202 969 2932 TO *7736*66816019*7 P.02/05

**PROSKAUER ROSE LLP**

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

BOCA RATON
BOSTON
CHICAGO
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

Elise M. Bloom
Member of the Firm

Direct Dial 212.969.3410
ebloom@proskauer.com

June 19, 2008

**By Facsimile**

Gerald D. Wells, III, Esq.
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Rd.
Radnor, PA 19087

Re:  Eng-Hatcher v. Sprint Nextel Corporation, et al.
     Case No. 2:07-cv-7350 (BSJ) (KNF) (S.D.N.Y.)

Dear Jerry:

We write to follow-up on the issues discussed in our good faith meet and confer conference yesterday evening.

As we explained in our letter of June 18, 2008, we believe that Mr. Galluccio, and the other Sprint designees, have responded to your questions more than adequately with regard to the job duties and responsibilities of Sprint's retail employees.

For example, we asked Ms. Bornstein yesterday to identify a specific question for which Mr. Galluccio's response was not sufficient. She indicated that all of Mr. Galluccio's responses were insufficient with respect to general area number 3, in which you requested a 30(b)(6) witness to testify regarding the job duties and responsibilities of Sprint's retail store managers, district managers and regional managers "concerning the oversight and supervision of retail store budgets, labor management, allocation of labor hours, and review and/or adjustment of time records."

As Ms. Hurst set forth in her letter of May 22, 2008, Sprint designated Mr. Galluccio as its designee to the extent that Sprint's Store Managers, Regional Sales Managers or Area Retail Directors have the duties and responsibilities listed in general area number 3. See FRCP 30(b)(6) ("The named organization must then designate one or more . . . persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify."). In addition, general area numbers 5, 6 and 7 overlap with general area number 3.

**PROSKAUER ROSE LLP**

Gerald D. Wells, III, Esq.
June 19, 2008
Page 2

    We believe that Sprint's designees, Mr. Galluccio, Mr. Lynch and Ms. Dixon, have more than adequately responded to your questions related to general area number 3. See, e.g., Gallucio Depo. Tr. (Rough Draft) at 58-59 (testifying regarding managers' responsibilities with regard to objectives); id. at 60-67 (regional managers, district managers, and retail store managers); id. at 73-74 (managers' budget-related responsibilities); id. at 90-92 (same); Dixon Depo. Tr. at 43-45 (testifying about Sprint's retail store budgets); Lynch Depo. Tr. at 48, 53-54, 60-61, 65-69 (testifying about the review and correction of time records).

    Nonetheless, in a good-faith effort to resolve any perceived deficiency, we will make Mr. Galluccio available for further deposition tomorrow at 1:00 p.m., pursuant to Rule 30(b)(6), to testify regarding the job duties and responsibilities of Sprint's Store Managers, Regional Sales Managers or Area Retail Directors on a national basis.

    Mr. Williams also indicated that Sprint's designees were insufficient with respect to "complaints" from Sprint's retail employees regarding off-the-clock work. As we indicated to you in our June 18, 2008 letter, the Federal Rules place the burden on Plaintiff, as the party noticing the deposition, to specify the topics on which she would like Sprint to testify. See Fed. R. Civ. P. 30(b)(6). The topic of complaints regarding off-the-clock work was not identified in your Rule 30(b)(6) notice. Nonetheless, three of Sprint's witnesses did, when asked, testify about Sprint's various complaint processes. See, e.g., Dixon Depo. Tr. at 36; Bair Depo. Tr. at 47-52; Lynch Depo. Tr. at 72-74, 80-81. (Excerpts attached as Ex. 1.)

    You indicated yesterday that you seek a Rule 30(b)(6) witness to testify regarding the procedures for investigating a complaint regarding off-the-clock work. While this topic area was never identified in your 30(b)(6) notice, and in a good faith effort to respond to this new request, Sprint will produce a witness, pursuant to Rule 30(b)(6), outside of the time-allotted for discovery in this matter, to testify regarding Sprint's procedures for investigating a complaint regarding off-the-clock work. Sprint's willingness to provide this out-of-time witness in no way changes its position that a second extension of the discovery period is not appropriate. We can make this designee available in New York.

    You also indicated that you seek information regarding any complaint of off-the-clock work nationally since 2001. We assume that you are referring to Plaintiff's Request for Documents No. 17 in which you requested "all documents relating to any oral or written inquiries, grievances or complaints made by Plaintiff and/or any Sales Representative, relating to Defendants' methods and practices of recording and/or calculating the hours worked by Sales Representatives during the last six years . . . ." As we explained in our objections of May 6, 2008, this request is grossly overbroad and unduly burdensome. As written, this request would require that Sprint interview every current and former manager in each of the hundreds of Sprint retail stores, at the very least.

JUN 19 2008 13:17 FR PROSKAUER ROSE LLP 202 969 2932 TO *7736*66816019*7  P.04/05

**PROSKAUER ROSE LLP**

Gerald D. Wells, III, Esq.
June 19, 2008
Page 3

      We have produced to date any and all Employee Helpline calls from the two stores Ms. Eng worked at related to the payment of wages for hours worked. We also looked for calls to the Ethics Hotline based on these same parameters, and found none. In a good faith effort to provide the information that you seek, we are willing to produce additional documents pertaining to Employee Helpline calls and/or Ethics Hotline calls from employees in the State of New York with respect to the payment of wages for hours worked, for a reasonable time period. We can provide these documents to you tomorrow.

      You indicated yesterday that you are also seeking "job manuals for Area Directors." We have been unable to locate a document request which seeks this information. Please let us know to which request you are referring.

      With regard to Board Minutes regarding off-the-clock issues or complaints, we disagree with your contention that such information was requested by Plaintiff's Request for Production No. 18. If there is another request that you believe asks for this information, please identify it.

      You further requested additional information on "audits regarding off-the-clock work." We have responded fully to your discovery requests pertaining to audits and provided a 30(b)(6) witness who testified extensively on this issue.

      You also indicated that you want information regarding the reasons why Sprint deployed its Retail Time & Attendance system. Mr. Lynch, Mr. Bair and Ms. Dixon each testified regarding the deployment of the RTA system. To the extent that you sought additional information regarding the reasons for the change, those questions should have been asked during those three depositions. We note that we have also produced numerous documents on this issue, in addition to the 30(b)(6) testimony. See, e.g., SPRMEH-002173; SPRMEH-000556; SPRMEH-000443; SPRMEH-000435; SPRMEH-000397.

      Lastly, with regard to the very general statement that Sprint limited its discovery responses to information concerning the two stores that Ms. Eng worked at, we have looked at the issue and it comes up in approximately half of the responses to your document requests. Since your June 12, 2008 letter, we have provided you much information regarding Sprint's responses to date and five 30(b)(6) depositions have been completed. Please identify by request

**PROSKAUER ROSE LLP**

Gerald D. Wells, III, Esq.
June 19, 2008
Page 4

number, any remaining discovery requests for which you believe that you are entitled to further information. We will look into those requests and are happy to have an additional meet and confer.

                                    Very truly yours,

                                    *Elise*

                                    Elise M. Bloom

cc:   Kerri A. Gildow
      Hunter R. Hughes, III

** TOTAL PAGE.05 **