# EXHIBIT E

# ROGERS & HARDIN

ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP

ASHLEY R. HURST
DIRECT: (404) 420-4617
DIRECT FAX: (404) 230-0948
EMAIL: ARH@RH-LAW.COM

2700 INTERNATIONAL TOWER, PEACHTREE CENTER
229 PEACHTREE STREET, N.E.
ATLANTA, GEORGIA 30303-1601
(404) 522-4700
FACSIMILE: (404) 525-2224

May 22, 2008

*Via Email and U.S. Mail*

Robert W. Biela, Esq.
SCHIFFRIN BARROWAY TOPAZ
 & KESSLER, LLP
280 King of Prussia Road
Radnor, Pennsylvania 19087

Re: Eng-Hatcher v. Sprint Nextel Corporation, et al.
Case No. 2:07-cv-7350 (BSJ) (KNF) (S.D.N.Y.)

Dear Bob:

This letter responds to your May 19, 2008 letter regarding 30(b)(6) depositions of Sprint in the Eng-Hatcher case. As your letter states the areas listed are "general" indeed. This makes Sprint's ability to designate appropriate and knowledgeable witnesses nearly impossible. However, because time is of the essence, we have attempted to designate witnesses for the areas as we understand them and that are relevant to this case.

1  The Company's compensation policies, practices and procedures with regard to its Sales Representatives (as the term is defined in Plaintiff's Amended Complaint).

We are not entirely sure what you are asking for here. We assume you are looking for persons to testify about the incentive compensation plans that applied to Sprint's retail store consultants and how they worked during the relevant time period. To the extent your usage of the term Sales Representatives is intended to go beyond the retail store consultants in Sprint stores, we object as Plaintiff testified at her deposition that she was only seeking to represent persons who held the same position that she did (i.e., retail store consultant). Thus, as we understand General Area 1, Sprint designates Laurilyn Dowling to testify regarding its Incentive Compensation Plans for retail store consultants and how they worked during the relevant time period. Ms. Dowling works in Maine.

2.  The job duties and responsibilities of Sales Representatives

Subject to the same objection above regarding the term Sales Representatives, Sprint designates Mark Galluccio for General Area 2 during the relevant time period. Mr. Galluccio works in New York.

## ROGERS & HARDIN
A LIMITED LIABILITY PARTNERSHIP

Robert W. Biela, Esq.
May 22, 2008
Page 2

   3.   The duties and responsibilities of Sprint's Retail Store Managers, District Managers and Regional Managers concerning the oversight and supervision of retail store budgets, labor management, allocation of labor hours, and review and/or adjustment of time records.

To the extent that Sprint's Store Managers, Regional Sales Managers or Area Retail Directors have the duties and responsibilities listed in General Area 3, Sprint designates Mark Galluccio for this area for the relevant time period.

   4.   The compensation policies, practices and procedures for Sprint's Retail Store Managers, District Managers and Regional Managers

Subject to the same understanding as outlined in Sprint's response to General Area 1, Sprint designates Laurilyn Dowling to testify regarding the Incentive Compensation Plans and how they worked for its Store Managers, Regional Sales Managers and Area Retail Directors during the relevant time period.

   5.   The time-keeping policies, practices and procedures for Sprint's Sales Representatives including: how and when work hours are reported, confirming and verifying time records, overtime, recording time for meal and rest breaks, audits of time records, etc.

Subject to its objection regarding the term Sales Representative and its objection to what "etc." refers to, Sprint designates Rob Lynch regarding how hours were reported, including how time records, overtime, and meal and rest breaks were handled during the relevant time period. Sprint further designates Bob Bair regarding Sprint's self-audit process of retail stores, which include time records during the relevant time period. Mr. Lynch and Mr. Bair work in Overland Park, Kansas.

   6.   The time keeping systems used by Sprint to record the hours worked by Sales Representatives including: the systems used, the job titles of those with access to the time-keeping systems, etc;

Subject to the same objections listed in the response to General Area 5 above, Sprint designates Rob Lynch to testify regarding Sprint's various time keeping systems used for its retail stores during the relevant time period.

   7.   The operations, management and supervision of Sprint's retail store locations

While this General Area is very broad and thus impossible to determine exactly what Plaintiff is seeking, Sprint designates Kim Dixon to testify generally regarding the running of Sprint's retail store locations during the relevant time period. Ms. Dixon works in Overland Park, Kansas.

## ROGERS & HARDIN
A LIMITED LIABILITY PARTNERSHIP

Robert W. Biela, Esq.
May 22, 2008
Page 3

By designating witnesses, Sprint does not waive any of its objections to the 30(b)(6) topics. Instead, we have tried to respond as quickly as your notice would allow.

For scheduling purposes, the witnesses identified above are located in Overland Park, Kansas, Maine and New York. The Overland Park witnesses can be scheduled for June 12 and 13. Mr. Lynch is available June 12th and Ms. Dixon and Mr. Bair are available June 13th. Ms Dowling and Mr. Galluccio need to be scheduled prior to June 12th because of scheduling conflicts. It looks like Ms. Dowling is available on June 6th and I am still checking on Mr. Galluccio's schedule for the first week in June. Please confirm as soon as possible the dates for the Overland Park witnesses and Ms. Dowling so we can all schedule accordingly.

Very truly yours,

Ashley R. Hurst

ARH/llt

cc: Gerald D. Wells, III, Esq.
    Elise Bloom, Esq.