# EXHIBIT F



## SCHIFFRIN BARROWAY
## TOPAZ & KESSLER, LLP
Attorneys at Law

280 King of Prussia Road • Radnor, Pennsylvania 19087
(610) 667-7706 • Fax: (610) 667-7056
www.sbtklaw.com

Direct Dial: (610) 822-2233
E-Mail: gwells@sbtklaw.com

June 12, 2008

**VIA EMAIL**

Ashley R. Hurst. Esq.
Rogers & Hardin LLP
2700 International Tower
Peachtree Center
229 Peachtree Street, NE
Atlanta, GA 30303-1601

Re:   *Eng-Hatcher v. Sprint Nextel Corporation, No. 07-CV-7350-BSJ-KNF*

Dear Ashley:

I am writing to address several issues in connection with Defendants Sprint/United Management Company's and Sprint Nextel Corporation's (collectively, "Defendants" or "Sprint") responses and objections to Plaintiff's Interrogatories and Requests for Production of Documents ("Plaintiff's Requests").[1]

As a preliminary matter, it appears that Defendants' production of documents responsive to Plaintiff's Requests is continuing and is not yet complete. We note that Defendants have been producing CDs containing responsive documents in waves, with the first such wave arriving in early May. In fact, in that time, Defendants have produced no less than seven CDs, the most recent of which arrived only yesterday, one day prior to Plaintiff's taking the deposition of one Defendants' 30(b)(6) designees. As such, and given that Defendants have not yet certified the completion of discovery, we presume that responsive documents are still forthcoming.

Moreover, the responsive information provided to date by Defendants is deficient and clearly lacking in many respects. As such, please accept this letter as Plaintiff's good faith attempt to resolve the discovery issues between the parties regarding Defendants' responses and objections before resorting to Court intervention.

---

[1] This letter addresses the objections set forth in Defendants' Objections and Answers to Plaintiff's First Set of Interrogatories, and Defendants' Objections and Response to Plaintiff's First, Second and Third Request for Production of Documents. To avoid duplicity, Defendants' objections and responses to Plaintiff's First and Third Requests are addressed herein under Plaintiff's First Request for Production of Documents.

Ashley Hurst, Esq.
June 12, 2008
Page 2

Indicative of Defendants' deficient responses to Plaintiff's Requests, Defendants fail to provide full and complete information concerning their corporate structure, including the job titles of those individuals with responsibility over the supervision and operation of Defendants' retail stores. Moreover, while it appears that retail sales managers, retail directors and area vice-presidents have responsibility for store operations, Defendants have failed to produce complete responsive information regarding these job categories. For example, the very limited information provided by Defendants suggest that their retail sales managers, at the least, play a significant role in planning and overseeing the operations of their retail stores, including reviewing work schedules[2] and supervising retail store managers.[3] Yet, Defendants have failed to produce any policy, handbook, manual, memorandum or any other document describing how their retail sales managers, retail directors and area vice-presidents are expected to perform their job duties. Further, Defendants have failed to even delineate the job duties for individuals with these job titles. The Requests seeking this information are clearly reasonably calculated to lead to the discovery of admissible evidence. As you are well aware, a key theme of Plaintiff's Complaint is that Defendants uniformly exerted pressure on store management to control workforce labor hours expended in a given time/store, which resulted in employees working overtime and/or off-the-clock without appropriate compensation.

### Response to Defendants' General Objections

As a preliminary matter, Defendants improperly assert a number of redundant, baseless and unsupported objections and refuse to provide responses to what are inarguably relevant and discoverable areas of inquiry (including full and complete information regarding the responsibilities and job duties of its retail sales managers, retail directors and area vice-presidents). Further, Defendants provide incomplete information to Plaintiff's Requests by limiting the majority of their responses to the retail locations where Plaintiff worked. Indeed, Defendants' wholly untenable position concerning the scope and magnitude of discovery during this stage of the proceeding is, at base, inappropriate and unproductive.

Further, Defendants' unfounded and repetitious objection of "Overbreadth, Undue Burden, and Relevancy" in response to Plaintiff's Requests is a legally insufficient method of response. These blanket objections (without more) are insufficient and leaves Plaintiff with little guidance as to how or whether to modify her Requests. Simply put, the mere recitation of a litany of standard objections without explanation does not constitute a valid objection under the Federal Rules of Civil Procedure. *See McCleod et al. v. Quarles*, 894 F.2d 1482, 1484-85 (5th

---

[2] *See* memorandum from Laura McLaughlin, dated on or about March 2006, outlining scheduling and overtime procedures and confirming, among other things, that work schedules and requests for overtime must be approved by retail sales managers, Bates Number SPRMEH-002847.

[3] *See* Defendants' job profile for retail store managers, Bates Number SPRMEH-000418, noting that they report to retail sales managers.

Ashley Hurst, Esq.
June 12, 2008
Page 3

Cir. 1990); *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Indeed, given that Plaintiff's Requests seek *only* information that is in the possession, custody or control of Defendants, providing such information to Plaintiff is not unduly burdensome. Likewise, as Plaintiff's Requests are carefully crafted to be limited in scope, Plaintiff does not understand how Defendants can characterize her Requests as overly broad. Simply put, the information sought by Plaintiff is central to the crucial issues of this case, and therefore is both relevant and discoverable.

Moreover, Defendants' objection to the "Relevant Time Period" as defined by Plaintiff is without foundation. In addition to her FLSA claims, Plaintiff alleges Defendants violated New York labor laws, for which the statute of limitations is six years. As such, and given that it appears from the production provided to date by Defendants that they have national policies for time-keeping and compensation (among others), it defies logic to limit production to a time-frame shorter than six years, given that those national policies would have (presumably) impacted Sales Representatives employed in New York during the last six years. As such, Defendants' assertion that the Relevant Time Period is too broad is wholly without merit.

Below are specific instances we have identified where Defendants have failed to comply with Plaintiff's Requests. However, we remind you that it is not the duty of the propounding party to determine what documents are or are not responsive to Plaintiff's Requests. If these issues are not resolved, Plaintiff will be forced to move to compel discovery pursuant to Fed. R. Civ. P. 26 and 37 and applicable local rules. Furthermore, as you are aware, certain 30(b)(6) depositions have been scheduled over the coming few days. In light of Defendants' deficient production, Plaintiff reserves her right to recall any designee who may testify to any new information provided by Defendants subsequent to the conclusion of these depositions.

## Individual Requests

Plaintiff sets forth below a discussion of the deficiencies separated by Request, however, to the extent there may be some overlap, for example, between an interrogatory and certain document requests, there may be some combined discussion. The separation of each request does not limit the content set forth therein.

### Interrogatories

### Interrogatory No. 2

Defendants object to providing full and complete responsive information and instead object to them as overbroad, unduly burdensome, and irrelevant. However, regardless of whether a class is certified or not, the Federal Rules of Civil Procedure have established that Plaintiff may obtain discovery regarding "any matter, not privileged, that is relevant to the claim or defense of any party [including] ... the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Moreover, the United States Supreme Court

Ashley Hurst, Esq.
June 12, 2008
Page 4

has confirmed that alternative bases exist for ordering Defendants to produce the names and addresses of Sales Representatives similarly-situated to Plaintiff. *Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). There, the Supreme Court stated, "Without pausing to explore alternative bases for the discovery, *for instance that the employees might have knowledge of other discoverable matter*, we find it suffices to say that the discovery was relevant to the subject matter of the action and that there were no grounds to limit the discovery under the facts and circumstances of this case." *Id.* at 170 (emphasis added).

Numerous courts across the country have recognized this and found that contact information for co-workers and other employees who may be similarly-situated to Plaintiff is discoverable in analogous cases.[4] Moreover, this information is germane to the issues surrounding class and collective certification. For these reasons, Defendants' objections are without merit. As such, Plaintiff requests that Defendants withdraw their objections and provide substantive responses immediately.

**Interrogatory Nos. 4, 6, 7, 9 and 14**

Defendants object to providing complete discovery responses to these Interrogatories on various grounds, including vagueness, overbroad, relevance and privilege. The impropriety of these boilerplate objections is discussed above.

Further, Defendants provide incomplete responses to the above-enumerated Requests. For example, while indicating that its retail sales managers are responsible for reviewing work schedules and supervising retail store managers, Defendants provide no information regarding whether its retail sales managers and area vice-presidents can, and/or do, for example, modify or alter the time-records of their Sales Representatives. Likewise, Defendants fail to describe the job duties and responsibilities of their retail sales managers, retail directors and area vice-

---

[4] *See, e.g., Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 673 (D. Kan. 2003) (ordering production of list of co-workers prior to certification); *Kane v. Gage Mech. Servs., Inc.*, 138 F. Supp. 2d 212 (D. Mass. 2001) (plaintiff's motion seeking an order directing defendant to provide names and addresses of its employees granted); *Tucker v. Labor Leasing, Inc.*, 155 F.R.D. 687 (M.D. Fla. 1994) (plaintiff's motion to compel names of employees granted); *Stillman v. Staples, Inc.*, Civ. No. 2:07-cv-00849 (D.N.J. July 30, 2007) (compelling defendant, pre-certification, to produce to plaintiffs the names, addresses, positions and titles of employees with the same or similar job duties as plaintiff); *Bryan Pepe, et al v. Accredited Home Lenders*, Civ. No. 2:06-cv-01225 (W.D. Pa. May 14, 2007) (ordering defendant to provide answers to interrogatories requesting contact information for co-workers pursuant to discovery request in FLSA action); *Darryl Allen, et al v. Accredited Home Lenders*, Civ. No. 3-06-0921 (M.D. Tenn. Apr. 23, 2007) (ordering defendant in FLSA action to provide names of co-workers, finding them relevant to the claims asserted); *Donahay v. Palm Beach Tours and Transp.*, Order 1, 2007 WL 1119206, *1 (S.D. Fla. Apr. 16, 2007) (granting plaintiff's motion to compel list of those individuals similarly-situated); *Donahay v. Palm Beach Tours and Transp.*, Order 2, 2007 WL 1119208 (S.D. Fla. Apr. 16, 2007 (granting motion to compel response to interrogatories seeking identity of those similarly-situated); and *Morden v. T-Mobile USA, Inc.*, 2006 WL 1727987 (W.D. Wash. June 22, 2006) (granting plaintiffs' motion to compel list of employees without a motion for conditional certification pending in misclassification and "off-the-clock" case).

Ashley Hurst, Esq.
June 12, 2008
Page 5

presidents, including whether they investigate time-keeping and compensation issues raised by Sales Representatives. Moreover, Defendants provide no information regarding the job titles of the individuals who supervise store operations company-wide, including the supervisory hierarchy from the store to the corporate level. Such information clearly falls within the type of responsive information sought by Plaintiff (*see, e.g.,* Interrogatory Numbers 9 and 14 pertaining to the control, oversight, supervision or management of Defendants' Sales Representatives by district managers, regional managers and/or corporate).

Likewise, Defendants have produced no operating manuals, handbooks, or other policies for retail sales managers, retail directors and area vice-presidents. While the limited documents produced by Defendants to date indicate that these individuals have supervisory responsibilities for store operations, complete information pertaining to these job titles is lacking in Defendants' current production. This information is directly relevant to determining whether the policies regarding Defendants' employees militate in favor of class and/or collective certification.

Further, Defendants provide incomplete budget information, including how their retail store budgets are determined and how labor hours are allocated. Defendants provide incomplete information regarding the methods for determining store budgets and labor hours, and fail to produce responsive information pertaining to whether retail sales managers, retail directors and area vice-presidents (or other individuals) have responsibility for labor allocation.

### Interrogatory Nos. 8 and 15

While confirming that "[e]dits to electronic time records could only be made by authorized management personnel" and that the "retail store manager or authorized team member must review and correct any incomplete or unauthorized time records," Defendants not only fail to define the terms "authorized management personnel" and "authorized team member," but also fail to identify which job titles are included in these terms. Moreover, Defendants fail to identify the job titles of those individuals who may adjust, or alter, the time records of Defendants' Sales Representatives. In addition, Defendants fail to provide complete information pertaining to whether their retail sales managers, retail directors and area vice-presidents (or any other individuals for that matter) must authorize, or are permitted, to make or review such adjustments.

Accordingly, Plaintiff requests that Defendants promptly provide complete responses to these Interrogatories.

### Interrogatory No. 13

Defendants object to providing complete responsive information to this Interrogatory and instead asserts the "overbroad and undue burden objections." However, Plaintiff is at a loss to understand how Defendants are unduly burdened by this Request as it relates to their own defense in this matter. Surely Defendants have already collected these documents in preparation

Ashley Hurst, Esq.
June 12, 2008
Page 6

of their own defense. Moreover, Defendants have failed to provide a copy of any "general release" they claim any putative class member (let alone Plaintiff) may have executed.

As such, Defendants must withdraw their objections and provide a copy of any general release signed by Plaintiff, or otherwise provide an example of such a release (if Defendants concede the Plaintiff did not sign one).

**Interrogatory Nos. 16 - 18**

Defendants object to providing complete discovery responses to these Interrogatories on several generic grounds, including that they seek information that is not relevant to the subject matter of this action. First, as Defendants, and their counsel, are well aware, discovery is not limited to the four corners of the complaint. *See* Rule 26(b) Fed. R. Civ. P. While Defendants may disagree that the requested subject matter is an issue in this action, these Interrogatories are reasonably calculated to lead to the discovery of admissible evidence; the information sought in these Interrogatories is directly relevant to determining whether Plaintiff and members of the collective/class actions are similarly situated, a principal allegation in Plaintiff's Complaint. The information sought also pertains to whether Plaintiff and the members of the collective/class actions share common claims. As such, this information is directly relevant to this action. Plaintiff therefore requests that Defendants withdraw their objections and immediately provide complete responses to Plaintiff's Requests.

Moreover, these Interrogatories are tailored to seek discoverable information while avoiding undue burden. For example, Plaintiff's Requests are specifically limited in scope and seek information that is directly relevant to the central issues in this case, including information regarding the efficacy of Defendants' time-keeping systems (in the case of Interrogatory No. 16), and whether Defendants' compensation policies have ever been the subject of a lawsuit or administrative proceeding (in the case of Interrogatory No. 17). Further, Interrogatory No. 18 seeks copies of any complaints by putative class members regarding Defendants' time-keeping and compensation policies. Given the nature of the information sought by Plaintiff and the allegations she makes in this action, Defendants' assertion that these requests are irrelevant is without merit.

Moreover, while Defendants acknowledge that it has used multiple time-keeping systems in the past six years, Defendants provide no information pertaining to any internal (or external) audits or investigations discussing why the change in systems was necessary, or whether there were deficiencies in previous systems that required up-grading. In fact, information regarding these internal audits is directly relevant to Defendants' time-keeping and compensation policies. Furthermore, while Defendants acknowledge that it has a Corporate Audit Services department, it neither delineates the responsibilities of this group, nor confirms whether they performed any audits of Defendants' time-keeping or compensation systems during the Relevant Time Period.

Ashley Hurst, Esq.
June 12, 2008
Page 7

Furthermore, it appears the litigation identified by Sprint in which it is a named defendant goes back as far as only 2006. Plaintiff requests that Defendants confirm that this is a complete list of the wage and hour lawsuits in which they were/are a party during the Relevant Time Period, including up to the time or responding to this letter.

Finally, to the extent that Defendants attempt to artificially limit the scope of production to only the stores where Plaintiff worked, such a response is clearly deficient. Moreover, complaints concerning Defendants' time-keeping and compensation methods are directly relevant to the central issues in this case and, as Plaintiff has alleged a nationwide FLSA collective action, Defendants must produce complaints from stores nationwide. Defendants may not unilaterally limit the geographic scope of Plaintiff's Complaint in this manner.

## Interrogatory No. 20

Defendants have failed to produce full and complete responsive information concerning the compensation, commissions, bonuses or other forms of compensation paid to their retail sales managers, retail directors and area vice-presidents, even though it appears they are responsible for supervising the operations of Defendants' retail stores in their respective regions/territories. Rather, Defendants produced an incomplete copy of its 2007 Retail Compensation Plan Guide (Bates Number SPRMEH-000707), minus the relevant compensation plans for district managers and retail directors. Plaintiff hopes Defendants will remedy their deficient production immediately, including unredacted responsive documents through the Relevant Time Period.

While Defendants confirm that they offer incentives to store and other managers based on a variety of factors, they fail to adequately delineate the methods and schedules upon which those incentives are offered, and failed to produce complete information concerning bonuses paid to store managers, retail sales managers, retail directors and area vice-presidents. Moreover, Defendants do not describe the effect that the management of employee-hours has on their decision to award bonuses (if any), including the amounts paid.

In fact, the information sought goes to the very crux of this lawsuit – work performed by Defendants' Sales Representatives while either not clocked in for work or otherwise clocked out, and whether any compensation of Defendants' store managers, retail sales managers, retail directors and area vice-presidents is related to store budgets, profitability, performance goals, or other measures. As such, please promptly provide substantive responses.

## Defendants' Responses to Plaintiff's First Request for Production of Documents

## Document Request No. 1

With the exception of the two retail stores where Plaintiff worked, Defendants do not provide any additional retail store locations where Sales Representatives worked, nor do they identify the number of Sales Representatives employed by Sprint at those locations. Defendants

Ashley Hurst, Esq.
June 12, 2008
Page 8

assert boilerplate objections arguing that the information sought is "not relevant to the claims in this case, nor reasonably calculated to lead to the discovery of admissible evidence." However, this Request is tailored to discover, among other things, whether there are individuals similarly-situated to Plaintiff for purposes of certifying Plaintiff's collective and class actions. To clarify, Plaintiff does not seek "documents related to activating and servicing Sprint phones, obtaining store supplies, how to complete a sale, Sprint's dress code policy, store appearance, how to run a credit check, etc."[5]

In addition, this Request is narrowly tailored, and only seeks information for the relevant time period. While Defendants object to Plaintiff's definition of "Relevant Time Period," Plaintiff is entitled to request information during the putative class period which, as Plaintiff has pled, is six years.

Furthermore, as this Request seeks documents relating to the operation of Defendants' retail stores, this necessarily includes identifying Defendants' business structure or corporate hierarchy. This information is directly relevant to the allegations of this action and to the proper identity of Defendants and/or any additional defendants. Presumably, Defendants have information concerning their corporate hierarchy and retail store locations that is readily maintained by, and accessible to, it. Consequently, Plaintiff requests that Defendants produce responsive documents forthwith.

### Document Request Nos. 3, 5 and 24

Defendants fail to provide complete responsive information to this Request, instead, raising boilerplate objections. Defendants also object to providing such information, in part, on the basis that it seeks "documents relating to all budgeted expenses of Sprint's retail stores, for all stores." Defendants further artificially limit whatever deficient responses they provide. However, as discussed above, these objections are without merit.

As a preliminary matter, Plaintiff has carefully tailored her Requests, and they are neither vague nor overly broad. The information Plaintiff seeks is directly relevant to determining Defendants' allocation of labor hours, and more specifically, whether as a result of its allocation Sales Representatives performed, and were properly credited for, "off-the-clock" work, as alleged in the Complaint. As previously stated, this information bears directly on whether Defendants had a policy to deny overtime compensation to their Sales Representatives by virtue of not properly recording their time spent working. Plaintiff is entitled to this information. Please produce it forthwith.

Further, Defendants provide incomplete information regarding their retail store operations, including how budgets are determined, reviewed, amended and approved. Moreover,

---

[5] To the extent that such information does not bear on the claims in this matter.

Ashley Hurst, Esq.
June 12, 2008
Page 9

Defendants provide absolutely no responsive information regarding the allocation and corresponding expense of labor hours to their retail stores, as well as whether regional sales managers, retail directors and/or area vice-presidents determine such hours and costs. However, the information requested by Plaintiff (documents relating to the budgets and allocated expenses, *inter alia*) is indeed relevant to the evaluation of such budgeting practices, and how they affected Sales Representatives. Plaintiff therefore requests that Defendants withdraw their objections and produce all responsive documents forthwith.

In addition, Defendants fail to provide complete responsive information pertaining to its procedures for discouraging/approving overtime hours for Sales Representatives. This information is inarguably relevant and discoverable. Consequently, Plaintiff expects responsive documents to be produced forthwith. If Defendants contend the information produced thus far constitutes the entirety of responsive documents for the Relevant Time Period, please so state.

**Document Requests Nos. 6, 8, 10 – 12, and 21 – 22**

These Requests seek information regarding, *inter alia,* Defendants' time-keeping policies. Yet Defendants provide only incomplete information regarding their time-keeping policies, including whether (and how) time is recorded for employees who work outside retail store locations, for example, performing promotional and solicitation activities, and whether Sales Representatives are required to clock-in and clock-out using time-keeping systems to record that time. It is beyond dispute that information regarding Defendants' time-keeping policies is directly relevant to the central issues in this case. As such, Defendants have provided an incomplete response to the above-enumerated Requests.

Moreover, while indicating that their retail sales managers are responsible for reviewing work schedules and supervising retail store managers, Defendants provide no information regarding whether their retail sales managers, retail directors and/or area vice-presidents (or other job titles for that matter) can, and/or do, for example, modify or alter the time-records of its Sales Representatives. Furthermore, Defendants have not identified any document which outlines how (if at all) Sales Representatives record their time for worked performed before a retail store opens and/or after it closes.

These Requests are directly relevant to the issue of collective/class certification, as they pertain to Defendants' time-keeping records and compensation of their Retail Employees. Plaintiff, therefore, requests that Defendants withdraw their unwarranted objections and produce the requested documents immediately.

**Document Request Nos. 13, 25 and 26**

Defendants have failed to produce full and complete responsive information concerning the compensation, commissions, bonuses or other forms of compensation paid to their retail sales managers, retail directors and area vice-presidents. In fact, as noted previously, Defendants'

Ashley Hurst, Esq.
June 12, 2008
Page 10

conduct is all the more egregious given that it produced an incomplete copy of its 2007 Retail Compensation Plan Guide, minus the relevant compensation plans for district managers and retail directors (even though this information is clearly incorporated in Plaintiff's Requests).

In fact, while Defendants confirm that they offer incentives to store and other managers based on a variety of factors, they fail to adequately delineate the methods and schedules upon which those incentives are offered. Moreover, they do not describe the effect that the management of employee-hours has on their decision to award bonuses (if any), including the amounts paid. The information sought goes to the very crux of this lawsuit – work performed by Defendants' Sales Representatives while either not clocked in for work or otherwise clocked out, and whether any compensation of Defendants' store managers, retail sales managers, retail directors and area vice-presidents was related to store budgets, profitability, performance goals, or other measures. As such, please promptly provide complete substantive responses.

### Document Request No. 16

Defendants' response fails to adequately identify documents that delineate their efforts to comply with the Fair Labor Standards Act and/or New York's state labor laws. As such, kindly identify all responsive documents which Defendants incorporate in their response. If Defendants maintain that they have produced all responsive documents within the Relevant Time Period, then please so state.

### Document Request No. 18

Defendants have failed to produce full and complete responsive information concerning any investigations and reviews regarding allegations of off-the-clock and/or improper alteration of time-records, even though Defendants acknowledge that have hotlines and contact personnel whose responsibility includes the investigation of such complaints. Moreover, Defendants improperly attempt to artificially limit the scope of Plaintiff's Requests, responding that Sprint will produce information only for the stores at which Plaintiff worked. As noted herein, Plaintiff has alleged nationwide FLSA claims and Defendants' production of information pertaining to only two stores is woefully inadequate and without basis. The information is clearly relevant to this action (it bears on a course of conduct by Defendants as alleged in the Complaint), and bears directly on the allegations contained in Plaintiff's Complaint. Thus there is no justifiable reason for Defendants' failure to adequately respond to this Request.

### Document Request Nos. 19, 20 and 23

Defendants object to producing responsive information on the grounds that Plaintiff's Requests are overly broad, unduly burdensome, seek information that is not relevant to the subject matter of this suit, and is privileged. However, as has been consistent with Defendants' claims of privilege, they neither identify, nor explain which privilege applies, nor produce a privilege log. However, the information sought by Plaintiff is directly relevant to the central

Ashley Hurst, Esq.
June 12, 2008
Page 11

issues in this case, as the Requests seek information pertaining to, and which bear upon, Defendants' compensation and time-keeping policies which are the central factual issue of the allegations.

In addition, Defendants' failure to provide responsive information on the basis that Plaintiff's Requests are violative of the privacy rights of non-parties, or seeks privileged or confidential information is absurd. As noted above, Plaintiff's Requests seek information pertaining directly to allegations of "off the clock" work performed by current and former Sales Representatives. Surely, Defendants are aware of prior grievances or complaints from their Sales Representatives regarding Defendants' compensation and time-keeping policies. As such, the information is clearly relevant to this action. Accordingly, promptly provide substantive responses forthwith.

### Document Request No. 25

Again, Defendants do not produce any documents in response to this Request on the basis that it seeks information that is supposedly "not relevant to the subject matter" and "not calculated to lead to the discovery of admissible evidence." Defendants further object to providing responsive information on the basis that the information sought is privileged, and lastly that Plaintiff fails to "identify the documents sought with a level of specificity to enable defendant to know the precise documents being sought." The Request is clearly limited to correspondence between Defendants and any other person regarding the subject matter of this lawsuit, *including but not limited to,* any documents obtained as a result of releases and/or subpoenas. Therefore, Plaintiff has adequately identified the type of documents she seeks. Further, Plaintiff is not seeking documents that are rightfully protected by privilege. As such, Plaintiff requests that Defendants produce all non-privileged documents immediately.

Finally, Defendants' objection that the Request is "not related to the subject matter" of this litigation is unsupportable. The wording of the Request itself seeks correspondence between Defendants and another entity "regarding the subject matter of this lawsuit." This is plainly relevant. As such, Plaintiff requests that Defendants withdraw their objections to this Request and produce responsive documents immediately.

### Defendants' Responses to Plaintiff's Second Request for Production of Documents

### Document Request No. 1

Defendants fail to provide complete responsive information to Plaintiff's Request and, instead, assert boilerplate objections that are, as explained herein, unfounded and without merit.

As a preliminary matter, Defendants have failed to produce full and complete responsive information concerning any investigations and reviews regarding allegations of off-the-clock and/or improper alteration of time-records, even though, as noted herein, Defendants

Ashley Hurst, Esq.
June 12, 2008
Page 12

acknowledge that they maintain hotlines and have personnel whose responsibilities include the investigation of such complaints. As noted herein, Plaintiff has alleged nationwide FLSA claims, *inter alia*, and Defendants' production of information pertaining to only two stores is woefully inadequate. As such, the information is clearly relevant to this action (it bears on a course of conduct by Defendants over a period of time), and is the basis of Plaintiff's Complaint. Thus, there is no justifiable reason for Defendants' failure to adequately respond to this Request.

### Document Request Nos. 2 and 4

Defendants object to providing a complete response to this request on the grounds that it is duplicative and is not relevant to the instant matter. While Plaintiff acknowledges that there may be some overlap with previous document requests, to the extent that Defendants have failed to produce documents responsive to the specific request, Plaintiff requests that Defendants withdraw their objections and provide the requested information forthwith.

As described above, the Federal Rules of Civil Procedure are clear that Plaintiff is entitled to conduct discovery with relevant witnesses – not only with parties. Moreover, courts across the country have found that contact information for co-workers and other employees similarly-situated to Plaintiff is discoverable in wage and hour cases. *See* n. 4, *supra*.

Moreover, evidence regarding questionnaires, polls, surveys and employee response forms which contain allegations of off-the-clock work by Sales Representatives and/or the alteration of time-records by store managers, retail sales managers, retail directors and/or area vice-presidents (among others) is directly relevant to the central issues in this case – namely, whether Defendants have a policy, plan or scheme to minimize labor costs through improper time-keeping and compensation practices, as Plaintiff has alleged.

Please produce the information requested in this letter. To the extent you do not agree to produce the information requested herein, please promptly inform me of Defendants' position with respect to these matters. If you think it would be productive, Plaintiff's counsel is available to discuss these matters further.

Ashley Hurst, Esq.
June 12, 2008
Page 13


      Thank you for your attention to the foregoing.

                                       Sincerely yours,

                                       Gerald D. Wells, III

GDW/km

cc:    Elise Bloom, Esq.
        Hunter Hughes, Esq.
        Robert Shapiro, Esq.
        Robert W. Biela, Esq.
        Nick Williams, Esq.
        Katherine Bornstein, Esq.