# EXHIBIT G



## SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP
Attorneys at Law

280 King of Prussia Road • Radnor, Pennsylvania 19087
(610) 667-7706 • Fax: (610) 667-7056
www.sbtklaw.com

Direct Dial: (610) 822-2233
E-Mail: gwells@sbtklaw.com

June 16, 2008

<u>VIA EMAIL</u>

Hunter R. Hughes III, Esq.
Ashley R. Hurst, Esq.
Kerri A. Gildow, Esq.
Rogers & Hardin LLP
2700 International Tower
Peachtree Center
229 Peachtree Street, NE
Atlanta, GA 30303-1601

Re:   *Eng-Hatcher v. Sprint Nextel Corporation*, No. 07-CV-7350-BSJ-KNF

Dear Counsel:

In light of the recent Rule 30(b)(6) depositions of Rob Lynch, Bob Bair, Kim Dixon and Mark Galluccio, we write as a courtesy to notify you of Plaintiff's intent to seek a conference with Magistrate Judge Kevin N. Fox as soon as possible to address the serious deficiencies in Sprint's discovery compliance to date. (As required by Local Civil Rule 37.2, such a conference must precede the filing of a formal motion to compel; neither the Local Rules nor Judge Fox's individual rules require further meet-and-confer between the parties prior to such a conference.) Issues to be addressed with Judge Fox include but are not limited to the following:

First, Sprint has failed—and apparently refuses—to produce a Rule 30(b)(6) witness who can testify competently about complaints received nationally with respect to off-the-clock work and/or improper alteration of time records. At deposition, Ms. Hurst sought to explain away this failure by attempting to argue that even though Mr. Lynch was designated to testify about timekeeping practices generally, *complaints* about timekeeping issues constitute a separate issue. As a matter of common sense, and as subsequently acknowledged at deposition by Ms. Dixon, that position is untenable. Indeed, given that the central allegation of this case is that Sprint engaged in timekeeping abuse by requiring off-the-clock work, it strains credulity to argue that Sprint's designee regarding timekeeping practices nationwide need not know about complaints regarding timekeeping practices nationwide. Moreover, even Ms. Hurst's May 22, 2008 letter (the "May 22 Letter")—in which she attempted to twist and characterize the plain language of Plaintiff's Rule 30(b)(6) designation requests—provides no support for such a strained

Hunter R. Hughes III, Esq.
Ashley R. Hurst, Esq.
Kerri A. Gildow, Esq.
Page Two
June 16, 2008

construction. In sum, Sprint's designees were plainly inadequate, and the company must produce additional witnesses who are in a position to testify about complaints made nationally with respect to alleged off-the-clock work.

Second, the May 22 Letter designated Mark Galluccio to testify on behalf of Sprint with respect to (i) "[t]he job duties and responsibilities of Sales Representatives;" and (ii) "[t]he duties and responsibilities of Sprint's Retail Store Managers, District Managers and Regional Managers concerning the oversight and supervision of retail store budgets, labor management, allocation of labor hours, and review and/or adjustment of time records." The letter does not limit Mr. Galluccio's testimony to the two stores where Plaintiff worked, or to the district where Mr. Galluccio currently works. Nonetheless, at deposition, Ms. Bloom insisted upon imposing such limitations, and represented to Ms. Bornstein that there was an "agreement" among counsel to impose such limits.[1] Thus, because Mr. Galluccio could not (or was not permitted to) testify fully and completely with respect to the categories for which he was designated, Sprint must produce another witness or witnesses who can testify competently as to those issues.

Finally, Plaintiff intends to raise with the Court the various deficiencies in Sprint's interrogatory responses and document production, which were addressed in my previous letter.

If you would like to discuss these issues with us before we initiate a conference with the Court, please contact us no later than the close of business tomorrow, June 17. We are generally available. Also, please further note that our request for a conference will out of necessity be accompanied by a request to extend the discovery schedule in this case until at least such time as the Court can hold a conference. Thus, kindly provide us with either your consent to an extension or your reasons for withholding such consent, so that we can provide the information required by Judge Fox's individual rules.

Sincerely yours,

Gerald D. Wells, III

GDW/km

---

[1] We are unaware of any such "agreement." If you have evidence to the contrary, please forward it to us immediately. Also, please provide us with evidence that there was an "agreement"—as claimed by Ms. Bloom—to limit Mr. Galluccio's testimony to the time period between August 2004 and the present.

Hunter R. Hughes III, Esq.
Ashley R. Hurst, Esq.
Kerri A. Gildow, Esq.
Page Three
June 16, 2008

cc: Elise Bloom, Esq.
    Hunter Hughes, Esq.
    Robert Shapiro, Esq.
    Robert W. Biela, Esq.
    Nick S. Williams, Esq.
    Katherine Bornstein, Esq.