# EXHIBIT H

JUN 18 2008 12:35 FR PROSKAUER ROSE LLP 202 969 2932 TO *7736*66816019*7 P.01/03

# PROSKAUER ROSE LLP

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

BOCA RATON
BOSTON
CHICAGO
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

## Fax Transmittal

| | | | |
|---|---|---|---|
| Date | June 18, 2008 | Client-Matter | 66816-019 |
| Total Pages (Including Cover) | 3 | | |
| From | Elise M. Bloom | | |
| Sender's Voice Number | 212-969-3410 | Sender's Room Number | 20-62 |
| Sender's Email Address | ebloom@proskauer.com | Main Fax Number | 212.969.2900 |
| To: | Gerald D. Wells, III, Esq. | Fax No.: | (610) 667-7056 |
| Company: | Schiffrin Barroway Topaz & Kessler, LLP | Voice No.: | |
| cc: | Kerri A. Gildow | Fax No.: | (404) 230-0941 |
| Company: | Rogers & Hardin LLP | Voice No.: | |
| cc: | Hunter Hughes | Fax No.: | (404) 230-0941 |
| Company: | Rogers & Hardin LLP | Voice No.: | |

**Message**

Please see attached.

Confidentiality Note: This message is confidential and intended only for the use of the addressee(s) named above. It may contain legally privileged material. Dissemination, distribution or copying of this message, other than by such addressee(s), is strictly prohibited. If you have received this message in error, please immediately notify us by telephone and return the original to us at the address above. We will reimburse you for the cost of the telephone call and postage. Thank you.

7736/99999-702 Current/9456223v1                                                                12/12/2007 02:35 PM

# PROSKAUER ROSE LLP

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

BOCA RATON
BOSTON
CHICAGO
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SAO PAULO
WASHINGTON

Elise M. Bloom
Member of the Firm

Direct Dial 212.969.3410
ebloom@proskauer.com

June 18, 2008

**By Facsimile**

Gerald D. Wells, III, Esq.
Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Rd.
Radnor, PA 19087

Re:  Eng-Hatcher v. Sprint Nextel Corporation, et al.
     Case No. 2:07-cv-7350 (BSJ) (KNF) (S.D.N.Y.)

Dear Jerry:

    We write to respond to the two assertions in your June 16, 2008 letter regarding Plaintiff's Rule 30(b)(6) depositions of Sprint. Sprint disagrees with both assertions.

    You first contend that Sprint has not produced a witness "who can testify competently about complaints received nationally with respect to off-the-clock work and/or improper alteration of time records." As an initial matter, the premise of your assertion is incorrect – three of Sprint's witnesses did, when asked, testify about Sprint's complaint processes. See, e.g., Dixon Depo. Tr. at 36; Bair Depo. Tr. at 47-52; Lynch Depo. Tr. at 72-74, 80-81. In addition, Sprint was not obligated to produce a witness who could testify about all aspects of the complaint processes or regarding complaints that Sprint may have received because Plaintiff's deposition notice did not request that Sprint produce a witness on this topic. The Federal rules place the burden on Plaintiff, as the party noticing the deposition, to specify the topics on which she would like Sprint to testify. See Fed. R. Civ. P. 30(b)(6) ("In its notice . . . , a party . . . must describe with reasonable particularity the matters for examination."). Neither the word "complaint" nor anything which can reasonably be interpreted to include this topic appears in Plaintiff's deposition notice. See generally 6/5/08 Letter from Biela to Hurst and attached Notice of Depositions (describing seven deposition topics, none of which involves complaints regarding off-the-clock work or the improper alteration of time records) (attached hereto as Exhibit 1).

PROSKAUER ROSE LLP

Gerald D. Wells, III, Esq.
June 18, 2008
Page 2

You next contend that Sprint improperly limited the geographic scope of Mark Gallucio's testimony and that I represented to Ms. Bornstein that counsel had agreed to such a limitation. Your characterizations of the deposition and my statements are incorrect for at least two reasons.

First, you misunderstand my reference to an "agreement" among counsel. As I stated, counsel's agreement does not relate to the geographic scope of Mr. Gallucio's testimony, but rather to the definition of the purported class that Plaintiff seeks to represent to those in Sprint's Retail Store Consultant position. See Gallucio Depo. Tr. (Rough Draft) at 5-6. Ms. Eng-Hatcher herself testified to such a limitation in her deposition. See Eng-Hatcher Depo. Tr. at 224. Ms. Hurst then reiterated this limitation in her May 22, 2008 letter to Mr. Biela, and neither you, nor your colleagues, have objected to the terms of that letter. In fact, Nick Williams expressly acknowledged this limitation in an e-mail to Ms. Hurst. See 6/10/08 E-mail Williams to Hurst (stating that "I think we're on the same page with respect to the retail employees at issue. It seems to be an issue of nomenclature.") (attached hereto as Exhibit 2). If there was a question, Ms. Bornstein could have contacted you or anyone else in your office for clarification.

Second, Mr. Gallucio did in fact testify nationally about the job duties and responsibilities of Sprint's retail employees. See, e.g., Gallucio Depo. Tr. (Rough Draft) at 25-26 (testifying that, nationally, Sprint has approximately 72 districts); id. at 28-29 (job titles in Sprint's retail stores); id. at 58-59 (managers' responsibilities with regard to objectives); id. at 59 (employee handbooks); id. at 60-67 (regional managers, district managers, and retail store managers); id. at 73-74 (managers' budget-related responsibilities); id. at 90-92 (same). To the extent that you believe Mr. Gallucio's testimony was insufficient on topics such as "the oversight and supervision of retail store budgets, labor management, allocation of labor hours, and review and/or adjustment of time records," Sprint produced additional 30(b)(6) witnesses, who testified regarding these exact topics. See, e.g., Dixon Depo. Tr. at 43-45 (testifying about Sprint's retail store budgets); Lynch Depo. Tr. at 48, 53-54, 60-61, 65-69 (testifying about the review and correction of time records). The topics set forth in Plaintiff's deposition notice overlapped considerably, therefore Sprint produced multiple witnesses who were prepared to testify on similar topics.

Very truly yours,

Elise M. Bloom

cc: Kerri A. Gildow
Hunter Hughes

7736/66816-019 Current/11372713v1