# EXHIBIT I

**From:** Gerald D. Wells [mailto:gwells@sbtklaw.com]
**Sent:** Thursday, June 19, 2008 4:58 PM
**To:** Bloom, Elise M.
**Cc:** Gildow, Kerri A.; Robert Gray; Ed Ciolko; Katherine Bornstein; Nick Williams; Jason Conway; Michelle A. Coccagna
**Subject:** RE: Mark Galluccio

Elise,

I am in receipt of your letter of earlier today.

As a preliminary matter, Plaintiff accepts Defendant's offer to make a 30(b)(6) designee available who can competently speak to investigating off-the-clock work. Please provide a series of dates in which the designee is available so that we may schedule the deposition at a mutually convenient time.

With respect to your offer to make Mr. Gallucio available tomorrow at 1 o'clock for additional questioning, we believe that this offer is inadequate. Stating that someone is available less than 24 hours before the proposed start of the deposition is unreasonable and simply unrealistic. While we appreciate your offer to make him available, we believe that **all** deponents should be made available at a mutually convenient date and location (as we have operated to date).

More importantly, for all the reasons set forth on last night's conference call, it is our position that Mr. Gallucio is a deficient designee. Indeed, Mr. Gallucio himself testified that he was unaware of the Company's practices for the nation. *See* Gallucio Transcript at p.39 ("I can't speak for the nation, no."). As such, we do not believe offering Mr. Gallucio a second time will address our concerns. Consequently, we stand by our position that a competent designee must be made available. Once you have designated an appropriate individual, we would be happy to reschedule the deposition at a mutually convenient time. Perhaps towards the end of next week?

With respect to the other issues raised in your letter, we will respond more formally in letter format. Nevertheless, and in order to preserve all of our rights, please be advised that we still intend to seek an extension from the Court regarding the discovery deadline. While we remain committed to the meet & confer process, and appreciate your offer to work through these discovery issues, it is plainly evident that we simply will not be able to come to agreement on all issues by tomorrow. Indeed, it clear from correspondence to date that there is substantial disagreement regarding, *inter alia*, the production of documents (e.g., Defendant's limitation to discovery related to the Plaintiff's store locations); hence, it is unlikely that this issue (and all of the other outstanding discovery issues) can be solved in a day or, likely, without Court intervention.

While, it is my preference that this extension be sought jointly (so as to avoid unnecessary motion practice and in the spirit of comity), Plaintiff is prepared to file the motion unilaterally, if necessary. Regardless, I look forward to further discussions with you -- hopefully resolving these discovery issues amicably.

Regards,

Jerry

**From:** Bloom, Elise M. [mailto:ebloom@proskauer.com]
**Sent:** Thursday, June 19, 2008 3:30 PM
**To:** Gerald D. Wells
**Cc:** Gildow, Kerri A.
**Subject:** Mark Galluccio

Jerry,

In our letter we offered to make Mr. Gallucio available tomorrow at 1 o'clock at our offices to testify about the job duties of the Store Managers, Regional Sales Managers or Area Retail Directors on a national basis in response to your team's concerns that his answers at his deposition were limited and not national in scope. We will need to know by 4:30 p.m. today whether you would like to proceed tomorrow. Please let us know. Thanks

Elise M. Bloom | PROSKAUER ROSE LLP
Member of the Firm
1585 Broadway | New York, NY 10036-8299
v: 212.969.3410 | F: 212.969.2900
ebloom@proskauer.com | www.proskauer.com

****************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

****************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.