# EXHIBIT J

# SCHIFFRIN BARROWAY
# TOPAZ & KESSLER, LLP
Attorneys at Law

280 King of Prussia Road • Radnor, Pennsylvania 19087
(610) 667-7706 • Fax: (610) 667-7056
www.sbtklaw.com

Direct Dial: (610) 822-2233
E-Mail: gwells@sbtklaw.com

June 19, 2008

**VIA ELECTRONIC MAIL**

Elise Bloom, Esq.
Proskauer Rose, LLP
1585 Broadway
New York, NY 10036

      Re:    *Eng-Hatcher v. Sprint Nextel Corporation*, No. 07-CV-7350-BSJ-KNF

Dear Elise:

We are in receipt of your letter dated June 19, 2008 ("June 19 Letter") regarding Defendants' response to our meet and confer conference call on June 18, 2008.

As a preliminary matter, I am especially troubled by Defendants' inaccurate characterization of the topics discussed during last night's meet and confer. In your June 19 Letter you imply that we complained about Defendants' discovery deficiencies only with respect to a few discrete areas; in fact, we specifically stated that the identified areas were merely representative of Defendants' discovery shortcomings, and were not intended to be comprehensive. This tactic of mischaracterization is neither appropriate nor likely to lead to a productive resolution. I trust, however, that this was merely inadvertent and will not happen again.

Addressing the subject matter of your June 19 Letter, Defendants have agreed to produce a witness to testify regarding off-the-clock work.[1] Thank you for this offer. However, your

---

[1] I note that, in particular, areas 4 and 5 listed in Plaintiff's 30(b)(6) notice seek information concerning Defendants' time-keeping and compensation policies and procedures and, therefore, clearly encompass complaints

Elise M. Bloom, Esq.
June 19, 2008
Page 2

proffer with respect to the topic areas to be covered by this designee is deficient. As discussed during last night's conference call, we seek information regarding, *inter alia,* (i) Defendants' procedures for investigating complaints of off-the-clock work, (ii) how such complaints are processed, (iii) what corrective action, if any, the Company has taken as a result of such complaints, and (iv) information concerning actual complaints of off-the-clock work from across the country. As such, to the extent that a single designee cannot testify to these areas, please provide us with additional designees to cover each of the foregoing topic areas.

With respect to Defendants' deposition designees produced to date, as we previously indicated on June 16, 2008, and again in our call yesterday, we take issue with the appropriateness of certain of Defendants' 30(b)(6) designees including, for example, Mark Galluccio. During the course of Mr. Galluccio's deposition, he expressly stated that he has no knowledge of Defendants' operations outside his own district. *See, e.g.,* Galluccio Transcript at p. 39 ("I can't speak for the nation, no.").[2] This admission clearly negates his appropriateness as a 30(b)(6) designee to speak to the Company's national practices, including the duties and responsibilities of retail store managers, district managers and regional managers.

In response to Plaintiff's assertion that Mr. Galluccio is inappropriate, you now indicate that his testimony should be viewed in conjunction with the testimony provided by Mr. Lynch and Ms. Dixon, and that collectively their testimony will "more than adequately respond[] to [Plaintiff's] questions related to general area number 3." As an initial matter, these latter designees were not produced in response to topic area number 3. Moreover, your selective citations to the respective deposition transcripts are unavailing. Their testimony does not remedy Mr. Galluccio's deficiency as a person with putative knowledge of Defendants' operations nationally. As your citations to the deposition transcripts of Mr. Lynch and Ms. Dixon demonstrate, their testimony cannot reasonably be presumed to supplement the testimony of Mr. Galluccio as they addressed only very distinct (and limited) subject matters and did not speak to the general area for which Mr. Galluccio was designated. Plaintiff requests an appropriate designee whose testimony does not require such strained supplementation.

---

relating to those policies and procedures. As such, Defendants' statement that this topic was not included in Plaintiff's 30(b)(6) notice is unavailing.

[2] Emblematic of the Defendants' discovery gamesmanship to date, Defendants now proclaim that Mr. Galluccio is an appropriate designee. However, we note for the record that you limited the scope of Mr. Galluccio's testimony on several occasions. *See* Galluccio Depo. Tr at pp 6-8; 29-30; 37; 39-42; 48-55; 58-60; 62-63; 77-78; and 94-95. Moreover, at page 39, you explicitly state that Mr. Galluccio is "not giving national testimony." Consequently, it is readily apparent that Defendants are clearly attempting to impede Plaintiff's discovery efforts and are responsible for the delays to date in completing discovery.

Elise M. Bloom, Esq.
June 19, 2008
Page 3

As such, your proffer to produce Mr. Galluccio once again for deposition (with less than 24 hours notice to Plaintiff's counsel) is disingenuous and improper. Again, we request that Defendants produce a designee with knowledge of the subject areas for which you ostensibly now offer Mr. Galluccio. Accordingly, as we indicated to you earlier today, we decline your proposal of proceeding with a second deposition of Mr. Galluccio tomorrow.

Regarding Defendants' document production, we appreciate your willingness to compromise and produce documents "pertaining to Employee Helpline calls and/or Ethics Hotline calls." Nevertheless, it is wholly inadequate to artificially limit the scope of Plaintiff's discovery to complaints lodged by employees in New York. Plaintiff's Complaint encompasses violations of federal wage and hour laws on a nationwide basis. Thus, it is simply improper for Defendants to unilaterally limit Plaintiff's discovery to production of complaints in New York and only via the helplines. We re-iterated this point during our meet and confer conference call. Despite this, Defendants continue to maintain these improper limitations. We also note for the record that your limitation on the scope of document production is inconsistent with the allegedly nationwide scope of your designees' testimony.

Also, we identified Defendants' failure to produce documents outlining, for example, the job duties and responsibilities of retail sales managers and area vice-presidents, including job manuals for area vice-presidents (and not, as your June 19 Letter indicates, limited to "job manuals for Area Directors"). I note that such information would be responsive to Request Nos. 3, 5, 6, 8, 10, 11 and 12 in Plaintiff's First and Third Request for Production of Documents. Moreover, Interrogatory No. 9(e) also calls for such information. Kindly produce all responsive documents, without limitation, immediately.

In regard to our request for Board Meeting minutes concerning off-the-clock issues and related complaints, we re-iterate that, contrary to your assertion, such documents are encompassed in Plaintiff's First and Third Request for Production of Documents No. 18. For example, we note that Defendants have various audit groups throughout the Company, including the Audit Committee of the Board of Directors. I note that this Committee, according to the Company's website and SEC filings, is charged with ensuring ethical and legal compliance by Defendants' employees. Consequently, if the Audit Committee or Board of Directors at large ever addressed the issue of off-the-clock work, such documents should be produced. As such, it is disingenuous to state that this request does not encompass the minutes for Board of Directors meetings.

To date, Defendants have failed to provide full and complete responsive information pertaining to audits of off-the-clock complaints/issues. As we indicated in our call yesterday, and in our correspondence of June 12, 2008 and June 16, 2008, Defendants have largely provided copies of store audits limited to those locations where the Plaintiff worked. This production is inadequate and fails to respond to Plaintiff's requests for documents regarding audits, reviews or investigations of Sales Representatives' time-records. Please produce

Elise M. Bloom, Esq.
June 19, 2008
Page 4

responsive documents immediately to obviate the need to expend additional resources to a plainly relevant (and discoverable) area.

Defendants clearly know that such responsive documents exist. Indeed, Mr. Bair in his deposition stated that he has received at least two "hold notices" regarding complaints from Sales Representatives arising from a failure to compensate for all hours worked. *See* Baird Transcript: pps. 48-49. To date, Defendants have failed to produce any such "hold notices," as requested by Plaintiffs. *See, e.g.,* Plaintiff's First and Third Request For the Production of Documents, No. 17.

Defendants also persist in failing to provide responsive information pertaining to audits of its time-keeping systems, including the reasons for changing such systems. This information is clearly responsive to Plaintiff's Requests (*see, e.g.,* Request Nos. 6 and 18). Instead, Defendants claim that this information should have been obtained from Mr. Lynch, Mr. Bair and/or Ms. Dixon during the course of their 30(b)(6) depositions. To reiterate the objection stated during last night's call, Defendants' objection misses the mark. Plaintiff is entitled to documents responsive to her discovery requests – a right independent of Plaintiff's ability to glean information from a 30(b)(6) designee.

To the extent Defendants assert that responsive documents have been produced, this is simply not the case. The documents referenced in your June 19 Letter do not reflect an audit of Defendants' time-keeping systems. Indeed, document Bates stamped SPRMEH-000443 is a PowerPoint presentation that simply notes the challenges in having multiple time-keeping systems. It does not, for instance, explain whether previous time-keeping systems failed to accurately record employee time, including whether employees were working off-the-clock.

Furthermore, as we have previously noted on a number of occasions, Defendants have repeatedly limited the scope of production to the stores where Plaintiff worked (*see, e.g.,* Interrogatory Nos. 3 and 8; First and Third Document Request Nos. 3, 5, 6, 8, 10, 11, 14, 17, 18, 21, 22, 24, 25 and 26; and Second Document Request No. 4). As we have stated *repeatedly*, we believe Defendants' unilateral limitation is inappropriate and wholly unwarranted. As such, we request that Defendants produce all responsive documents immediately.

In light of the foregoing, and Defendants' representation that they will produce an additional designee and further responsive documents, we believe that a modest extension of the discovery deadline is appropriate and justified under the circumstances. This is particularly true given that we are continuing the meet and confer process. As I indicated in my earlier email to you today, while my preference is that this extension be sought jointly, Plaintiff is prepared to file the motion unilaterally, if necessary.

I look forward to discussing these matters with you further.

Elise M. Bloom, Esq.
June 19, 2008
Page 5

Very truly yours,

Gerald D. Wells, III

GDW/km

cc:    Robert W. Biela, Esq.
       Nick S. Williams, Esq.
       Katherine Bornstein, Esq.
       Ashley R. Hurst, Esq. (via email)
       Kerri A. Gildow, Esq. (via email)
       Hunter Hughes, Esq. (via email)
       Robert Shapiro, Esq. (via email)