# EXHIBIT N

**From:** Ruddick, Susan [mailto:SRuddick@proskauer.com] **On Behalf Of** Bloom, Elise M.
**Sent:** Monday, June 23, 2008 3:49 PM
**To:** Gerald D. Wells
**Subject:** Eng-Hatcher v. Sprint Nextel Corporation

Jerry:
Thank you for your email. Please be advised as follows:

1. <u>Kansas Deposition</u>
Our designatee is Wendy Savlin. Her title is Employee Experience Manager, II. As we are sure you are aware, however, her title is not relevant -- she is a 30(b)(6) witness and the issue is whether she is educated on the issue(s) for which she is being designated. Per our earlier correspondence, she is available Wednesday afternoon or Thursday morning.

With regard to the scope of the deposition, you have requested someone to testify on the following topics: (i) Defendants' procedures for investigating complaints of off-the-clock work, (ii) how such complaints are processed, (iii) what corrective action, if any, the Company has taken as a result of such complaints, and (iv) information concerning actual complaints of off-the-clock work from across the country. To be clear, we do not believe these topics were encompassed by your original 30(b)(6) notice. Nevertheless, Ms. Savlin will be prepared to testify about items (i) and (ii). As to (iii) and (iv), pursuant to our earlier correspondence, there is no one person who could testify about these issues since they are, in large part, anecdotal. To unearth the anecdotal information -- to the extent it exists -- those two requests would require us to review and unduly burdensome number of files. However, Ms. Savlin has spoken to a number of individuals within the Company nationally, and will be able to provide testimony generally on these two (2) topics.

With regard to documents, you will have tomorrow morning a CD with the helpline calls for all of New York from April of 2005 forward.

Please let us know whether you want to proceed on Wednesday afternoon or Thursday morning and whether you will be proceeding in person or by videoconference or telephone so that we can make the proper arrangements. We will need this information by noon tomorrow.

2. <u>30(b)(6) Deposition on the Duties of Retail Store Managers, Regional Sales Managers and District Managers</u>
We disagree that Mr. Galluccio is not an appropriate 30(b)(6) on this topic. His "personal knowledge" is not the relevant barometer. He was prepared to testify, and did testify on these topics, consistent with Ms. Hurst's May 22, 2008 and to the extent questions were actually asked. Mr. Galluccio is not available on Friday. However, we are in the process of identifying an appropriate substitute so that the deposition can be taken on Friday as per your request. We will notify you as soon as we have identified that person.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication

(including any attachments) was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure. If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them. Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.

==========================================================================