# EXHIBIT Q

| | |
|---|---|
| **From:** | Bloom, Elise M. [ebloom@proskauer.com] |
| **Sent:** | Tuesday, June 24, 2008 5:08 PM |
| **To:** | Gerald D. Wells |
| **Cc:** | Hurst, Ashley R.; Hughes, Hunter R.; Ed Ciolko; Robert Gray; Nick Williams; Katherine Bornstein; Michelle A. Coccagna; Jason Conway |
| **Subject:** | RE: Eng-Hatcher: 30(b)(6) Depositions |

Jerry,

This will confirm that Derek Bailey's deposition will go forward on Thursday June 26th at 9:30 a.m. central time on Topic 3.

As to Ms. Savlin, the entire inquiry is beyond the scope of the 30 (b)(6) notice. Therefore, anything we are doing is an accommodation to you. Nothing in our our position is inconsistent. We have set forth what she is prepared to testify about within the 4 subparts that you requested. The scope of her testimony is in no way impacted by the document production. She remains able to testify as previously represented. Let us know by 6 p.m. tonight whether you intend to go forward on Thursday at 9:30 am. with her deposition. If you intend to proceed by video, please provide us with the details and logistical contact information and confirm that you can arrange for videoconferencing for that deposition at this time.

As to the documents, we believe that our production is more than sufficient. First and foremost, Ms. Eng-Hatcher has never claimed that she made a complaint. Thus, the entire area of inquiry is not relevant. As we told you in our letter of June 23, 2008 there were two centralized sources for actual complaints. We checked both for New York. There was nothing in the ethics hotline. We gave you the relevant complaints from the Helpline. In terms of the time frame, that is the time frame for data that can be searched. We believe that data prior to April of 2005 is not in a searchable format.

Elise M. Bloom | PROSKAUER ROSE LLP
Member of the Firm
1585 Broadway | New York, NY 10036-8299
v: 212.969.3410 | f: 212.969.2900
ebloom@proskauer.com | www.proskauer.com

---

**From:** Gerald D. Wells [mailto:gwells@sbtklaw.com]
**Sent:** Tuesday, June 24, 2008 4:22 PM
**To:** Bloom, Elise M.
**Cc:** Hurst, Ashley R.; Hughes, Hunter R.; Ed Ciolko; Robert Gray; Nick Williams; Katherine Bornstein; Michelle A. Coccagna; Jason Conway
**Subject:** RE: Eng-Hatcher: 30(b)(6) Depositions

Elise,

This email follows up on our conversation of earlier today.

I note for the record that Defendants' discovery position to date is wildly inconsistent. On the one hand, you have limited Defendants' document production to complaints via the helpline occurring only in NY and only from April 2005 to present. Yet, on the other hand, Defendants' proposed 30(b)(6) designee is prepared to speak to nationwide complaints -- not just ones from NY from April 2005 to present. To date, Defendants have failed to explain this inconsistency. Obviously, this inconsistency obstructs Plaintiff's ability to properly question the designee regarding complaints by Sales Representatives on a nationwide level -- the central issue of this litigation.

Nevertheless, as we discussed, Plaintiff is prepared to proceed with the deposition of Ms. Savlin provided that (i) Defendants agree to produce Ms. Savlin (or an appropriate designee) again after a ruling from the Court regarding Defendants' improper temporal and geographic limitations on documents produced or (ii) Defendants agree that Ms. Savlin's deposition testimony is limited in scope to the geographic and temporal parameters of Defendants' document production of earlier today with production of a nationwide 30(b)(6) designee after Defendants cure their deficient document production. Absent an agreement on either of these points (and I leave it to Defendants to choose), Plaintiff believes that, in the interest of conserving the parties' resources, we should hold this deposition in abeyance until we receive a ruling from the Court regarding Defendants' deficient production.

As we stated on the call, Plaintiff will be proceeding on Thursday with the deposition of your recent designee (Derek Bailey) to augment Mr. Galluccio's deposition testimony. Unless you agree to the above regarding the scope of Ms. Salvin's designation, we will now like to proceed with Mr. Bailey's deposition via video conferencing (per your prior offering and in order to conserve the parties' resources).

Jerry

---

**From:** Ruddick, Susan [mailto:SRuddick@proskauer.com] **On Behalf Of** Bloom, Elise M.
**Sent:** Tuesday, June 24, 2008 3:18 PM
**To:** Gerald D. Wells
**Subject:** Eng-Hatcher: 30(b)(6) Depositions

Dear Jerry:
In response to your email regarding the 30(b)(6) depositions, please be advised as follows:
1.   Wendy Savlin: Ms. Savlin will be available Thursday morning in Kansas City at 9:30 a.m. to be examined pursuant to my June 23, 2008 email.

2.   Topic No. 3: While we continue to disagree with your characterization of Mr. Galluccio's testimony and the limitations placed on that testimony, we have agreed to designate an additional individual for Topic 3, specifically, the job duties of Retail Store Managers, Regional Sales Managers and/or District Managers. That individual is Derek Bailey. He is the Director of Sales Operations and will be available, pursuant to your request, on Thursday at 9:30 a.m. in Kansas City.

Please confirm these depositions by no later than 5:00 p.m. today.
The depositions will be held at 6360 Sprint Parkway in conference rooms IC555 and IC603. Please provide this information to your court reporters. Also, please send me the name(s) of the attorneys who will be attending so that I can make the appropriate arrangements.

Finally, you should have received a CD with 1300 additional documents this morning.

************************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

************************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and

protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

============================================================================


************************************************************
To ensure compliance with requirements imposed by U.S.
Treasury Regulations, Proskauer Rose LLP informs you that
any U.S. tax advice contained in this communication
(including any attachments) was not intended or written to
be used, and cannot be used, for the purpose of (i)
avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing or recommending to another party any
transaction or matter addressed herein.

************************************************************
This message and its attachments are sent from a law firm
and may contain information that is confidential and
protected by privilege from disclosure. If you are not the
intended recipient, you are prohibited from printing,
copying, forwarding or saving them. Please delete the
message and attachments without printing, copying,
forwarding or saving them, and notify the sender
immediately.

============================================================================