**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MELISSA ENG-HATCHER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT NEXTEL CORPORATION; SPRINT/UNITED MANAGEMENT COMPANY; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 07-CV-7350 (BSJ) (KNF)<br><br>**REPLY IN FURTHER SUPPORT OF MOTION TO COMPEL DISCOVERY FROM DEFENDANTS** |

Plaintiff Melissa Eng-Hatcher ("Plaintiff"), by her undersigned counsel, respectfully submits the following reply in further support of her motion, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, to compel discovery from Defendants Sprint Nextel Corporation and Sprint/United Management Company (collectively, "Sprint" or "Defendants").

**A.   The Discovery Plaintiff Seeks is Not Premature**

Plaintiff alleges, on behalf of herself and a putative class of other Sprint employees that she was required to work without being compensated for all hours, in violation of state and federal law. *See generally*, Complaint. Plaintiff served discovery, including interrogatories, a request for production of documents and a notice of deposition pursuant to FED. R. CIV. P. 30(b)(6) in order to gather the extremely limited amount of evidence needed to have her classes certified.[1] Defendants take the position that Plaintiff is not entitled to certain discovery unless

---

[1] Plaintiff notes that she is not required to prove the merits of her allegations under 29 U.S.C. 216(b) or FED. R. CIV. P. 23 at the certification stage. Plaintiff respectfully submits that she has submitted a sufficient amount of evidence for the Court to properly certify her claims under both class devices. *See* Memorandum Of Law In Support Of Plaintiff's Motion For (1) Conditional Collective Certification; (2) Court Authorized Notice; and (3) Production of Names and

and until Plaintiff first obtains certification of her proposed classes by the Court. It would thus be patently unfair (and disingenuous) for Defendants to claim that Plaintiff cannot certify a national collective action based on lack of evidence of nationwide complaints while, at the same time, asserting that Plaintiff is not entitled to nationwide evidence of Defendant's failure to pay employees for all hours worked. In short, the limited nationwide discovery Plaintiff seeks at this stage is not premature; Plaintiff is entitled to it at this time.

The fact that the Court has not yet certified Plaintiff's proposed collective class does not mean that she is precluded from discovery on nationwide issues. The single case Defendant cites for this proposition, *Searson v. Concord Mortgage Corp.*, No. CV 07-3909 (DRH) (ARL), 2008 WL 961624 (E.D.N.Y. Apr. 8, 2008),[2] does not compel a contrary result. In *Searson*, the Court noted that at the first stage of conditional certification, the Court examines only the "pleadings and affidavits" to determine whether class members are similarly situated, and declined to compel defendants to turn over the names and addresses of potential plaintiffs before conditional certification.[3] *Id*. at *1. Here, the information Plaintiff seeks (notably, Plaintiff has not moved

---

Addresses Pursuant to 29 U.S.C. § 216(b) and Plaintiff's Memorandum Of Law In Support Of Motion For Class Certification (Dkt. Nos. 37 and 39, respectively).

[2] Defendant erroneously cites this Order from the Southern District of New York; this case is pending in the *Eastern* District of New York.

[3] In contrast, many courts do permit pre-certification discovery of class member names and addresses. *See, e.g.*, *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 673 (D. Kan. 2003) (ordering production of list of co-workers pre-certification); *Kane v. Gage Merch. Servs., Inc.*, 138 F. Supp. 2d 212 (D. Mass. 2001) (granting motion directing defendant to provide names and addresses of its employees); *Tucker v. Labor Leasing, Inc.*, 155 F.R.D. 687 (M.D. Fla. 1994) (plaintiffs motion to compel names of employees granted); *Stillman v. Staples, Inc.*, Civ. No. 2:07-cv-00849 (D.N.J. July 30, 2007) (compelling defendant, pre-certification, to produce to plaintiffs the names, addresses, positions and titles of employees with the same or similar job duties as the plaintiff); *Wiegele v. Fed Ex Ground Pkg. Sys.*, No. 06-CV-01330, 2007 WL 628041 (S.D. Cal. Feb. 8, 2007) (approving plaintiffs' motion to compel list of employees without certification); *Bryan Pepe v. Accredited Home Lenders*, Civ. No. 2:06-cv-01225 (W.D.

to compel the production of names and addresses of potential class members) is relevant to the issues before the Court. This is especially true in light of the fact that Defendants argue for the application of the second level of scrutiny in their response to Plaintiff's motion for collective certification. *See* Defendants' Response To Plaintiff's (1) Motion For Conditional Collective Certification and (2) Motion For Class Certification, pp. 24-26 (Dkt. No. 51). Consequently, Defendants should not be permitted to withhold this clearly discoverable information.

**B.    Plaintiff's Discovery Requests Are Reasonably Calculated to Lead to the Discovery of Admissible Evidence and Are Not Unduly Burdensome**

Defendants have failed to carry their burden in showing that the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence and/or overly

---

Pa. May 14, 2007) (ordering defendant to provide answers to interrogatories requesting contact information for co-workers pursuant to discovery request in FLSA action); *Darryl Allen v. Accredited Home Lenders*, Civ. No. 3-06-0921 (M.D. Tenn. Apr. 23, 2007) (ordering defendant in FLSA action to provide names of co-workers, finding them relevant to the claims asserted); *Donahay v. Palm Beach Tours & Transp.*, Order 1, 2007 WL 1119206, *1 (S.D. Fla. Apr. 16, 2007) (granting plaintiffs' motion to compel list of those individuals similarly-situated); *Donahay v. Palm Beach Tours & Transp.*, Order 2, 2007 WL 1119208, *1 (S.D. Fla. Apr. 16, 2007) (granting motion to compel response to interrogatories seeking identity of those similarly-situated); *Morden v. T-Mobile USA, Inc.*, No. 05-CV-2112, 2006 WL 1727987 (W.D. Wash. June 22, 2006) (granting plaintiffs' motion to compel list of employees without a motion for conditional certification pending in misclassification and "off-the-clock" case); *Barton v. The Pantry, Inc.*, No. 04-CV-00748, 2006 WL 2568462, *2 (M.D.N.C. Aug. 31, 2006) ("The Court recognizes that the named Plaintiffs (including opt-ins to this date) have a present discovery need for the names of potential witnesses who may have information relevant to their individual claims,"); *Bailey v. Ameriquest Mortgage Co.*, No. 01-CV-0545, 2002 WL 100388 (D. Minn. Jan. 23, 2002) (affirming magistrate judge's order compelling discovery of the names and addresses of other account executives similarly-situated to plaintiffs); *Miklos v. Golman-Hayden Cos.*, Inc., No. 99-CV-1279, 2000 WL 1617969 (S.D. Ohio Oct. 24, 2000) (granting motion to compel production of names and addresses of similarly-situated employees of defendant); *Whitworth v. Chiles Offshore Corp.*, No. Civ. 921505, 1992 WL 365153 (E.D. La. Nov. 25, 1992) (affirming magistrate judge's decision granting plaintiff's motion to compel defendant to produce the names and addresses of similarly-situated employees); *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal.App.4th 554, 57 Cal.Rptr.3d 197 (Cal. App. 2d Dist. April 9, 2007) (disclosure of putative class members' contact information did not violate right to privacy); *Koo v. Rubio's Rest., Inc.*, 109 Cal. App. 4th 719, 736 (2003) ("[A]s a general rule, before class certification has taken place, all parties are entitled to "equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties'") (quoting *Atari, Inc. v. Superior Court*, 166 Cal. App. 3d 865, 869 (Cal. Ct. App. 1985).

burdensome. *See, e.g., Lamoureux v. Genesis Pharmacy Svcs., Inc.*, 226 F.R.D. 154, (D. Conn. 2004) ("The objecting party bears the burden of demonstrating 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, [unduly] burdensome or oppressive. . . .'") (quoting *Campagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984)).

The discovery Plaintiff seeks is appropriately discoverable under the standards set forth in the Federal Rules of Civil Procedure. Defendants' argument that nationwide complaints are not calculated to lead to the discovery of admissible evidence ignores the crux of Plaintiff's allegations – that Sprint's national policies and procedures created an environment in which Plaintiff and other similarly situated individuals across the United States were unlawfully required to work "off the clock." Moreover, Defendants' contentions that it would be unduly burdensome to produce nationwide complaints of Retail Sales Consultants who were not paid for all hours worked is not well taken. *See, e.g., Am. Tel. & Tel. Co. v. New York City Human Res. Admin.*, No. 89 Civ. 4569 (PKL), 1991 WL 79461, *5 (S.D.N.Y. May 6, 1991) (noting that a party cannot avoid its discovery obligations merely by invoking an unduly burdensome objection).

The issue of the 30(b)(6) witness and the production of documents in national scope go hand in hand. On June 23, 2008, counsel for Plaintiff e-mailed counsel for Defendants and noted, "Obviously, we do not believe it would be an appropriate use of resources to proceed with the tentative deposition in Kansas without the production of all documents related to complaints prior to the 30(b)(6) deposition on that topic area." *See* June 23, 2008 e-mail to Elise M. Bloom from Gerald D. Wells, III, attached to Plaintiff's Memorandum of Law In Support Of Motion To

Compel Discovery From Defendants ("Plaintiff's Memorandum"), Exhibit C. Defense counsel's response, which was set forth in Plaintiff's Memorandum at p.5, was obviously not satisfactory. Further, Plaintiff's request was well within the scope of Rule 26's standards for discoverable information.

Indeed, after some negotiation between the parties, Plaintiff limited her 30(b)(6) request to a designee who would testify regarding: "(i) Defendants' procedures for investigating complaints of off-the-clock work, (ii) how such complaints are processed, (iii) what corrective action, if any the Company has taken as a result of such complaints, and (iv) information concerning actual complaints of off-the-clock work from across the country." *See* June 23, 2008 e-mail to Elise M. Bloom from Gerald D. Wells, III, attached to Plaintiff's Memorandum, Exhibit C. This information is germane to Plaintiff's allegations and should be produced. The Second Circuit recognizes the importance of and encourages the liberal application of the discovery rules:

> The harshness of the remedy is exacerbated when the trial court refuses to allow plaintiff to conduct discovery. Discovery serves important purposes, such as avoiding surprise, fully disclosing the nature and scope of the controversy, narrowing, simplifying, and framing the issues involved, and enabling parties to obtain the factual information needed to prepare for trial. 8 C. Wright & A. Miller, Federal Practice and Procedure § 2001 (1970). Rules governing discovery should be interpreted broadly to achieve those purposes. *See, e.g., Schlesinger Inv. P'ship v. Fluor Corp.*, 671 F.2d 739, 742 (2d Cir. 1982) ("The federal rules evince a liberal policy with regard to discovery in order to allow litigants to secure helpful evidence from the hands of their adversaries.").

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith*, 756 F.2d 230, 236 (2d Cir. 1985). *See also, Daval Steel Prods v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991) ("this obviously broad rule is liberally construed").

Plaintiff's discovery requests are appropriate in scope. "According to Rule 26(b)(1) of the Federal Rules of Civil Procedure, '[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action [if] it relates to the claim or defense of the party seeking discovery . . . ." *Am. Tel. & Tel. Co.*, 1991 WL 79461 at *5. As described above, the national complaints and procedures Plaintiff seeks are relevant to her claims of a national pattern of requiring overtime work without compensation.

In *Messa v. Woods*, No. 9:07-cv-0306 (DNH/DEP), 2008 WL 2433701 (N.D.N.Y. June 12, 2008), the plaintiff moved to compel the defendant to produce evidence of complaints of other allegations of excessive force by certain prison officials. The court granted (a slightly narrowed version of) the request, noting that in the section 1983 context, this type of evidence is likely to lead to the discovery of admissible evidence. *Id*. at *3, n. 2 (listing cases); *see also, Malsh v. New York City Police Dep't*, No. 92 Civ. 2973, 1995 WL 217507, at *1-2 (S.D.N.Y. Apr. 11, 1995) (discovery of prior complaints and disciplinary actions against defendants was relevant to show "pattern, intent, absence of mistake, etc.") (quoting *Ismail v. Cohen*, 899 F.2d 183, 188 (2d Cir. 1990)).

Moreover, Plaintiff's requests are not unduly burdensome. Indeed, Defendants themselves have admitted that these documents were maintained in an electronically searchable format for at least part of the Class Period. *See* June 24, 2008 e-mail from Elise M. Bloom to Gerald D. Wells, III, attached to Plaintiff's Memorandum, Exhibit C. Modern technology allows for these documents to be produced with relative ease and minimal expense, and in accordance with the revisions to the Federal Rules of Civil Procedure concerning electronic discovery. *See* Advisory Committee Notes to 2006 Amendment to FED. R. CIV. P. 34(A) ("Rule 34(a) is amended to confirm that discovery of electronically stored information stands on equal footing

with discovery of paper documents."). *See also, Melendez v. Greiner*, No. 02 Civ. 7888, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003) ("Materials responsive to a discovery request will not be protected based on a claim of undue burden, unless the volume and time involved in production of the requested material are excessive.").

Finally, it is unlikely that the "hold notices" Plaintiff seeks are protected by the attorney-client privilege. Plaintiff seeks "hold notices" for instances of other employees' off the clock complaints. This information is relevant to show other instances of employees' complaints with respect to Defendants' policies that result in the unlawful underpayment of Sprint employees. To the extent communications were made between an attorney and a client, such documents could be produced with the privileged portion redacted. If, on the other hand, these documents do not constitute communications between an attorney and a client, they should be produced.

**C.     Plaintiff's Motion is Not Untimely**

Plaintiff's motion to compel was timely filed. There is no requirement in FED. R. CIV. P. 37 that a motion to compel be filed within a particular time. However, there is a requirement that "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). Further, "[a] motion to compel may be filed after the close of discovery." *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) (motion to compel filed seventy-six (76) days after the close of discovery). *Accord, In re Enron Corp.*, 349 B.R. 115, 125-26 (Bankr. S.D.N.Y. 2006).

As is demonstrated through the voluminous correspondence submitted by both Plaintiff and Defendants, the parties were working, up through and past the end of the discovery period, to resolve their discovery disputes among themselves. Indeed, they were able to resolve a

number of issues. For example, Defendants produced an additional 30(b)(6) witness (Derek Bailey) to testify with respect to certain issues where Mark Gallucio's deposition testimony had fallen short. These efforts, initiated by Plaintiff, resulted in the narrowing of outstanding discovery disputes. Thereafter, Plaintiff sought an informal conference with the Court to expedite resolution of the outstanding discovery issues.

Because of the relatively abbreviated discovery period, the parties continued the meet and confer process beyond the end of the discovery period. The good faith negotiations appeared to be fruitful, but at a certain point, it became clear that the parties were entrenched with respect to the particular positions that are the subject of Plaintiff's motion to compel. Plaintiff filed her motion shortly after the impasse was reached and only 24 days beyond the end of the discovery period. Moreover, the motion to compel was made well in advance of trial and dispositive motions; Defendants will not suffer any prejudice if the motion is granted.

The cases Defendants cite are distinguishable and inapposite. In *Cramer v. Fedco Automotive Components Co., Inc.*, No. 01-CV-0757E (SR), 2004 WL 1574691 (W.D.N.Y. May 26, 2004), the court denied plaintiffs' motion to compel (which came on the last day of a ten month discovery period) because (i) certain requests were mooted as a result of the court's denial of plaintiffs' motion to amend to add additional parties; (ii) certain requests were served on the same day as the motion to compel was filed, thus there was no good faith effort to resolve the disputes; and (iii) plaintiffs exceeded the number of interrogatories permitted by FED. R. CIV. P. 33(a). In *Rosetto v. Pabst Brewing Co.*, 217 F.3d 539 (7th Cir. 2000), the plaintiffs' motion to compel was filed *two months* after the close of the discovery period. In *Audi AG v. D'Amato*, 469 F.3d 534 (6th Cir. 2006), the Court affirmed the rejection of defendant's Rule 56(f) Affidavit

where the discovery he sought was a 30(b)(6) deposition, which notice was first faxed to opposing counsel after the close of business on the last day of the discovery period.

In short, Defendant has failed to provide any sound basis for denying Plaintiff's extremely limited discovery motion.

**D.     Conclusion**

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant her motion to compel.

DATED:     Radnor, Pennsylvania
           July 28, 2008

                                        Respectfully submitted,


                                         /s/Gerald D. Wells, III
                                        Gerald D. Wells, III, Esq. (*pro hac vice*)
                                        Robert J. Gray, Esq. (*pro hac vice*)
                                        Nick S. Williams, Esq. (NW-5946)
                                        Robert W. Biela, Esq. (*pro hac vice*)
                                        Schiffrin Barroway Topaz & Kessler, LLP
                                        280 King of Prussia Road
                                        Radnor, PA  19087
                                        610-667-7706

                                        -and-

                                        Robert J. Shapiro, Esq. (RS-3220)
                                        Jonathan S. Shapiro, Esq. (JS-3068)
                                        The Shapiro Firm, LLP
                                        500 Fifth Avenue, 14th Floor
                                        New York, NY  10110
                                        212-391-6464

                                        Counsel for Plaintiff