PROSKAUER ROSE
Elise M. Bloom, Esq.
Gregory I. Rasin, Esq.
1585 Broadway
New York, New York 10036
Tel. (212) 969-3000
Fax (212) 969-2900

ROGERS & HARDIN LLP
Hunter R. Hughes, Esq.
J. Timothy Mc Donald, Esq.
Ashley R. Hurst, Esq.
2700 International Tower
Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA 30303
Tel. (404) 522-4700
Fax. (404) 525-2224

Attorneys for Defendants
Sprint Nextel Corporation
And Sprint/United Management
Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MELISSA ENG-HATCHER, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 07-CIV-7350(BSJ)(KNF) |
| SPRINT NEXTEL CORPORATION; and DOES 1 through 10, inclusive, | ) ) ) ) ) | **Defendants' Memorandum in Support of Motion for Permission to File a Sur-Reply** |
| Defendants. | | |

# DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PERMISSION TO FILE SUR-REPLY

Defendants request leave to file a short sur-reply to respond to additional documents Plaintiff submitted for the first time with her reply brief in support of her motions for conditional collective and class certification.[1] (Pl. Reply [Dkt. No. 59] at 17.) Defendants can address the newly submitted evidence in eight pages or less.

Sur-replies are appropriate when the moving party submits new evidence with its reply brief. See Becker v. Ulster County, 167 F. Supp. 2d 549, 555 n.1 (N.D.N.Y. 2001) (permitting a sur-reply where the moving party raised a new contention in its reply brief, noting that "[w]here new evidence is presented in a party's reply brief or affidavit in further support of its summary judgment motion, the district court should permit the nonmoving party to respond to the new matters prior to the disposition of the motion"); Davidson v. Scully, 172 F.Supp.2d 458, 464 n.3 (S.D.N.Y. 2001) (permitting defendants' sur-reply where it was "helpful and indeed necessary for defendants to respond to the new evidence" submitted in the plaintiff's reply brief).

---

[1] On July 11, 2008, Plaintiff filed her motions for class certification and conditional certification of a collective action this case. [Dkt. Nos. 37, 39.] On July 25, 2008, Defendants filed their response to Plaintiff's motions. [Dkt. No. 51.] On August 6, 2008, Plaintiff filed her reply brief in support of her motion for class and conditional certification. [Dkt. No. 59.]

By not including the newly submitted evidence with the original motion, the moving party denies the responding party the opportunity to respond to such evidence in its response. Permitting Defendants to file a sur-reply remedies this problem. See Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G., 215 F.3d 219, 227 (2nd Cir. 2000) (noting that a sur-reply can remedy the injustice resulting when a new affidavit is submitted with a reply brief).

Here, in conjunction with her reply, Plaintiff filed a new declaration attaching an e-mail and a memorandum that she did not discuss, mention, or submit with her original motions for class and conditional certification. (Pl. Reply [Dkt. No. 59] at 17.) Plaintiff obtained the newly-submitted documents during discovery and thus possessed them at the time she filed her original motions. She has offered no reason why these documents were not included or discussed in her original motions.

Furthermore, she is not using these documents to respond to a new issue raised in Defendants' response brief.[2] Plaintiff uses these documents to support an argument she advanced in her moving papers-- that Sprint allegedly had a nationwide *de facto* policy of prohibiting or eliminating overtime. (Pl. Reply [59]

---

[2] See Travelers Ins. Co. v. Buffalo Reinsurance Co., 735 F. Supp. 492, 495 (S.D.N.Y. 1990), vacated in part on other grounds, 739 F. Supp. 209 (S.D.N.Y. 1990) ("The moving party may address in his reply papers new issues raised in the opposition papers so as to avoid giving an unfair advantage to the answering party who took it upon himself to argue those previously unforeseen issues.").

3

at 17; Pl. FLSA Mot. [37], at 2-3.) However, her reply brief was the first time Plaintiff made an issue of these documents, and Defendants should be allowed to respond to this newly-submitted evidence.

Finally, Plaintiff's reference to the newly-submitted evidence in her reply overlooks or omits important deposition testimony regarding these documents. Had Plaintiff submitted them with her original motions, Defendants would have had the opportunity to address Plaintiff's contentions regarding these documents. Because they were not submitted at that time, Defendants will be denied the opportunity to respond to all of Plaintiff's evidence without filing a sur-reply. A sur-reply is designed specifically to address the situation presented here. As such, Defendants respectfully request the opportunity to briefly respond to Plaintiff's newly-submitted evidence.

DATED: August 13, 2008.

PROSKAUER ROSE LLP


By:    s/Elise M. Bloom
ELISE M. BLOOM
ebloom@proskauer.com
GREGORY I. RASIN
grasin@proskauer.com
1585 Broadway
New York, New York 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

HUNTER R. HUGHES
hrh@rh-law.com
J. TIMOTHY Mc DONALD
jtm@rh-law.com
ASHLEY R. HURST
arh@rh-law.com
ROGERS & HARDIN LLP
2700 International Tower, Peachtree Center
229 Peachtree Street, N.E.
Atlanta, GA 30303
Telephone: (404) 522-4700
Facsimile: (404) 525-2224

Attorneys for Defendants
Sprint Nextel Corporation and
Sprint/United Management Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MELISSA ENG-HATCHER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SPRINT NEXTEL CORPORATION; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 07-CIV-7350(BSJ)(KNF)<br><br>**Defendants' Memorandum in Support of Motion for Permission to File a Sur-Reply** |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date electronically filed the within and foregoing **"Defendants' Memorandum in Support of Motion for Permission to File a Sur-Reply"** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

DATED: August 13, 2008.

By:   s/Elise M. Bloom
Elise M. Bloom
PROSKAUER ROSE LLP
1585 Broadway
New York, New York 10036
Telephone: (212) 969-3000

Facsimile: (212) 969-2900
ebloom@proskauer.com