UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
                                  :

MELISSA ENG-HATCHER, on behalf,
of herself and all others similarly situated,   :

            Plaintiffs,        :             **MEMORANDUM AND ORDER**

            -against-        :           07 Civ. 7350 (BSJ)(KNF)

SPRINT NEXTEL CORP., et al.,       :

            Defendants.     :
-----------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## BACKGROUND

On August 17, 2007, Melissa Eng-Hatcher ("Eng-Hatcher") brought this action, on behalf of herself and all others similarly situated, against Sprint Nextel Corporation, Sprint/United Management Company, and Does 1 through 10, inclusive, for violations of the Federal Labor Standards Act of 1938, 29 U.S.C. § 201-219, as amended, the New York Labor Law and the New York State Labor Department's Codes, Rules and Regulations.  On October 9, 2007, the plaintiff amended her complaint.  On Feburary 29, 2008, the Court ordered, <u>inter alia</u>, that "all discovery, of whatever nature, respecting whether the plaintiff is similarly situated to other prospective plaintiffs, must be initiated so as to be completed on or before May 21, 2008."  Thereafter, on May 20, 2008, the parties requested and the Court granted an extension of the discovery deadline to June 20, 2008.  In letters dated June 20 and June 26, 2008, the plaintiff made requests for: (i) an informal conference with the Court to address outstanding discovery disputes; and (ii) "a

1

modification of the Court's May 20, 2008 Order setting forth dates for the close of class

discovery and a briefing schedule for class/collective certification." The requests were denied by

the Court. Before the Court is the plaintiff's motion, made pursuant to Fed. R. Civ. P. 37(a), to

compel the defendants to: (1) produce a witness, pursuant to Fed. R. Civ. P. 30(b)(6), qualified

to testify about the nationwide complaints by retail sales consultants against the defendants

concerning the defendants' failure to pay them all hours worked during the proposed class action

period; and (2) disclose documents concerning those nationwide complaints, "hold notices," and

"national ethics hotline complaints." The defendants opposed the plaintiff's motion.

## DISCUSSION

"A district court has broad discretion to manage pre-trial discovery." Wood v. F.B.I.,

432 F.3d 78, 84 (2d Cir. 2005). Fed. R. Civ. P. 16 requires a district judge or a magistrate judge,

when authorized by local rule, to issue, within the time prescribed, a scheduling order limiting

the time to file motions and complete discovery. See Fed. R. Civ. P. 16(b). "A schedule may be

modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A

"finding of 'good cause' depends on the diligence of the moving party." Parker v. Columbia

Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). Thus, a party seeking modification must

demonstrate that, despite its diligent efforts, the schedule could not have reasonably been met.

See Fed. R. Civ. P. 16, Advisory Committee Notes, 1983 Amendment; Tschantz v. McCann,

160 F.R.D. 568, 571 (N.D. Ind. 1995). "The Magistrate's Scheduling Order is not a frivolous

piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."

Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985).

Fed. R. Civ. P. 37(a)(1) provides that "a party may move for an order compelling disclosure or discovery." More specifically, Fed. R. Civ. P. 37(a)(3)(B)(ii) provides that a party may move for an order compelling designation if a corporation fails to make a designation under Fed. R. Civ. P. 30(b)(6). Fed. R. Civ. P. 30(b)(6) provides in pertinent part, that, upon a notice of the deposition to a corporation, describing with reasonable particularity the matters for examination, the corporation must designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf and "[t]he persons designated must testify about information known or reasonably available to the organization."

The plaintiff contends she noticed Fed. R. Civ. P. 30(b)(6) depositions on June 5, 2008, after notifying the defendants, on May 19, 2008, about the intended topics of inquiry.[1] She also asserts that, on May 22, 2008, the defendants designated "witnesses for each topic subject to

---

[1] The plaintiff's letter to the defendants, dated May 19, 2008, states:
The general areas to be covered during the [Fed. R. Civ. P.] 30(b)(6) deposition include but are not limited to:
1) The Company's compensation policies, practices and procedures with regard to its Sales Representatives (as the term is defined in Plaintiff's Amended Complaint);
2) The job duties and responsibilities of Sales Representatives;
3) The duties and responsibilities of Sprint's Retail Store Managers, District Managers and Regional Managers concerning oversight and supervision of retail store budgets, labor management, allocation of labor hours, and review and/or adjustment of time records;
4) The compensation policies, practices and procedures for Sprint's Retail Store Managers, District Managers and Regional Managers;
5) The time-keeping policies, practices and procedures for Sprint's Sales Representatives including: how and when hours are reported, confirming and verifying time records, overtime, recording time for meal and rest breaks, audits of time records, etc.;
6) The time keeping systems used by Sprint to record the hours worked by Sales Representatives including: the systems used, the job titles of those with access to the time-keeping systems, etc.;
7) The operation, management and supervision of Sprint's retail store locations.

certain limitations." The plaintiff maintains the depositions were conducted between June 13 and June 19, 2008, and "some documents" were produced. Subsequently, according to the plaintiff, an agreement was reached by the parties that the defendants produce an additional witness who would address "the duties of certain types of Defendants' employees on a national basis," more specifically: (a) the defendants' "procedures for investigating complaints of off-the-clock work;" (b) "how such complaints are processed;" (c) "what corrective action, if any, the [defendants] ha[ve] taken as a result of such complaints;" and (d) "information concerning actual complaints of off-the-clock work from across the country (the 'complaints designee')." The plaintiff contends that, two days before a deposition of the additional witness, the defendants produced "1,400 pages of records regarding complaints received via one of the hotlines, but only stores in New York, and only since April 2005." According to the plaintiff, the defendants' proposed designee "was prepared to speak to nationwide complaints–not just complaints from New York from April 2005 to the present," and she is entitled to documents concerning nationwide complaints against the defendants in order "to conduct proper examination of Defendants' 'complaints' designee." As a result, the plaintiff maintains, she "was forced to postpone [the] deposition [of the additional witness] while she sought intervention by the Court," because she "believes that she is entitled to a complete production of documents in advance of deposing defendants' complaints designees."

The defendants contend that, on May 14, 2008, they responded to the plaintiff's request No. 17[2] for production of documents relating to complaints made by her or any sales

---

[2] The plaintiff's request No. 17 for document production states:
Provide copies of all documents relating to any oral or written inquiries, grievances or complaints made by Plaintiff and/or any Sales Representative, relating to Defendants'

representatives with respect to the defendants' method and practices of recording the hours

worked by them during the last six years, including documents concerning the defendants'

complaint policies, handbooks or manuals.   According to the defendants, based on their

objection to the scope of request No. 17,[3] they limited their response to request No. 17 to the two

stores in which the plaintiff was employed.   The defendants contend that, although the plaintiff

responded to the defendants' objections and document production, on June 12, 2008, she failed

to object specifically to the defendants' response to her request No. 17.   Additionally, on June 19,

2008, "one day before discovery was set to close," the plaintiff sought, for the first time,

disclosure of any "hold notices" regarding complaints from sales representatives arising from the

defendants' failure to compensate them for all hours worked.   The defendants believe these

communications are protected from disclosure by the attorney-client privilege.

      The defendants maintain that, on June 16, 2008, the plaintiff raised an objection to the

scope of the defendants' timekeeping designee, stating the defendants failed to produce a witness

---

methods and practices of recording and/or calculating the hours worked by Sales
Representatives during the last six years, including any and all documents relating to
Defendants' grievances and/or complaint policies, handbooks or manuals.

[3] The defendants' response to the plaintiff's request No. 17 states:
Sprint asserts the Vagueness, Relevancy, Overbreadth, and Undue Burden Objections.
This request is vague to the extent that "inquiries" and "grievances" are not defined.
Furthermore, Plaintiff's request for all documents relating to "oral or written inquiries" or
"grievances" made by any Retail Store Consultant relating to Defendants' methods and
practices of recording and/or calculating the hours worked is overbroad.  Specifically, this
request would include documents related to questions by Retail Store Consultants
regarding how to change their password in Sprint's timekeeping system, or computer or
typographical errors on paychecks or commissions statements.  Furthermore, to date,
Plaintiff's allegations, including her deposition testimony and discovery responses, in this
case relate solely to the two stores at which she worked, Stores 160 and 1185.  Subject to
and without waiving its general and specific objections, Sprint will produce documents
responsive to this Request with respect to Stores 160 and 1185, to the extent any exist.

"who can testify competently about complaints received nationally with respect to off-the-clock work and/or improper alteration of time records."   According to the defendants, although the plaintiff's deposition notice "had not requested testimony on such topic," and despite the fact that the witnesses already deposed testified about the defendants' "complaint process," the parties agreed that the defendants would produce a "witness to testify after the discovery period closed" about the defendants' "procedures for investigating a complaint regarding off-the-clock work." Nevertheless, the defendants contend, on June 19, 2008, within hours after the plaintiff agreed to the defendants' intended designee, she modified the topic on which she wished the new designee to testify, seeking testimony about: (i) "Defendants' procedures for investigating complaints of off-the-clock work;" (ii) "how such complaints are processed;" (iii) "what corrective action, if any, [the defendants have] taken as a result of such complaints;" and (iv) "information concerning actual complaints of off-the-clock work from across the country."   Moreover, the defendants contend, their designee "was prepared to speak nationally only in general terms, not with regard to particular instances of discipline or particular complaints," because, those instances are," in large part, anecdotal," and to uncover them would require the defendants to review an unduly burdensome number of files from all of their stores around the country.   The defendants argue that the plaintiff's motion should be denied: (1) as untimely, because it was made outside of the discovery period, and the plaintiff provided no explanation or excuse for the delay; (2) as premature, because the discovery she seeks concerns nationwide complaints and her motion to certify a class action has not been yet resolved; (3) on the merits, because it is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and some documents requested are protected from disclosure by the attorney-client privilege.

6

In her June 20, 2008 letter, the plaintiff sought a conference with the Court "to address certain discovery disputes," and a "modification of the discovery schedule." However, the instant motion of the plaintiff abandons her request to modify the discovery schedule and fails to acknowledge that the discovery period, with respect to the requests made in the motion, ended on June 20, 2008. The plaintiff contends her motion is not untimely because no requirement exists in Fed. R. Civ. P. 37 "that a motion to compel be filed within a particular time" and a motion to compel may be filed after the close of discovery. While Fed. R. Civ. P. 37 does not establish any time limits for filing a motion, the plaintiff's motion, filed after discovery had closed, requires the Court to consider modifying the discovery schedule, set forth in the Court's May 20, 2008 scheduling order, which, in turn, imposes a burden on the plaintiff to establish good cause for the modification necessitated by her motion to compel. It is of no avail to the plaintiff, in the circumstance of the instant action, that "the parties were working, up through and past the end of the discovery period, to resolve their discovery disputes." A party who conducts discovery after the discovery deadline has passed and despite multiple denials, by a court, of that party's application for an order extending the discovery deadline, does so at her own peril. The plaintiff makes no citation to any binding authority for the proposition that the parties' communications and activities concerning discovery issues beyond the discovery deadline, where previous requests to modify the scheduling order were rejected by the court, are sufficient to establish good cause for the modification of a scheduling order.

*Motion to Compel a Fed. R. Civ. P. 30(b)(6) Witness*

The "reasonable particularity" with which a party noticing the oral examination of a corporate party must describe the matters of examination, pursuant to Fed. R. Civ. P. 30(b)(6),

establishes the minimum standard that the designated witness must satisfy when answering

questions.  See Detoy v. City and County of San Francisco, 196 F.R.D. 362, 367 (N.D. Cal.

2000).  Any examination, beyond the matters described in the notice, is governed by Fed. R. Civ.

P. 26(b)(1).  See id. at 366-67.  However, an overly broad Fed. R. Civ. P. 30(b)(6) "notice

subjects the noticed party to an impossible task," because, where it is not possible to "identify the

outer limits of the areas of inquiry noticed, compliant designation is not feasible."  Reed v.

Bennett, 193 F.R.D. 689, 692 (D. Kan. 2000).

In the June 16, 2008 letter to the defendants, the plaintiff noted that the defendants failed

to produce a "witness who can testify competently about complaints received nationally with

respect to off-the-clock work and/or improper alteration of time records," and stated, "given that

the central allegation of this case is that Sprint engaged in timekeeping abuse by requiring off-

the-clock work, it strains credulity to argue that Sprint's designee regarding timekeeping

practices nationwide need not know about complaints regarding timekeeping practices

nationwide."  On June 18, 2008, the defendants wrote to the plaintiff, stating they were not

"obligated to produce a witness who could testify about all aspects of the complaint process or

regarding complaints that Sprint may have received because Plaintiff's deposition notice did not

request that Sprint produce a witness on this topic."  More specifically, the defendants wrote to

the plaintiff, "[n]either the word 'complaint' nor anything which can reasonably be interpreted to

include this topic appears in Plaintiff's deposition notice."  In a letter, dated June 19, 2008, the

plaintiff informed the defendants about the topic areas she sought to inquire about during the

examination of the defendants' additional designee, noting that topic areas four and five of her

deposition notice "seek information concerning Defendants' time-keeping and compensation

policies and procedures and, therefore, clearly encompass complaints relating to those policies and procedures."

The Court finds that the defendants' position, that their designee, respecting timekeeping practices nationwide, does not need to know about complaints regarding timekeeping practices nationwide, does not "strain[] credulity," as the plaintiff contends. The defendants are correct that the plaintiff's notice does not mention the word "complaint[s]" or other words or phrases that can be interpreted reasonably to include the procedures for investigating complaints and information pertaining to specific complaints made nationwide. If the plaintiff believes that a mere reference to "etc." is sufficient to put the corporation on notice about the matters to which it needs to prepare its witness to testify, the plaintiff is mistaken. The defendants objected to the use of "etc." in the plaintiff's notice and, in their May 22, 2008 letter, explained what their understanding of the notice was with respect to topic areas four and five. The plaintiff failed to clarify, until June 19, 2008, what other matter was encompassed within topic areas four and five of her deposition notice.

The plaintiff does not explain why she believes that the information about time-keeping and compensation policies and procedures "clearly encompass complaints relating to those policies and procedures." Timekeeping procedures and complaints procedures are not interchangeable terms and one is not implicit in the other. While the plaintiff was free to inquire, of the witnesses already deposed, about the matters concerning the "complaints relating to [time-keeping and compensation] policies and procedures," within the boundaries of Fed. R. Civ. P. 26(b)(1), the designees deposed were not required to know the answers to questions outside the scope of the matters described in the notice. See Detoy, 196 F.R.D. at 367. The scope of the

9

plaintiff's notice, describing that "[t]he general areas to be covered during the 30(b)(6) deposition include but are not limited to" is overly broad, making it impossible for the defendants to identify the limits of the inquiry noticed in order to comply with the designation requirements, imposed on them by Fed. R. Civ. P. 30(b)(6). In fact, the defendants contend, their three designees, already deposed, have testified about the defendants' complaint process. The Court is not warranted in granting the plaintiff's motion to compel production of an additional witness, because the plaintiff did not establish that the defendants failed to make a designation required by Fed. R. Civ. P. 30(b)(6).

Moreover, if, as the plaintiff contends, "the central issue in this action is whether employees were paid for all hours worked," and "any complaints regarding Defendant's time-keeping practices and policies are plainly relevant," it was not diligent of the plaintiff to wait until June 19, 2008, one day before the discovery deadline, to describe with particularity the matter of examination related to the complaints. Therefore, the Court finds that the plaintiff failed to establish good cause for modifying the scheduling order because she did not demonstrate she acted diligently with respect to her Fed. R. Civ. P. 30(b)(6) requests.

*Motion to Compel Production of Documents*

The plaintiff's lack of diligence in pursuing the line of inquiry with respect to the alleged "complaints" related to "off-the-clock" work is also evidenced by her failure to object specifically to the defendants' response to her document request No. 17, in her June 12, 2008 initial objections to the defendants' responses. The plaintiff objected to the scope of the defendants' production to her request No. 17 on June 19, 2008, one day before the discovery deadline. No explanation is provided to the Court to justify this delay, especially in light of the

discovery deadline fast approaching. The plaintiff also failed to explain why she waited until April 3, 2008, more than one month into the three-month class related discovery period, set forth in the Court's February 29, 2008 scheduling order, to serve her first document requests on the defendants.

Additionally, the plaintiff contends, she seeks the production of "hold notices," identified by the designee deposed on June 12, 2008. It does not appear to the Court that the plaintiff acted diligently when she waited until June 19, 2008, one day before the discovery deadline, to request the "hold notices," identified during the June 12, 2008 deposition, even if she first learned about them on June 12, 2008. If, as the plaintiff contends, the "hold notices" are "[t]he information [] clearly encompassed in Plaintiff's document requests," it cannot be said that she acted diligently when she waited until June 19, 2008, to object to the defendants' failure to produce them. The plaintiff provided no reasonable explanation to justify her failure to comply with the scheduling order with respect to the information "clearly encompassed" by her document requests that the defendants failed to produce. Therefore, the plaintiff did not establish good cause for modifying the scheduling order and granting the motion to compel production of documents is not warranted.

**CONCLUSION**

For the reasons set forth above, the plaintiff's motion to compel, (Docket Entry No. 42), made pursuant to Fed. R. Civ. P. 37(a), is denied.

Dated: New York, New York
       August 28, 2008

SO ORDERED:

_Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

11